IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHAEL BAISDEN,                        §
                                        §
             Plaintiff,                 §
                                        §
v.                                      §        CIVIL ACTION NO. H-08-0451
                                        §
I'M READY PRODUCTIONS, INC.,            §
IMAGE ENTERTAINMENT, INC., and          §
A.L.W. ENTERTAINMENT, INC.,             §
                                        §
             Defendants.                §

**<u>MEMORANDUM OPINION AND ORDER</u>**

     Plaintiff, Michael Baisden, brings this action against
defendants, I'm Ready Productions, Inc. (IRP), Image Entertainment,
Inc. (Image), and A.L.W. Entertainment, Inc. (ALW), for copyright
infringement in violation of the Copyright Act, 17 U.S.C.
§§ 106(1)-(4), and for unfair competition, breach of contract, and
unjust enrichment in violation of state law.  Plaintiff seeks an
equitable accounting, damages, a permanent injunction, costs, and
attorney's fees.  Pending before the court are Defendant I'm Ready
Productions, Inc.'s Motion to Dismiss pursuant to Federal Rule of
Civil Procedure 12(b)(6) for failure to state a claim for which
relief may be granted (Defendant's Motion to Dismiss) (Docket Entry
No. 7) and plaintiff's request to file an amended complaint.  For
the reasons explained below, defendant's motion to dismiss will be
granted in part and denied in part, and plaintiff will be allowed

to file an amended complaint within 20 days from the entry of the Memorandum Opinion and Order.

## I.  **Factual Allegations**[1]

Plaintiff alleges that he is the author of four books, including a novel entitled The Maintenance Man (Novel).  Plaintiff alleges that he registered his copyright in the Novel with the United States Copyright Office in 1999 and owns the exclusive rights under copyright with respect to the Novel.  Defendant IRP is a theatrical production company.  Plaintiff alleges that on July 25, 2002, he executed a written contractual agreement with IRP (Agreement), a true and correct copy of which is attached as Exhibit A to plaintiff's Complaint for Damages and Injunctive Relief (Docket Entry No. 1).  Plaintiff alleges that under the terms of the Agreement he granted IRP the exclusive right to produce and tour a Stageplay based on the Novel for three years in exchange for royalties from revenues generated by the Stageplay and associated merchandise.  Plaintiff alleges that he did not grant IRP any other rights to the Novel.

Plaintiff alleges that between July and December 2002, IRP prepared for a tour of the Stageplay during which time he promoted IRP's planned production.  Plaintiff alleges that in December of 2002 the Stageplay tour schedule was announced to the public, that

---

[1]Complaint for Damages and Injunctive Relief, Docket Entry No. 1, pp. 2-5 ¶¶ 7-17.

his website and fan-club newsletter included a full tour schedule showing that it would run in twelve cities, and that the initial tour opened in January of 2003 and continued through May of 2003.

Plaintiff alleges that after the initial tour he was often unaware of the various productions of the Stageplay throughout the country because IRP failed to provide him invoices and/or accountings as required by the Agreement, and that he failed to receive records of revenue from the Stageplay or proceeds from the sale of associated merchandise.  Plaintiff alleges that on July 25, 2005, the Agreement terminated when its three-year term was not extended by either party.  Plaintiff alleges that when the Agreement terminated, he believed that IRP still owed him royalties pursuant to the Agreement, but that since IRP's right to produce the Stageplay under the agreement had ceased, he believed that there were no further productions of the Stageplay.

Plaintiff alleges on information and belief that in about December of 2006, IRP produced a motion picture version of the Stageplay that defendants Image and ALW distribute in DVD form. Plaintiff alleges that in December of 2006 he unsuccessfully sought information about this motion picture from IRP and Image.

## II.  <u>Standard of Review</u>

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the

complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom Cloud v. United States, 122 S.Ct. 2665 (2002).  The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  Id.

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

Swierkiewicz v. Sorema N.A., 122 S.Ct. 992, 997 (2002) (quoting Scheuer v. Rhodes, 94 S.Ct. 1683, 1686 (1974)).  To avoid dismissal pleadings must contain specific, well-pleaded facts, not mere conclusory allegations.  See Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).  Although plaintiffs are required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007), "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely."  Id.

### III.  Analysis

IRP moves the court to dismiss this action because plaintiff has failed to state a claim for which relief may be granted.

**A.    Federal Law Claim:   Copyright Infringement**

IRP argues that plaintiff's copyright infringement claim fails as a matter of law because "[a]lthough Baisden's copyright infringement claim alleges his ownership of the copyright to the Stageplay, it is clear from the pleadings that Baisden is not the owner of that copyright,"[2] and because plaintiff cannot recover damages for breach of contract and copyright infringement that arise from the same conduct.[3]  In support of this argument, IRP cites ¶ 3 of the Agreement, which provides that

> [p]roducer agrees to create an original play script together with associated music and lyrics based on the Novel.  Producer owns and shall retain the sole and exclusive copyright to the Stageplay and publishing rights to the associated music and lyrics.  These copyright and publishing rights are limited to the play script and associated music and lyrics created by the Producer.[4]

Plaintiff responds that "[u]nder the Agreement, [he] licensed, not assigned or transferred, certain limited rights to IRP for a three-year period,"[5] that "[t]he parties further agreed that [he, i.e., plaintiff] could "convey motion picture rights to the Novel

---

[2]Defendant's Motion to Dismiss, Docket Entry No. 7, p. 9.

[3]Id. at 8-10.

[4]Agreement Regarding Ownership of Rights Associated With the Writing of the Stageplay and Live Performance Production of The Maintenance Man (Agreement), Exhibit A attached to Complaint for Damages and Injunctive Relief, Docket Entry No. 1, p. 1 ¶ 3.

[5]Plaintiff's Response to Defendant I'm Ready Productions, Inc.'s Motion to Dismiss (Plaintiff's Response), Docket Entry No. 10, p. 6.

to a motion picture company -- meaning that [he] never granted IRP a license to those rights,"[6] and that "at no time during, and certainly not after, the term of the Agreement, did IRP have the right to produce and distribute a DVD adaptation of the Stageplay based on the Novel."[7]  Accordingly, plaintiff explains that the basis of his copyright infringement claim is that by producing and distributing a DVD adaptation of the Stageplay based on the Novel, IRP infringed his copyright in the Novel by exceeding "both the scope and term of the Agreement."[8]

IRP replies that plaintiff "concedes that IRP owns the copyright of the work at the heart of this dispute, the stageplay "The Maintenance Man" . . . thus eliminating claims associated with the use of the Stageplay."[9]  Citing United States Naval Institute v. Charter Communications, Inc., 936 F.2d 692, 695 (2d Cir. 1991), IRP argues that "[g]iven that IRP owns the copyright to the Stageplay, to the extent Baisden's claims remain premised upon the control of any rights to the Stageplay, and an ability to restrict its utilization, these claims should be dismissed as a matter of law."[10]

---

[6] Id.

[7] Id. at 6-7.

[8] Id. at 7.

[9] Defendant I'm Ready Productions, Inc.'s Reply Brief in Support of Its Motion to Dismiss Complaint (Defendant's Reply), Docket Entry No. 11, p. 1.

[10] Id. at 2.

Plaintiff alleges that

7.     Plaintiff has authored four books, including a novel entitled "The Maintenance Man" (the "Novel"). [Plaintiff] is the copyright owner of exclusive rights under copyright with respect to the Novel. [Plaintiff] registered his copyright in the Novel with the U.S. Copyright Office in 1999.

. . .

9.     On July 25, 2002, [Plaintiff] executed a written contract with Defendant IRP. . . This agreement provided the terms for the adaptation of Plaintiff's Novel into a live performance play (the "Stageplay"). Under the terms of the contract, Plaintiff granted IRP the exclusive rights to produce and tour the Stageplay based on Plaintiff's Novel in exchange for royalties from revenues generated by the Stageplay and associated merchandise. Plaintiff, however, did not grant IRP any other rights to Plaintiff's Novel.

. . .

15.    The July 2002 Agreement was not extended by either party. As a result, the contract terminated on July 25, 2005, at the end of the original term of three (3) years.
. . .

16.    On information and belief, in about December 2006, Defendant IRP produced a motion picture version of the Stageplay. Defendants Image and ALW are the distributors of this production via DVD based on Plaintiff's Novel. On December 20, 2006, Baisden became aware of this production and requested further information from Defendants IRP and Image. . . .

17.    In spite of Plaintiff's repeated efforts to resolve this matter without resorting to the courts, Defendants continue to infringe Plaintiff's copyright in the Novel, in breach of the agreement between the parties. . .

. . .

19.    Defendants were well aware of Plaintiff's ownership of the copyrights in the Novel and any derivative works thereof. Nonetheless, Defendants are making and causing

to be made unauthorized copies of Plaintiff's copyrighted
work by reproducing copies on DVD, VHS tapes, and other
home entertainment formats.  Defendants are also distrib-
uting  copies  of  Plaintiff's  work  to  the  public  by
creating  and  making  available  for  purchase  and  rental
these  tapings  of  the  Stageplay  based  on  the  Novel.   In
addition,  Defendant  IRP  is  preparing  derivative  works
based  on  Plaintiff's  Novel  by  continuing  to  produce
versions  of  the  Stageplay.   Defendant  IRP  is  also
performing  these  works  publicly  in  violation  of
Plaintiff's exclusive rights.[11]

To prevail on a claim of copyright infringement plaintiff must

show (1) ownership of a valid copyright and (2) actionable copying

by the defendant, i.e., copying of constituent elements of the work

that are copyrightable.  See Bridgmon v. Array Systems Corp., 325

F.3d 572, 576 (5th Cir. 2003).  See also Alcatel USA, Inc. v. DGI

Technologies, Inc., 166 F.3d 772, 790 (5th Cir. 1999).  A copyright

claim is actionable if (1) the alleged infringer actually used the

copyrighted material to create its own work and (2) there exists a

substantial similarity between the two works.  Id.  Despite IRP's

assertions to the contrary, plaintiff's allegations of copyright

infringement are not based on an assertion that he owns copyright

to the Stageplay but, instead, on undisputed assertions that he

owns copyright to the Novel, and that the license agreement that he

entered with IRP granted IRP the right to produce the Stageplay for

a limited period of three years.  Plaintiff's allegations that IRP

did not stop producing the Stageplay when the licensing agreement

_____

[11]Complaint for Damages and Injunctive Relief, Docket Entry
No. 1, pp. 2-5 ¶¶ 7, 9, 15-17, and 19.

expired but, instead, not only continued to produce it but also produced a motion picture version, are sufficient to state a claim of copyright infringement.

IRP cites Charter Communications for the unremarkable principle that "a party cannot be liable for infringement of copyrights conveyed to it."[12] Charter Communications involved the construction of a licensing agreement to publish a paperback version of a book. The court determined that although defendants had breached their contractual agreement not to publish the paperback version prior to a date certain, the district court properly dismissed plaintiff's copyright infringement claim because plaintiff had conveyed the license to publish the paperback version to the defendant on the day the licensing agreement was signed. The court is not persuaded that Charter Communications supports IRP's contention that it is entitled to dismissal of the copyright infringement claim alleged against it in this action because plaintiff's copyright claim is based on allegations that IRP exceeded both the scope and the term of the Agreement. See, e.g., 17 U.S.C. § 103(a) (". . . protection for a work employing preexisting material in which copyright subsists does not extend to any part of the work in which such material has been used unlawfully"), and § 103(b) ("copyright in a . . . derivative work extends only to the material contributed by the author of such

_____

[12]Defendant's Reply, Docket Entry No. 11, p. 2.

work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material. . .").

Plaintiff's allegations are that (1) IRP exceeded the scope of the Agreement by creating a motion picture based on the Novel because the Agreement licensed the ability to create the Stageplay for the limited purpose of conducting live performances and not for the purpose of creating a motion picture; and (2) IRP exceeded the term of the Agreement by continuing to produce live performances of the Stageplay after the Agreement terminated by its own terms on July 25, 2005.  The court concludes that plaintiff's allegations that IRP violated his copyrights by engaging in conduct that exceeded both the scope and the term of the Agreement are sufficient to state a claim for copyright infringement, and that, despite IRP's arguments to the contrary, the court is unable to conclude from the pleadings that the conduct of which plaintiff complains did not exceed either the scope or the term of the Agreement.  Accordingly, IRP's motion to dismiss the plaintiff's claim for copyright infringement will be denied.

**B.   State Law Claims**

IRP argues that plaintiff's state law claims for breach of contract, unfair competition, and unjust enrichment are subject to dismissal because they are (1) factually insufficient to state a claim, (2) preempted by federal copyright law, or (3) otherwise insufficient to state a claim for which relief may be granted.

1.   <u>Breach of Contract</u>

IRP argues that plaintiff's breach of contract claim fails in three material respects:  (1) plaintiff cannot seek damages for both breach of contract and copyright infringement arising from the same conduct; (2) plaintiff cannot maintain a breach of contract action because he fails to provide requisite facts identifying when and how the alleged breach occurred and/or when and how he was injured by the alleged breach; and (3) plaintiff cannot maintain a breach of contract action for conduct that occurred more than four years before he filed suit and/or after the purported termination date of the Agreement.[13]

(a)  Breach of Contract or Copyright Infringement

Asserting that plaintiff has alleged claims for breach of contract and copyright infringement based on "the same conduct that occurred after the [A]greement's purported termination,"[14] IRP cites <u>MCA Television Ltd. v. Public Interest Corp.</u>, 171 F.3d 1265, 1274-76 (11th Cir. 1999), in support of its argument that either plaintiff's "breach of contract or copyright infringement claim necessarily fails as a matter of law."[15]  IRP's contention that plaintiff's breach of contract and copyright infringement claims seek damages for the same conduct mischaracterizes those claims.

---

[13]Defendant's Motion to Dismiss, Docket Entry No. 7, pp. 12-13.

[14]<u>Id.</u> at 9.

[15]<u>Id.</u>

For the reasons explained in § III.A, above, the court has already concluded that the allegations in plaintiff's complaint are sufficient to state a claim for copyright infringement against IRP because those allegations are that the conduct for which plaintiff seeks to hold IRP liable for copyright infringement is conduct that exceeded both the scope and term of the Agreement.

Plaintiff alleges that:

28. On July 25, 2002, [he] executed a written contract with Defendant IRP. . . . The contract provided the terms for the adaptation of Plaintiff's Novel into a live performance play.

29. Plaintiff has fully performed his contractual obligations. The contract was terminated under its provisions on July 25, 2005, after its original term of three (3) years.

30. Defendants, however, have breached the contract by failing to compensate Plaintiff under the terms of the contract, and by failing to provide a quarterly accounting audit of all revenues associated with the Stageplay. Defendants' breach has caused injury to Plaintiff, resulting in damages and lost profits.[16]

To prevail on a claim for breach of contract plaintiff must show (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of contract by the defendant, and (4) damages sustained by the plaintiff as a result of the breach. Smith International, Inc. v. Egle Group, LLC, 490 F.3d 380 (5th Cir. 2007) (citing Valero Marketing & Supply Co. v. Kalama International, LLC, 51 S.W.3d 345, 351 (Tex. App.

---

[16]Complaint for Damages and Injunctive Relief, Docket Entry No. 1, p. 7 ¶¶ 28-30.

2001, no pet.).  Because plaintiff's allegations assert that
(1) there existed a valid contract entered by plaintiff and IRP,
(2) plaintiff fully performed his obligations under the contract,
(3) IRP breached the contract by failing to compensate him under
the contract and by failing to provide quarterly accountings of all
revenues associated with the Stageplay as called for by the
contract, and (4) IRP's breach of contract caused him to suffer
damages in the form of lost profits, the court concludes that
plaintiff has stated a claim for breach of contract against IRP.[17]
Plaintiff's allegations that IRP breached its contract with him by
failing to compensate him and failing to provide quarterly
accountings in accordance with the contract are allegations of
conduct that occurred during the term of the contract and that is
separate and distinct from the conduct on which his copyright
infringement claim is based, i.e., that IRP exceeded both the scope
and term of the contract by producing and distributing an
unauthorized motion picture version of the Novel.  See Taquino v.
Teledyne Monarch Rubber, 893 F.2d 1488, 1501 (5th Cir. 1990)
(existence of a promise makes a breach of contract claim
qualitatively different from a claim based on copying,

---

[17]Although ¶ 30 of the plaintiff's complaint alleges that
defendants, plural, have breached the contract by failing to
compensate him under the terms of the contract and by failing to
provide a quarterly accounting audit of all revenues associated
with the Stageplay, since ¶ 28 alleges that only he and IRP were
parties to the Agreement, the only party who could possibly have
breached the contract and caused the plaintiff damages is IRP.

distributing, or displaying under the Copyright Act); <u>Asunto v. Shoup</u>, 132 F.Supp.2d 445, 452 (E.D. La. 2000) (same).

  (b) Factual Sufficiency

  IRP argues that plaintiff's breach of contract claim should be dismissed because plaintiff is unable to assert facts that allege a breach and injury during the contract term and/or the existence of a valid agreement at the time of IRP's purported breach.[18] Plaintiff responds that this argument lacks merit because his complaint clearly alleges the existence and duration of the Agreement and IRP's failure to pay royalties and provide the requisite accounting under the express terms of the Agreement during its term.[19]  For the reasons explained in § III.B.1(a), above, the court has already concluded that the allegations contained in plaintiff's complaint allege each element of a claim for breach of contract.  The court is not persuaded that these allegations are factually insufficient to state a breach of contract claim because they give IRP fair notice of what the plaintiff's claim is and the grounds upon which it rests.  Federal Rule of Civil Procedure 8 only requires the plaintiff to make "a short and plain statement of the claim showing that [he] is entitled to relief."  <u>See</u> Fed. R. Civ. P. 8(a)(1).  Plaintiff's breach of contract allegations are factually sufficient to meet the

_____

[18]Defendant's Motion to Dismiss, Docket Entry No. 7, p. 13.

[19]Plaintiff's Response, Docket Entry No. 10, p. 10.

pleading requirements embodied by Rule 8.  See also Lovick v. Ritemoney Ltd., 378 F.3d 433, 438 (5th Cir. 2004) ("Rule 8(a) does not require pleading specific facts in support of each element of a plaintiff's prima facie case; instead, plaintiff must 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'").  Whether plaintiff can prove the facts necessary to recover is more properly the subject of Rule 56.

(c)  Limitations

Plaintiff's complaint does not contain — nor does Rule 8(a)(2) require it to contain — allegations as to the specific dates on which the breach of contract claim accrued.  Since it cannot be determined from the face of the complaint whether or not the statute of limitations has expired on this claim, IRP is not entitled to dismissal on this basis.

(d)  Conclusions

Plaintiff's allegations that IRP breached the parties' agreement by failing to pay him royalties and failing to provide him accountings during the term of the contract are not based on the same conduct for which he seeks damages for copyright infringement, are factually insufficient to state a breach of contract claim, and are not sufficient to establish that the alleged breach is barred by limitations.  Accordingly, IRP's motion to dismiss the plaintiff's breach of contract claim will be denied.

2.  <u>Unfair Competition</u>

IRP argues that plaintiff's unfair competition claim should be dismissed because it is preempted by federal copyright law and because the undisputed terms of the Agreement establish that IRP owns the copyright to the Stageplay.

(a)  IRP's Ownership of the Copyright to the Stageplay

Asserting that the Agreement granted ownership of the copyright for the Stageplay to it, IRP argues that plaintiff's unfair competition claim should be dismissed because IRP could not have violated any rights related to a work that it owns.[20] Plaintiff responds that the parties' "Agreement merely conveyed an exclusive license to produce a Stageplay from [his] Novel,"[21] and that "IRP's copyright in the Stageplay was limited under the Agreement to any newly-created content, specifically, 'an original play script together with associated music and lyrics.'"[22]

It is undisputed that plaintiff owns the copyright to the Novel and that pursuant to the Agreement the plaintiff licensed some but not all of his rights to IRP.  Although IRP cites ¶ II.3 of the Agreement, to support its argument that it owns a copyright to the Stageplay and, therefore, cannot be held liable for using

---

[20]Defendant's Motion to Dismiss, Docket Entry No. 7, p. 11.

[21]Plaintiff's Response, Docket Entry No. 10, p. 11.

[22]<u>Id.</u> at 12 (quoting Agreement, Exhibit A attached to Docket Entry No. 1 at § II(3)).

the Stageplay to compete unfairly with the plaintiff, since the Stageplay is undisputedly a derivative of the Novel, only IRP's original, newly-created content is entitled to copyright protection.  See Stewart v. Abend, 110 S.Ct. 1750, 1766 (1990) (derivative work author can obtain copyright protection for his own original additions to a preexisting work).  Consequently, at this early stage of the case, the court is unable to conclude that plaintiff's unfair competition claim should be dismissed on grounds that IRP owns a copyright to the Stageplay.

> (b)  Copyright Preemption

Asserting that plaintiff's unfair competition claim is based upon nothing more than the alleged improper production, distribution, and sale of the Stageplay by IRP in violation of plaintiff's purported copyright to that work, IRP argues that plaintiff's unfair competition claim should be dismissed pursuant to 17 U.S.C. § 301 because the elements needed to prove plaintiff's unfair competition claim are not qualitatively different from the elements needed to prove his copyright infringement claim.[23]

Citing Computer Management Assistance Co. v. Robert F. DeCastro, Inc., 220 F.3d 396, 404-05 (5th Cir. 2000), plaintiff responds that "[w]here a cause of action 'requires proof of fraud, misrepresentation or other unethical conduct . . . the relief it

---

[23]Defendant's Motion to Dismiss, Docket Entry No. 7, p. 11.

provides is not 'equivalent' to that provided in the Copyright Act."[24]  Asserting that his claim for unfair competition "seeks to vindicate IRP's unlawful attempts to obtain access and to derive profits from [his] current and prospective business relationships,"[25] plaintiff then argues that his claim for unfair competition differs from his claim for copyright infringement.[26] Plaintiff argues that "[i]t is this ongoing unethical conduct by IRP -- this invasion of [his] personal rights -- that forms the basis of [his] claim for unfair competition."[27]

Courts apply a two-part analysis to determine whether state law claims are preempted by federal copyright law.  See Alcatel, 166 F.3d at 785-86 (citing 17 U.S.C. § 301); Daboub v. Gibbons, 42 F.3d 285, 288-89 (5th Cir. 1995).[28]  First, "the work in which the

---

[24]Plaintiff's Response, Docket Entry No. 10, p. 10.

[25]Id. at 11.

[26]Id.

[27]Id.

[28]Section 301 provides:

(a) On and after January 1, 1978, all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title.  Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any state.

-18-

right is asserted must come within the subject matter of copyright"; and second, the right "must be equivalent to any of the exclusive rights within the general scope of copyright." <u>Alcatel</u>, 166 F.3d at 785-86.

Plaintiff alleges that defendants are liable for unfair competition because

> [d]efendants' actions, as set forth above, constitute unfair competition under the common law of the State of Texas, and are unlawful attempts by Defendants to obtain access to and derive profits from Plaintiff's current and prospective customers. Defendants' actions have damaged Plaintiff and unjustly enriched Defendants. As a result of Defendants' unlawful behavior, Plaintiff has suffered actual damages and other losses, including: (1) lost profits; (2) damage to the favorable reputation and goodwill associated with Plaintiff's Novel; (3) the loss of market value in Plaintiff's Novel; and (4) costs which Plaintiff has or will have to incur attempting to restore some of the value associated with the Novel. The injury to Plaintiff caused by Defendants' actions is irreparable, and of a type for which Plaintiff has no adequate remedy at law.[29]

Texas law does not recognize a tort of unfair competition. Both the Court of Appeals for the Fifth Circuit and Texas courts have instructed that without some allegation of an independent substantive tort or other illegal conduct, liability cannot be premised on the tort of unfair competition. <u>See Taylor Publishing Co. v. Jostens, Inc.</u>, 216 F.3d 465, 486 (5th Cir. 2000) (noting that in Texas the unfair competition law "is the umbrella for all statutory and nonstatutory causes of action arising out of business

---

[29]Complaint for Damages and Injunctive Relief, Docket Entry No. 1, p. 6 ¶ 26.

conduct which is contrary to honest practice in industrial or commercial matters"); <u>Seatrax Inc. v. Sonbeck International, Inc.</u>, 200 F.3d 358 (5th Cir. 2000) ("The law of unfair competition is the umbrella for all statutory and nonstatutory causes of action arising out of business conduct which is contrary to honest practice in industrial or commercial matters."). Plaintiff's general allegation that the conduct of which he complains constitutes unfair competition, without additional language identifying either the specific cause of action that he seeks to pursue or the specific conduct on which this claim is based, fails to give IRP fair notice of what his unfair competition claim is or the grounds upon which it rests. <u>See</u> <u>Seatrax</u>, 200 F.3d at 368 (recognizing that a number of causes of action "fall under the penumbra of unfair competition under Texas law," and concluding that "general allegation[s] of unfair competition without additional qualifying language to identify a specific cause of action . . . [do] not provide adequate notice" of claims for unfair competition by misappropriation). Accordingly, the court concludes that the allegations of unfair competition contained in plaintiff's complaint are insufficient to state a claim for which relief may be granted.

Plaintiff cites <u>Computer Management</u>, 220 F.3d at 396, in support of his argument that his claim for unfair competition is not preempted by federal copyright law. In <u>Computer Management</u> the

Fifth Circuit held that a state-law based claim for unfair and
deceptive trade practices was not preempted by federal law because
the state law claim required proof of an additional element and
proof of additional conduct not needed to prove the federal claim.
The Fifth Circuit explained that the state law claim alleged in
that case was not preempted because it was asserted under the
Louisiana Unfair Trade Practices Act, which required "proof of
fraud, misrepresentation or other unethical conduct," and that the
plaintiff's allegation that the defendants breached a confidential
relationship by using "privileged knowledge of the intricacies of
the software" made the state law claim qualitatively different from
the federal claim.  Id. at 404.  Although plaintiff argues that his
unfair competition claim seeks to vindicate IRP's unlawful attempts
to obtain access and derive profits from his current and
prospective business relationships, he has neither alleged in his
complaint that IRP (or either of the other two defendants) breached
a confidential relationship or otherwise engaged in fraudulent or
unethical conduct, nor argued that proof of his state law claim for
unfair competition requires proof of an additional element not
required to prove his federal copyright claim.

        (c)  Conclusions

    For the reasons explained above, the court concludes that the
allegations contained in the plaintiff's complaint are insufficient
either to state a claim for unfair competition against IRP under

-21-

Texas law or to establish that any claim he is attempting to assert for unfair competition is not preempted by federal copyright law. However, because this case is still in an early stage of development and because the court is not persuaded that plaintiff is unable as a matter of law to state a claim that falls under the penumbra of unfair competition under Texas law, plaintiff will be accorded an opportunity to amend his complaint.

      3.   <u>Unjust Enrichment</u>

IRP argues that plaintiff's unjust enrichment claim fails as a matter of law because it is (1) unavailable as a remedy under Texas law, (2) factually insufficient, and/or (3) preempted by federal copyright law.[30]

      (a)  Texas Law

IRP argues that "it is well settled Texas law that a claimant cannot recover for unjust enrichment for subjects covered by a written agreement."[31]  Then, asserting that the subject matter disputed in this case "concerns whether IRP had the authority to produce, distribute, and sell the Stageplay and derivative works,"[32] IRP argues that plaintiff's unjust enrichment claim fails as a matter of law because these subjects are "presumably covered by the

---

[30]Defendant's Motion to Dismiss, Docket Entry No. 7, pp. 13-14.

[31]<u>Id.</u> at 13.

[32]<u>Id.</u>

-22-

2002 license agreement . . . attached to the [plaintiff's c]omplaint."[33]  Plaintiff responds that "[i]n this case . . . the parties' Agreement terminated in 2005. . . . Thus, IRP's subsequent actions are not covered by the Agreement.  As a result, [plaintiff] may seek recovery for this period under a theory of unjust enrichment."[34]  In addition, citing Federal Rule of Civil Procedure 8(d)(2), plaintiff argues that his claim for unjust enrichment is permissible and appropriate at this stage of the case as an alternative to his claims for breach of contract and copyright infringement.

The court finds the case of <u>Isofoton, S.A. v. Giremberk</u>, 2006 WL 1516026 (D. Ariz. 2006), instructive on this issue.  In that case the court held that plaintiff's claim of unjust enrichment was not subject to dismissal even though it was coupled with a claim for breach of contract because the two claims were pleaded in the alternative.  Citing Federal Rule of Civil Procedure 8(d)(2), the court reasoned that since that Rule unambiguously allowed a party to state as many separate claims or defenses as the party had regardless of consistency, the plaintiff was entitled to assert claims for breach of contract and unjust enrichment even though such claims are inconsistent.  The court reasoned that plaintiffs who assert such claims are not seeking two separate recoveries but,

---

[33]<u>Id.</u> at 13-14.

[34]Plaintiff's Response, Docket Entry No. 10, p. 13.

instead, a single recovery based on one of two different legal theories. Id. at *5. Persuaded that the reasoning expressed by the court in Isofoton is sound, the court concludes that plaintiff's claim for unjust enrichment is not subject to dismissal merely because the subject matter of the claim may be covered by a written agreement but, instead, that pursuant to Rule 8(d)(2), a claim for unjust enrichment may properly be pleaded in addition and/or as an alternative to a breach of contract claim. See also Waller v. DB3 Holdings, Inc., 2008 WL 373155, *5 (N.D. Tex. February 12, 2008) (acknowledging that since "it is possible that the contracts will later be held invalid . . . [i]t would . . . be premature to dismiss the unjust enrichment claim as being foreclosed by existing contracts"). However, for the reasons explained in § III.B.3(b), below, the court concludes that plaintiff's claim for unjust enrichment is factually insufficient to state a claim under Texas law.

(b)  Factual Sufficiency

Citing Heldenfels Brothers, Inc. v. City of Corpus Christi, 832 S.W.2d 39, 41 (Tex. 1992), IRP argues that plaintiff's pleadings are factually insufficient to state a claim for unjust enrichment because plaintiff's complaint fails to allege "that IRP obtained a benefit from him by fraud, duress, or the taking of undue advantage."[35]  Citing ¶¶ 10-12 and 31-32 of his complaint,

---

[35]Defendant's Motion to Dismiss, Docket Entry No. 7, p. 14.

-24-

plaintiff responds that he has alleged that "IRP has obtained incalculable benefits in connection with its use of the reputation and goodwill associated with [his] celebrity, including, for example, [his] sponsorship of the Stageplay; [his] promotion of IRP in the press, on his website, and in his newsletter; and IRP's own references to [him] in its promotion of the Stageplay."[36]

Unjust enrichment is not a cause of action recognized by Texas law. See Mowbray v. Avery, 76 S.W.3d 663, 679 (Tex. App. -- Corpus Christi 2002, pet. stricken and rev. denied) ("unjust enrichment is not a distinct independent cause of action but simply a theory of recovery"). Nevertheless, the Texas Supreme Court has explained that an action seeking restitution or imposition of a constructive trust may be premised on the legal theory of unjust enrichment. See HECI Exploration C. v. Neel, 982 S.W.2d 881, 891 (Tex. 1998). Although in HECI the Texas Supreme Court refers to "the cause of action" of unjust enrichment and it also refers to unjust enrichment as a "remedy" and a "basis for recovery," courts have not read these statements as recognition of an independent cause of action for unjust enrichment but, instead, as reiterations of the well established principle that a suit for restitution may be raised against a party based on the theory of unjust enrichment. See Mowbray, 76 S.W.3d at 680 & n.25. The theory of unjust enrichment may apply when one person has obtained a benefit from

_____

[36]Plaintiff's Response, Docket Entry No. 10, pp. 13-14.

another by fraud, duress, or the taking of undue advantage. <u>Heldenfels</u>, 832 S.W.2d at 41.

Plaintiff alleges that "Defendants have been unjustly enriched by their use of [his] copyrighted Novel and the reputation and goodwill associated with [his] celebrity. Such enrichment has occurred at the expense of Plaintiff and caused injury resulting in damages and lost profits."[37] Although plaintiff argues in response to IRP's motion to dismiss that IRP has unjustly profited and continues to profit "[b]y taking undue advantage of its prior contractual relationship with [him],"[38] plaintiff's complaint neither alleged that IRP has been unjustly enriched by a benefit obtained from him by fraud, duress, or undue advantage, nor alleged any facts capable of proving that IRP has been unjustly enriched by a benefit that it obtained from him by fraud, duress, or the taking of undue advantage. Thus, the court concludes that plaintiff's allegations of unjust enrichment are factually insufficient to state a claim for which relief may be granted under Texas law.

(c)  Copyright Preemption

IRP argues that plaintiff's unjust enrichment claim is preempted by federal copyright law because plaintiff "remains unable to establish the extra element necessary to distinguish the

_____

[37]Complaint for Damages and Injunctive Relief, Docket Entry No. 1, p. 7 ¶ 32.

[38]Plaintiff's Response, Docket Entry No. 10, p. 14.

state claim."[39]  Citing <u>Computer Management</u>, 220 F.3d at 404-05, plaintiff responds that his claim for unjust enrichment is not preempted because

> [a] state claim for unjust enrichment provides relief when one party has obtained a benefit from another by fraud, duress, or the taking of undue advantage. . . . Because unjust enrichment involves an element beyond that of copyright infringement, namely, fraud, duress, or the taking of an undue advantage, the claim will not be preempted where the relief sought differs from that of copyright infringement.[40]

While allegations that IRP has obtained a benefit from plaintiff by fraud, duress, or the taking of undue advantage could form the basis of a claim based on the theory of unjust enrichment that might not be preempted by federal copyright law, because plaintiff's complaint does not allege any facts that if established would prove that IRP obtained a benefit from him by fraud, duress, or taking undue advantage, the court is not persuaded that the allegations of unjust enrichment contained in plaintiff's complaint are sufficient to state a claim for which relief may be granted much less to state a claim that is qualitatively different from his claim for copyright infringement to avoid preemption by federal copyright law.

(d)  Conclusions

For the reasons explained above, the court concludes that the allegations contained in the plaintiff's complaint are insufficient

---

[39]Defendant's Motion to Dismiss, Docket Entry No. 7, p. 13.

[40]Plaintiff's Response, Docket Entry No. 10, p. 12.

either to state a claim for unjust enrichment against IRP under Texas law or to establish that any claim he is attempting to assert for unjust enrichment is not preempted by federal copyright law. However, because this case is still in an early stage of development and because the court is not persuaded that plaintiff is unable as a matter of law to state a claim based on the theory of unjust enrichment, plaintiff will be accorded an opportunity to amend his complaint.

### IV.  <u>Conclusions and Order</u>

For the reasons explained above, the court concludes that plaintiff's claims for copyright infringement and breach of contract are sufficient to withstand IRP's motion to dismiss for failure to state a claim for which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), but that plaintiff's state law claims for unfair competition and unjust enrichment are not sufficient to withstand IRP's motion to dismiss.  Accordingly, Defendant I'm Ready Productions, Inc.'s Motion to Dismiss (Docket Entry No. 7) is **GRANTED IN PART** and **DENIED IN PART.**  Nevertheless, because the court is not persuaded that plaintiff is unable as a matter of law to present any facts in support of a state law claim that either falls under the penumbra of unfair competition or is based on the theory of unjust enrichment that would not be preempted by federal copyright law, the plaintiff's request for leave to file an amended complaint included within Plaintiff's

Response to Defendant I'm Ready Productions, Inc.'s Motion to Dismiss (Docket Entry No. 10) is **GRANTED**.  Plaintiff may file an amended complaint within twenty (20) days from the entry of this Memorandum Opinion and Order.

      **SIGNED** at Houston, Texas, on this the 16th day of May, 2008.

                                     SIM LAKE
                        UNITED STATES DISTRICT JUDGE