IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHAEL BAISDEN,** | § § § § | |
| **Plaintiff,** | § | |
| v. | § § | **CIVIL ACTION NO. 4:08-CV-00451** |
| **I'M READY PRODUCTIONS, INC. IMAGE ENTERTAINMENT, INC., A.L.W. ENTERTAINMENT, INC., JE'CARYOUS JOHNSON and GARY GUIDRY** | § § § § § § | **JURY TRIAL REQUESTED** |
| **Defendants.** | § § § | |

## PLAINTIFF'S MOTION *IN LIMINE*

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Michael Baisden ("Plaintiff") and before any proceedings before the venire panel, makes and files this, his Motion *in Limine* (the "Motion"), and respectfully moves The Court to instruct Defendants Image Entertainment, Inc., I'm Ready Productions, Inc., A.L.W. Entertainment, Inc., Je'Caryous Johnson and Gary Guidry, and their counsel and witnesses not to mention, allude to, or attempt to convey to the venire panel and/or to the jury in any manner, either directly or indirectly, upon voir dire examination, opening statement, interrogation of witnesses, introduction of any evidence, argument, objections before the venire panel and/or before the jury, reading of any portion of the pleadings, or by any other means or in any other manner inform the venire panel and/or the jury, or bring to the venire panel's and/or the jury's attention, any of the matters set forth in the numbered paragraphs below, unless and until such matters have been first called to the attention of The Court, out of the presence and hearing of the venire panel and/or the jury, and a favorable ruling obtained from the Court as to the admissibility and relevance of any such matters:

    1.       That the parties entered into any oral agreements, including any agreement to extend or renew the terms of the *Men Cry in The Dark* contract.

_____       _____       _____
GRANTED            DENIED                 AGREED

The Court has already ruled as a matter of law that the "Men Cry Agreement terminated by its own terms and was not extended" and "No evidence suggests that extensions were sought for either of the contracts at issue. Therefore, each contract terminated three years after signing" See Mem. & Recommendation dated Sept. 9, 2009 (the "Recommendation"), Docket Entry No. 126, p. 5, 23.  The Court adopted this Memorandum and Recommendation without change.  See Order dated Nov. 23, 2009, Docket Entry No. 149 (the "SJ Order")  Based on the rationale in the Magistrate's Recommendation and the law, such evidence would be irrelevant and unfairly prejudicial, and thus is inadmissible. *See* FED. R. EVID. 401, 402, 403.

Furthermore, under § 204(a) of the Copyright Act, "[a] transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. § 204(a).  The policy underlying <u>section 204</u> and all written agreements is that a writing "prevents misunderstanding by spelling out the terms of a deal in black and white, forces parties to clarify their thinking and consider problems that potentially could arise...." *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir.1990).  A grant of an exclusive license is considered a "transfer of copyright ownership." 17 U.S.C. § 101 (2005); *Konigsberg Int'l, Inc. v. Rice*, 16 F.3d 355, 357 (9th Cir.1994).  Under § 204(a) "a transfer of copyright is simply 'not valid' without a writing." *Id.*  ; *see also See Frost Belt Int'l Recording Enters., Inc. v. Cold Chillin' Records*, 758 F.Supp. 131, (S.D.N.Y. 1990) (the court

"flatly rejects" the contention that party orally agreed to modify contract when the subject of the contract was copyright ownership and the contract contained a no oral modification/merger clause). Although IRP claims to own rights to the derivatively recorded videos of *The Maintenance Man* and *Men Cry in the Dark*, it is unable to produce any writing signed by Baisden conveying such a right. That is because no such writing exists.

When a certain type of contract, i.e., an exclusive license, requires that it be in writing, then "a party cannot enforce any subsequent oral material modification to the contract." *SP Terrace, L.P. v. Meritage Homes of Texas, LLC*, -- S.W.3d --, 2010 WL 4121088 (Tex. App. – Houston [1st Dist.] Oct. 21, 2010, no pet. h) (citing *Dracopoulas v. Rachal*, 411 S.W.2d 719, 721 (Tex. 1967) and (*Walker v. Tafralian*, 107 S.W.3d 665, 670 (Tex. App. – Fort Worth 2003, pet. denied)). Oral modifications indefinitely extending the time for performance are material when one party argues that the oral modification excuses breach. *See SP Terrace*, 2010 WL 4121088, at *5-6 (citing *Dracopoulas*, 411 S.W.2d at 721). As reasoned by the Texas Supreme Court in *Dracopoulas*:

> Parties to a written contract that is within the statute of frauds may not by mere oral agreement alter one or more of the terms thereof and thus make a new contract resting partly in writing and partly in parol, the reason for the rule being that, when such alteration is made, part of the contract has to be proven by parol evidence, and the contract is thus exposed to all the evils which the statute was intended to remedy.

*Id.* at 721 (internal citations and quotations omitted). Thus, oral modifications to extend the time of performance for an exclusive license are unenforceable. *See Dracopoulas*, 411 S.W.2d at 722 (court reasoned that because termination date of the contract was the "hinge upon which still other contractual rights and duties turn," extension of that date indefinitely would destroy other contract provisions turning on the operation of the termination date).

As both Texas law and the Copyright Act preclude Defendants from relying on an alleged oral modification to excuse their breach, any evidence thereof is irrelevant, unfairly prejudicial, and contrary to the language of the agreements.  *See Frost Belt Int'l Recording Enters., Inc. v. Cold Chillin' Records*, 758 F.Supp. 131, (S.D.N.Y. 1990) (the court "flatly rejects" the contention that party orally agreed to modify contract when the subject of the contract was copyright ownership and the contract contained a no oral modification/merger clause).

2. That the parties made any oral agreement to amend, alter, or eliminate the obligation of Defendants in the Merchandising Rights and Proceeds section of the agreement to pay Plaintiff a "forty percent (40%) share in net profits generated from merchandise sales." Such information is irrelevant, confusing, unfairly prejudicial, contrary to the language of the agreement and thus is inadmissible. *See* FED. R. EVID. 401, 402, 403.

_____         _____         _____
GRANTED              DENIED                   AGREED

This request is being submitted primarily as a result of findings by the Magistrate Judge, set forth in the Recommendation, adopted by the Court in the SJ Opinion. For instance, the Court has interpreted a portion of the merchandising provision of the contract and found that the contract did not provide that Plaintiff would compensate IRP for sales made "by Plaintiff." The provision only covers sales made by IRP. See Recommendation, pp. 23; SJ Opinion.

Additionally, it is clear the contract also contained an integration clause that prohibits the type of oral understanding alleged by Defendants. In particular, the language is as follows:

> **Complete Agreement.** This Agreement contains the entire understanding of the Parties and supercedes [sic] all oral arrangements or prior drafts of this Agreement. Issues involving arrangements between Author and Producer not specifically addressed or implied in this Agreement will be negotiated separately as they arise.

The contract contained the entire understanding on merchandise since the merchandise royalties obligations are "specifically addressed or implied in this Agreement." IRP's alleged oral understanding would violate this provision. Accordingly, the parties could not have entered into the type of oral arrangement alleged by IRP.

In addition, the Merchandising Rights and Proceeds profit sharing provision could not be amended, altered or eliminated by an oral agreement unless essential terms of any amendment or alteration were "clear, certain and definite." *Crisalli v. ARX Holding Corp.*, 177 Fed. Appx. 417 (5th Cir. 2006) (citing *Gannon v. Baker*, 830 S.W.2d 706, 709 (Tex. App. – Houston [1st Dist.] 1992, writ denied));

*see also Meru v. Huerta*, 136 S.W.3d 383, 390 (Tex. App. – Corpus Christi 2004, no pet) (same). Indeed, a contract must be "sufficiently definite in its terms so that a court can understand what a promisor undertook." *Searcy v. DDA, Inc.*, 201 S.W.3d 319, 322 (Tex. App. – Dallas 2006, no pet.) (citing *Meru*, 136 S.W.3d at 390). Whether an alleged agreement constitutes an enforceable contract is a question of law. *See id.* The necessary elements of oral contracts "are the same" and "must be present for a contract to be binding." *Id.* (citing *Hubbard v. Shankle*, 138 S.W.3d 474, 481 (Tex. App. – Fort Worth 2004, pet denied).

Terms or provisions on the subject of profit sharing are clearly essential, or "vitally important." *Neely v. Bankers Trust Co. of Tex.*, 757 F.2d 621, 628 (5th Cir. 2010); *see also, e.g., Valentine v. Cunningham*, No. 01-07-00054-CV, available at 2008 WL 185506 (Tex. App. – Houston [1st Dist.] Jan. 17, 2008, no pet.). Here, there could be no evidence of definite, clear and certain terms about amending, altering or eliminating this profit-sharing provision, as the Court found in the Recommendation and SJ Opinion, "IRP and Image admit that they never provided Plaintiff with an accounting of the sales of the video recordings or paid him royalties from those sales." SJ Opinion, p. 43. Consequently, any agreement to change this profit-sharing provision would have to include terms regarding the status of past profits. There is no evidence that any definite, clear or certain terms were discussed. Under Fifth Circuit precedent, applying Texas contract law, when the record is devoid of evidence as to essential terms of renegotiated agreements, "Texas law provides that the omission or failure of an essential element of a contract vitiates the whole." *Neely*, 757 F.2d 621, 630 (citing cases).

Furthermore, under § 204(a) of the Copyright Act, "[a] transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. § 204(a). A grant of an exclusive license is considered a "transfer of copyright ownership." 17 U.S.C. § 101 (2005); *Konigsberg Int'l, Inc. v. Rice*, 16 F.3d 355, 357 (9th Cir.1994). Under § 204(a) "a transfer of copyright is simply 'not

valid' without a writing." *Id*; *see also See Frost Belt Int'l Recording Enters., Inc. v. Cold Chillin' Records*, 758 F.Supp. 131, (S.D.N.Y. 1990) (the court "flatly rejects" the contention that party orally agreed to modify contract when the subject of the contract was copyright ownership and the contract contained a no oral modification/merger clause). Although IRP claims to own rights to the derivatively recorded videos of *The Maintenance Man* and *Men Cry in the Dark*, it is unable to produce any writing signed by Baisden conveying such a right.  In fact, the Court has already concluded that Baisden did not transfer these rights.

3. That the three year term in each written agreement does not apply to the provision regarding merchandising rights and proceeds, that the agreements gave IRP permanent exclusive rights to the Stageplays, or that these provisions are ambiguous and require the consideration of parol evidence.

   First, Defendants did not timely plead ambiguity. Under Texas law, "ambiguity is an affirmative defense that must be pleaded." *Vought Aircraft Indus., Inc. v. Falvey Cargo Underwriting, Ltd.*, -- F.Supp.2d --, 2010 WL 2573214, at *26 (N.D.Tex. Jun. 25, 2010) (citing *Old Republic Sur. Co. v. Palmer*, 5 S.W.3d 357, 360 (Tex. App. 1999, no pet.).

   Second, the Court has already ruled as a matter of law that (1) "[a]ccordingly, the Court interprets each contract to provide that IRP's right to produce and perform the subject stageplay, per the "Terms and Rights Granted" section, *terminated three years after signing*, which was March 9, 2004, for the Men Cry Agreement and July 25, 2005, for the Maintenance Man Agreement and (2) "IRP held an exclusive license to produce and tour the stageplay, as well as other rights, only during the life of each applicable contract. *Those rights terminated three years after the execution of the relevant contract*. Any rights in the original novel conveyed to IRP by Plaintiff also terminated at that time." See Recommendation pp. 38 and 25.; SJ Order.

   Based on these rulings, Defendants should be precluded from making contrary arguments or introducing any evidence on any alleged ambiguity as such testimony is irrelevant and unfairly prejudicial, and thus is inadmissible. *See* FED. R. EVID. 401, 402, 403.

   _____    _____    _____
   GRANTED         DENIED            AGREED

4. That Defendants have any claim for tortious interference of prospective business relations. The Court has already ruled as a matter of law that Defendants' claim for tortious interference with existing contracts is not actionable. See Recommendation, pp. 43-44; SJ Order. Based on the same legal argument, Defendants' claim for interference with prospective relations is irrelevant and unfairly prejudicial, and thus is inadmissible. *See* FED. R. EVID. 401, 402, 403.

   _____    _____    _____
   GRANTED         DENIED            AGREED

5. That Defendants have any claim for breach of contract for any alleged failure of Plaintiff to pay merchandise royalties to Defendants. The Court has already ruled as a matter of law that there was no such agreement. The provision in the AGreements only covers sales made by IRP. See Recommendation p. 23; SJ Order . Additionally, such claim would be time-barred since it was not asserted until November 2008, more than four years after the *Men Cry in the Dark* contract had terminated on March 9, 2004. Based on the rationale in the Magistrate's Report and Recommendation and the law, Defendants' claims, if any, would be irrelevant and unfairly prejudicial, and thus is inadmissible. *See* FED. R. EVID. 401, 402, 403.

_____  _____  _____
GRANTED    DENIED       AGREED

6. That Defendants have any claim for breach of contract for any alleged failure of Plaintiff to appear at shows. Such claim would be time-barred since it was not asserted until June 2008, more than four years after the alleged breach occurred. Specifically, the *Men Cry in The Dark* tour ran from January 2002 until December 2002. *The Maintenance Man* tour took place from January 2003 through May 11, 2003. Based on the rationale in the Magistrate's Recommendation and the law, Defendants' claim for breach of contract for failure to attend is irrelevant and unfairly prejudicial, and thus is inadmissible. *See* FED. R. EVID. 401, 402, 403.

_____  _____  _____
GRANTED    DENIED       AGREED

7. That the stageplays of *The Maintenance Man* and *Men Cry in the Dark* are not derivative works (as defined under copyright law) of Plaintiff's novels *The Maintenance Man* and *Men Cry in the Dark*. The Court has already ruled as a matter of law that the stageplays are derivative works and could not have been produced without using material from Plaintiff's copyrighted novels. See Recommendation, pp. 37-39; SJ Order.. Based on the ruling in the Magistrate's Recommendation and the law, any other argument would be irrelevant, confusing, misleading and unfairly prejudicial, and thus is inadmissible. *See* FED. R. EVID. 401, 402, 403.

_____  _____  _____
GRANTED    DENIED       AGREED

8. That Plaintiff allegedly made any statements to Screen Gems regarding any alleged rights IRP had to distribute or sell the videos, as alleged in paragraphs 30 and 33 of Defendants' Original Answer to Plaintiff's Second Amended Complaint. Plaintiff has emphatically denied that these statements were made and any reference to them would constitute hearsay and rank speculation. *See* FED. R. EVID. 801, 401, 402, and 403.

   _____  _____  _____
   GRANTED        DENIED         AGREED

9. That Defendants I'm Ready Productions, Inc., A.L.W. Entertainment, Inc., and Image Entertainment, Inc. are precluded from arguing or asserting any claim or defense that was not pled in writing prior to the October 15, 2008, deadline for amendment of pleadings. These claims are irrelevant and unfairly prejudicial, and thus are inadmissible. *See* FED. R. EVID. 401, 402, 403.

   _____  _____  _____
   GRANTED        DENIED         AGREED

10. That Defendants are precluded from arguing or asserting any claim or defense that is contrary to or inconsistent with the Court's summary judgment rulings. These claims are irrelevant and unfairly prejudicial, and thus are inadmissible. *See* FED. R. EVID. 401, 402, 403.

    _____  _____  _____
    GRANTED        DENIED         AGREED

11. Any reference to Defendants' subjective intent regarding the meaning of any provisions in the contracts at issue, as such information is irrelevant and unfairly prejudicial, and thus is inadmissible. *See* FED. R. EVID. 401, 402, 403.

    _____  _____  _____
    GRANTED        DENIED         AGREED

12. Personal beliefs or speculation of any Defendants' witness, and Defendants' counsel, about the alleged intentions of the parties during the negotiations of agreements at issue.

    _____  _____  _____
    GRANTED        DENIED         AGREED

13. That Plaintiff allegedly took the stage at an event and allegedly made reference to someone bringing a condom to the stage. This statement, even if it were true, is irrelevant and unfairly prejudicial, and thus is inadmissible. *See* FED. R. EVID. 401, 402, 403.

   _____  _____  _____
   GRANTED  DENIED  AGREED

14. That this Motion has been filed, or disclosing any ruling by the Court in response to this Motion, suggesting or inferring that Plaintiff has moved to prohibit proof or that the Court has excluded proof on any particular matters.

   _____  _____  _____
   GRANTED  DENIED  AGREED

15. Any reference to the fact that Plaintiff changed law firms during this litigation, as such information is irrelevant and unfairly prejudicial, and thus is inadmissible. *See* FED. R. EVID. 401, 402, 403.

   _____  _____  _____
   GRANTED  DENIED  AGREED

16. The probable testimony of a witness who is absent, unavailable, or not called to testify at the trial or in a deposition because this would constitute putting unsworn testimony before the jury. *See Tex-Jersey Oil Corp. v. Beck*, 305 S.W.2d 162, 167 (Tex. 1957), *overruled on other grounds* 651 S.W.2d 249 (Tex. 1983); *see also Sanders v. St. Paul Fire & Marine Ins. Co.*, 429 S.W.2d 516, 522 (Tex. Civ. App.—Texarkana 1968, writ ref'd n.r.e.).

   _____  _____  _____
   GRANTED  DENIED  AGREED

17. Any argument, statements, or testimony from Defendants or its counsel that a witness testimony is a judicial admission or any similar argument, statement or testimony, which would imply that witness' testimony can be a judicial admission. *See Heritage Bank v. Redcom Laboratories, Inc.*, 250 F.3d 319, (5th Cir. 2001); *Mendoza v. Fidelity & Guaranty Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980).

   _____  _____  _____
   GRANTED  DENIED  AGREED

18. Placing before the jury in any form or fashion any out-of-court statement or report of a person not present in court to testify and be cross-examined by counsel for Plaintiff (except in the case of depositions taken in the case and otherwise admissible documents), as this information is inadmissible. *See* FED. R. EVID. 401, 402, 403, 801, 802.

    _____      _____      _____
    GRANTED        DENIED             AGREED

19. Any reference to written discovery responses that have been replaced by Plaintiff with an amendment as such information is irrelevant and unfairly prejudicial, and thus is inadmissible under Rules 401, 402 and 403 of the Federal Rules of Evidence.

    _____      _____      _____
    GRANTED        DENIED             AGREED

20. Any expert opinion testimony, or reference thereto, offered on behalf of Defendants by witnesses not designated timely as experts and who have not provided expert reports pursuant to the deadlines set forth in the Scheduling Order entered in this case.

    _____      _____      _____
    GRANTED        DENIED             AGREED

21. Any reference to any witness sponsored by Defendants as an "expert," or any other similar term, without an express ruling by the Court that the witness is qualified as an expert to testify to opinions concerning the specific subject areas of the witness' testimony. *See* FED. R. EVID. 702.

    _____      _____      _____
    GRANTED        DENIED             AGREED

22. That a witness, other than a qualified expert, must testify from personal knowledge and cannot state his opinions or draw conclusions as to the ultimate or controlling legal questions. *See* FED. R. EVID. 602; *Dallas Ry. Terminal Co. v. Gossett*, 294 S.W.2d 377, 380-81 (Tex. 1956); *City of Dallas v. Furrh*, 541 S.W.2d 271, 274 (Tex. Civ. App. — Texarkana 1976, writ ref'd n.r.e.).

    _____      _____      _____
    GRANTED        DENIED             AGREED

23. Commenting upon any failure of Plaintiff to call any witnesses equally available to all parties. *See Tex. Power & Light Co. v. Walker,* 559 S.W.2d 403, 406 (Tex. App.—Texarkana 1977, no writ); s*ee also Sanders v. St. Paul Fire & Marine Ins. Co.*, 429 S.W.2d at 521.

_____       _____       _____
GRANTED           DENIED                 AGREED

24. Defendants offering documents or exhibits into evidence that were not produced timely in response to discovery requests in this litigation, with the exception of timely impeachment evidence.

_____       _____       _____
GRANTED           DENIED                 AGREED

25. That, should Defendants wish to introduce any photographs, slides, videotapes, motion picture film or video evidence of any type into evidence, the same be tendered to the Court and opposing counsel outside the presence of the jury and shown or exhibited to determine its relevance and suitability for introduction into evidence prior to informing the jury of its existence and prior to its tender into evidence by Defendants.

_____       _____       _____
GRANTED           DENIED                 AGREED

26. Any reference, in whole or in part, to any discussion among counsel or discussion before the Court during a bench conference or during any hearing outside the presence of the jury, as this information is inadmissible. *See* FED. R. EVID. 401, 402, 403.

_____       _____       _____
GRANTED           DENIED                 AGREED

27. Disputes in this case concerning discovery matters including, but not limited to, motions to compel, motions for protective order, disputes arising during depositions, or any other matter relating to pre-trial discovery disputes, as this information is inadmissible. *See* FED. R. EVID. 401, 402, 403.

_____       _____       _____
GRANTED           DENIED                 AGREED

28. Requesting Plaintiff's witnesses or attorneys to produce documents, photographs, statements or any other material from their files or to demand or request further or additional discovery, physical documentation, or other requests for information or evidence of any kind or speculating about documents that have not been produced during the course of the trial in the presence of the jury, as this information is inadmissible. *See* FED. R. EVID. 401, 402, 403.

_____      _____      _____
GRANTED             DENIED                   AGREED

29. Any and all references to documents and/or materials in the possession of Plaintiff that were not requested of Plaintiff by Defendants through a formal and proper request for production pursuant to the Texas Rules of Civil Procedure, as this information is inadmissible. *See* FED. R. EVID. 401, 402, 403.

_____      _____      _____
GRANTED             DENIED                   AGREED

30. Any and all references to documents and/or materials that Plaintiff objected to producing in response to discovery requests, that Plaintiff did not produce, and that the Court did not order to be produced, as this information is inadmissible. *See* FED. R. EVID. 401, 402, 403.

_____      _____      _____
GRANTED             DENIED                   AGREED

31. Any and all references to objections made by Plaintiff in answers to written discovery requests, hearings and depositions, as well as objections made by Plaintiff in any other discovery proceeding, as well as reference to any refusal of Plaintiff to answer questions or produce documents that were objected to, excepting Plaintiff's objections to Defendants' designated deposition testimony and exhibits to be presented at trial plus all objections made by Plaintiff at trial, as this information is inadmissible. *See* FED. R. EVID. 401, 402, 403.

_____      _____      _____
GRANTED             DENIED                   AGREED

32. Any and all references to any requests made of Plaintiff or Plaintiff's attorneys to stipulate to either the admissibility of any evidence or stipulate to any facts or matters in front of the jury, as this information is inadmissible. *See* FED. R. EVID. 401, 402, 403.

_____   _____   _____
GRANTED         DENIED               AGREED

33. Any reference to Plaintiff's alleged failure to mitigate damages as Plaintiff is not required to mitigate its damages resulting from Defendants' breach of the aagreement and therefore such information is irrelevant, unfairly prejudicial, and confuses the issues, and thus is inadmissible. FED. R. EVID. 401, 402, 403.

_____   _____   _____
GRANTED         DENIED               AGREED

34. Any reference to any conduct or statement made during any compromise negotiations including, but not limited to, any mediation, and that there be no mention whatsoever that any person or entity has offered or failed to offer any amount in compromise and settlement of the claims herein, unless and until it has first been established outside the presence and/or hearing of the jury that such conduct, statements and/or offers are being tendered for some legitimate purpose other than to attempt to prove liability or amount of any such claim. *See* FED. R. EVID. 408; *McGuire v. Commercial Union Ins. Co. of N.Y.,* 431 S.W.2d 347, 352 (Tex. 1968); *Bounds v. Scurlock Oil Co.,* 730 S.W.2d 68, 70 (Tex. App. — Corpus Christi 1987, writ ref'd n.r.e.).

_____   _____   _____
GRANTED         DENIED               AGREED

35. That Defendants, their attorneys, and all witnesses involved in this lawsuit be instructed not to request or refer to the contents of any pleadings that have been superseded by the current, court sanctioned, pleadings on file in this case, as this information is inadmissible. *See* FED. R. EVID. 401, 402, 403.

_____   _____   _____
GRANTED         DENIED               AGREED

36. That, except in the case of using portions of a deposition that have been timely designated by Defendants pursuant to the Scheduling Order, Defendants be prohibited from reading from any non-designated portion of the deposition of any witness taken in this case or showing a videotaped deposition of the witness without first approaching the bench so opposing counsel can raise any objections to the deposition testimony and have those objections ruled upon as well as have any objections made during the deposition ruled upon prior to any deposition testimony being read or shown to the jury.

_____  _____  _____
GRANTED  DENIED  AGREED

37. Any comment by Defendants' attorneys that informs the jury of the effect of its answers to the questions in the charge. *See Magic Chef, Inc. v. Sibley*, 546 S.W.2d 851, 857 (Tex. App. — San Antonio 1977, writ ref'd n.r.e.).

_____  _____  _____
GRANTED  DENIED  AGREED

38. Before the Court rules on the law applicable to this case, any statement of the law other than regarding the burden of proof and the basic legal definitions all counsel believe to be applicable.

_____  _____  _____
GRANTED  DENIED  AGREED

WHEREFORE, Plaintiff requests The Court enter an order *in limine* as follows:

A. That counsel for Defendants be instructed not to mention or bring before the jury either directly or indirectly upon voir dire and examination, opening statement, interrogation of witnesses, argument objections before jury, or by any other means or in any other manner, inform the jury or bring to the jury's attention, any of the matters set forth above unless and until any such matters have been first called to the Court's attention out of the presence and hearing of the jury and a favorable ruling received from the Court as to the admissibility and relevance of any such matters;

  B. That counsel for Defendants be specifically instructed to inform, and counsel with, all of their witnesses and clients not to volunteer, interject, disclose, state, mention in the presence of the jury or in any other way refer to any of the matters stated in the above paragraphs, unless and until specifically questioned thereon after prior favorable ruling by the Court; and

  C. That counsel for Defendants be instructed that a violation of any and/or all of the Court's instructions, if any, in connection with this Motion would be likely to constitute undue harm to Plaintiff's case and deprive Plaintiff of a fair and impartial jury trial, and that such violation and failure to abide by the Court's order may bring about a mistrial and/or result in sanctions.

  SIGNED on the _____ day of _____, 2010.

_____
**SIM LAKE**
**UNITED STATES DISTRICT JUDGE**

        Respectfully submitted,

By: /s/ Aubrey "Nick" Pittman
    AUBREY "NICK" PITTMAN
    Federal Bar No. 14897
    State Bar No. 16049750

    **THE PITTMAN LAW FIRM, P.C.**
    100 Crescent Court, Suite 700
    Dallas, Texas 75201-2112
    214-459-3454
    214-853-5912 – fax
    Email: pittman@thepittmanlawfirm.com

       and -

By: /s/ Daryl K. Washington
    DARYL K. WASHINGTON
    Federal Bar No. 612861
    State Bar No. 24013714

    **LAW OFFICES OF DARYL K. WASHINGTON P.C.**
    325 N. St. Paul St., Suite 1875
    Dallas, Texas 75201
    214-880-4883
    469-718-0380 - fax
    Email: dwashington@dwashlawfirm.com
      -

    **ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2010, the foregoing pleading was filed with the clerk of The Court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of The Court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

    /s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN