**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MICHAEL BAISDEN, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C. A. No. 4:08-CV-00451 |
| | § | |
| I'M READY PRODUCTIONS, INC., | § | |
| IMAGE ENTERTAINMENT, INC., and | § | JURY TRIAL DEMANDED |
| A.L.W. ENTERTAINMENT, INC. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**JOINT SUBMISSION OF PROPOSED JURY INSTRUCTIONS, VERDICT FORMS**

Pursuant to the Court's Docket Control Order and the Local Rules for the Southern District of Texas, Plaintiff Michael Baisden and Defendants I'm Ready Productions, Inc., Image Entertainment, Inc., A.L.W. Entertainment, Inc., Je'Caryous Johnson and Gary Guidry (collectively "Defendants") jointly submit their proposed jury instructions and verdict forms.

**Exhibit A** is a joint list of proposed jury instructions.  Where the parties agree, the instruction is labeled "AGREED."  Where no agreement was reached between the parties, the instructions are labeled "PLAINTIFF'S PROPOSED INSTRUCTION" or "DEFENDANTS' PROPOSED INSTRUCTION."

**Exhibit B** is Unified Verdict Form.  Where the parties agree, the question is labeled "AGREED."  Where no agreement was reached between the parties, the instructions are labeled "PLAINTIFF'S PROPOSED QUESTION" or "DEFENDANTS' PROPOSED QUESTION."

DATED:  February 9, 2011

Respectfully submitted,

### Counsel for Plaintiff:

Aubrey "Nick" Pittman
The Pittman Law Firm, P.C.
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
Telephone: 214-459-3454

Daryl K Washington
Law Offices of Daryl K. Washington, P.C.
325 N. St. Paul St. Suite 1975
Dallas, TX  75201
Telephone: 214-880-4883

### Counsel for Defendants IRP, ALW, Guidry, and Johnson:

David H. Harper
Jason P. Bloom
HAYNES AND BOONE LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75202
Telephone: 214-651-5000

Kirk L. Worley
Kent Rutter
Christina Crozier
HAYNES AND BOONE, LLP
1221 McKinney Street, Suite 2100
Houston, Texas 77010
Telephone: 713 547-2217

### Counsel for Defendant Image Entertainment, Inc.:

Patricia Hair
Phelps Dunbar LLP
700 Louisiana St., Suite 2600
Houston, Texas 77002
Telephone: 713 877-5542

Mary Ellen Roy
Phelps Dunbar, LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-9254

Vince Ravine [pro hac vice]
California State Bar No. 206432
6553 Louise Ave
Lake Balboa, California 91406
Telephone:  818 776-0882

## EXHIBIT A

**JOINT LIST OF PROPOSED JURY INSTRUCTIONS**

Court's Instruction No.____

**1.     GENERAL INSTRUCTIONS FOR CHARGE [Part 1] [AGREED]**

MEMBERS OF THE JURY:
You have now been sworn as the jury to try this case.  As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure.  From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement.  Opening statements are intended to assist you in understanding the evidence.  What the lawyers say is not evidence.

After the opening statements, the plaintiff will call witnesses and present evidence.  Then, the defendant will have an opportunity to call witnesses and present evidence.  After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence.  After all the evidence is completed, the lawyers will again address you to make final arguments.  Then I will instruct you on the applicable law.  You will then retire to deliberate on a verdict.

Keep an open mind during the trial.  Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence.

If you would like to take notes during the trial, you may do so.  If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony.  Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes.  If you do not take notes, rely on your own independent memory of the testimony.  Do not be unduly influenced by the notes of other jurors.  A juror's notes are not entitled to any greater weight than the recollection of each juror concerning the testimony.  Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations.  On the other hand, any exhibits may be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit

anyone to discuss this case in your presence.  Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case.  If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately.  Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons associated with them.  It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case.  You are to be guided solely by what you see and hear in this trial.  Do not learn anything about the case from any other source.  In particular, do not read any newspaper account of this trial or listen to any radio or television newscast concerning it.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence.  I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.

*Authority:  Fifth Circuit Model Jury Instruction 1.1 (2009)*

Court's Instruction No. ___

**2.      DIRECT AND CIRCUMSTANTIAL EVIDENCE [AGREED]**

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider. One is direct evidence -- such as testimony of an eyewitness. The other is indirect or circumstantial evidence -- the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

*Authority:  Fifth Circuit Pattern Civil Jury Instructions § 2.18 (2006).*

Court's Instruction No. ____

**3.      WHAT IS NOT EVIDENCE [AGREED]**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I gave a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Court's Instruction No. ___

**4.      LIMITING INSTRUCTION [AGREED]**

You will recall that during the course of this trial I instructed you that I admitted certain testimony [and certain exhibits] for a limited purpose and I instructed you that you may consider some testimony [and documents] as evidence against one party but not against another.  You may consider such evidence only for the specific limited purposes for which it was admitted.   [Specific limiting instructions may be repeated as appropriate.]

Court's Instruction No. ____

**5.     RULING ON OBJECTIONS [AGREED]**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Court's Instruction No. ___

**6.      CREDIBILITY OF WITNESSES [AGREED]**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it. In considering the testimony of any witness, you may take into account:

(1)      the opportunity and ability of the witness to see or hear or know the things testified to;

(2)      the witness's memory;

(3)      the witness's manner while testifying;

(4)      the witness's interest in the outcome of the case and any bias or prejudice;

(5)      whether other evidence contradicted the witness's testimony;

(6)      the reasonableness of the witness's testimony in light of all the evidence; and

(7)      any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Court's Instruction No. ___

**7.     PLAINTIFF'S PROPOSED JURY INSTRUCTION - THE PARTIES [AGREED]**

The Plaintiff in this case is Michael Baisden, who is an entertainer, writer, motivational speaker and nationally syndicated radio and TV personality.

The Defendants are I'm Ready Productions, Inc. ("IRP") a theatre company and its principals Gary Guidry and Je'Caryous Johnson.  The other Defendants are A.L.W. Entertainment, Inc., owned by Al Wash and Image Entertainment, Inc., an entertainment company, based in Los Angeles, primarily engaged in the business of acquiring and distributing entertainment programming.

For convenience, from now on I will refer to all of the defendants collectively as simply "Defendants." If I ever want to refer to only one or fewer than all of the Defendants, I will use its or their full name.

Court's Instruction No. ___

**8.     FIRST RECESS [AGREED]**

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier.  Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else.  If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately.  Do not read or listen to any news reports of the trial.  Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the marshal to give to me.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

*Authority:  Fifth Circuit Model Jury Instruction § 2.1*

Court's Instruction No. ____

**9.      BENCH CONFERENCES AND RECESSES  [AGREED]**

At times during the trial it may be necessary for me to talk with the lawyers here at the bench out of your hearing, or by calling a recess.  We meet because often during a trial something comes up that doesn't involve the jury.

*Authority:  Fifth Circuit Model Jury Instruction § 2.7*

Court's Instruction No. ___

**10.    INSTRUCTIONS DURING TRIAL - PRIOR TO DEPOSITION TESTIMONY [AGREED]**

Certain testimony will now be presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers will be read to you today and/or a videotape of that deposition may be shown. This deposition testimony is entitled to the same consideration, is to be judged by you as to credibility, and weighed and otherwise considered by you insofar as possible in the same way as if the witness had been present and had testified from the witness stand in court.

*Authority:  Fifth Circuit Pattern Civil Jury Instructions § 2.23 (2006)(modified).*

Court's Instruction No. ___

**11.      DUTY TO DELIBERATE [AGREED]**

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

*Authority:  Fifth Circuit Model Jury Instruction § 2.11*

Court's Instruction No. ___

12.     **GENERAL INSTRUCTIONS FOR CHARGE [Part 2] [AGREED]**

MEMBERS OF THE JURY:

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

[After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.]

_____Answer each question from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

[You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another.  You may consider such evidence only for the specific limited purposes for which it was admitted.  (Specific limiting instructions may be repeated as appropriate.) ]

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory;  and the significance of that

may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

[Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.]

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as

you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

[After I instruct you on the law, the attorneys will have an opportunity to make

their closing arguments.]

## READ INSTRUCTIONS ON LAW AND JURY VERDICT FORM

*Authority:*  Fifth Circuit Pattern Jury Charges 3.1

Court's Instruction No. ___

## 13.    PREPONDERANCE OF THE EVIDENCE [AGREED]

In this case, the Plaintiff must prove every essential part of his claims by a preponderance of the evidence, unless I instruct you that I have already decided a claim, or an essential part of a claim, in Plaintiff's favor.

Defendant IRP has raised some of its own claims as well.  As to those claims, IRP must prove every essential part of his claims by a preponderance of the evidence, unless I instruct you that I have already decided a claim, or an essential part of a claim, in IRP's favor.

A preponderance of the evidence simply means evidence that persuades you that the party's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

If the proof fails to establish any essential part of the Defendants' claims by a preponderance of the evidence, you should find for the Plaintiff as to those claims.

*Authority:  Fifth Circuit Pattern Civil Jury Instructions § 2.20 (2006)*
*(Modified)*

Court's Instruction No. ___

**14.    PLAINTIFF'S PROPOSED JURY INSTRUCTION - COPYRIGHT INFRINGEMENT GENERALLY [OPPOSED]**

**DEFENDANTS OBJECT AND PROPOSE AN ALTERNATIVE WHICH FOLLOWS AT NOS. 16-18.**

As I said, in addition to alleging that Defendants committed breach of contract and unfair competition, Plaintiff Michael Baisden accuses Defendants of copyright infringement.  To help you understand the evidence that will be presented in this case, I will explain some of the legal terms you will hear during this trial.

DEFINITION OF COPYRIGHT

Copyright is the exclusive right to copy.  The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, or distributing the work covered by copyright for a specific period of time.  Copyrighted work can include literary works, pictorial works, graphic works, architectural works, computer programs, and other works.

HOW COPYRIGHT IS OBTAINED AND REGISTERED

A copyright automatically exists in a work the moment it is created. The owner of the copyright may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work. After examination and a determination that the material deposited constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.  A copyright owner need not obtain a certificate of registration prior to filing a suit for copyright infringement.

LIABILITY FOR INFRINGEMENT

One who reproduces, prepares derivative works, distributes or displays a copyrighted work during the term of the copyright without the consent of the copyright owner infringes the copyright.

In this case I have previously determined, or the parties have not contested, that the VHS and DVD recordings of *The Maintenance Man* and *Men Cry In The Dark* are works covered under the copyrights of *The Maintenance Man* and *Men Cry In The Dark*. Therefore, you will not need to decide whether the recordings or stageplays are adapted or derive from the copyrighted novels.

*Authority:  17 U.S.C. § 101 et seq.; Ninth Circuit Manual of Model Jury Instructions Civil § 17.0 (1997)(modified).  The Fifth Circuit does not provide a pattern jury instruction on Liability for Infringement related to copyright infringement but holds that a certificate of registration is not needed prior to initiating a copyright infringement lawsuit.  See Axiom Mfg., Inc. v. McCoy Investments, Inc.*, No. H-09-3735, 2010 WL 2545584 (S.D. Tex. June 21, 2010) ("The plaintiff need not obtain a certificate of registration before filing suit, as is required in some other circuits.") (citing *Positive Black Talk, Inc. v. Cash Money Records*, 394 F.3d 357, 374 (5th Cir. 2004), *abrogated on other grounds, Reed v. Elsevier, Inc. v. Muchnick*, 130 S.Ct. 1237 (2010)); *see also Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 251 (5th Cir. 2010) (copyright infringement claim requires (1) that plaintiff owns valid copyright, and (2) that defendant copied the constituent original elements of plaintiff's work).

Defendants' Objections:

Defendants object to the section entitled "Liability for Infringement."  The instruction omits the Fifth Circuit's three elements for copyright infringement, which are included in Defendants' Instruction 23 entitled "Infringement of the Copyright Act."  *See Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007) ("To prove copyright infringement, a plaintiff must establish (1) ownership of a valid copyright; (2) factual copying; and (3) substantial similarity.").

Moreover, the second paragraph incorrectly assumes that liability is already established.  It is incorrect to say in the last sentence that "you will not need to decide whether the recordings or stageplays are adapted or derived from the copyrighted novels."  Many elements of the stageplays are original creations of Defendants.  The jury must do a side-by-side comparison of the works to determine whether there is such substantial similarity between the copyrightable elements of Plaintiff's novels and elements of the DVDs to render a finding of infringement proper.  *See Positive Black Talk, Inc. v. Cash Money Records*, 394 F.3d 357, 374 (5th Cir. 2004) *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1243 (2010).  There has been no finding of infringement up to this point, and could be none since: (1) infringement is a matter of fact, not law; (2) Plaintiff never sought a finding of infringement; and (3) the Court has never had the works before it to make such a finding, in any event.

Moreover, any discussion about infringement should also be accompanied by an instruction on license.  Defendants have included a proposed on licensing, Instruction 43, entitled "Licensing of Copyright."

<u>Plaintiff's Response to Defendants' Objections and Defendants' Proposed Instruction 43:</u>

The court may determine copyright infringement as a matter of law.  *See, e.g., Jones v. Blige*, 558 F.2d 485, 490 (6th Cir. 2009) (noting that although summary judgment should be used sparingly in copyright infringement cases, the judge can compare the two works and render judgment as a matter of law as to substantial similarity).

Plaintiff objects to Defendants' Proposed Instruction 43, *infra*.

Court's Instruction No. ___

## 15.   PLAINTIFF'S PROPOSED JURY INSTRUCTION - COPYRIGHT – DEFINED [AGREED]

As stated earlier, copyright is the exclusive right to copy. This right to copy includes the exclusive right[s] to:

1.      reproduce the copyrighted work;

2.      prepare derivative works based upon the copyrighted work;

3.      distribute copies of the copyrighted work to the public by sale or other transfer of ownership or by rental or lease or lending;

4.      perform publicly a copyrighted literary work, musical work, dramatic work, choreographic work, pantomime work, motion picture or other audiovisual work;

5.      display publicly a copyrighted literary work, musical work, dramatic work, choreographic work, pantomime work, pictorial work, graphic work, sculptural work, the individual images of a motion picture or other audiovisual work; and

6.      perform a sound recording by means of digital audio transmission.

It is the owner of a copyright who may exercise these exclusive rights to copy.  In general, copyright law protects against production, adaptation, distribution, performance, and display of substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement. Even though one may acquire a copy of the copyrighted work, the copyright owner retains rights and control of that copy, including uses that may result in additional copies or alterations of the work.

*Authority:  17 U.S.C. § 10.  The Fifth Circuit does not provide a pattern jury instruction on copyright terminology related to copyright infringement.  But see Maverick Recording Co. v. Harper, 598 F.3d 193 (5th Cir. 2010) (copyright owner has exclusive right to reproduce); see also Ninth Circuit Manual of Model Jury Instructions Civil § 17.1 (2008) (as modified).*

Court's Instruction No. ___

**16.    DEFENDANTS' PROPOSED JURY INSTRUCTION – COPYRIGHT DEFINITION [OPPOSED]**

**PLAINTIFF OBJECTS AND PROPOSES AN ALTERNATIVE WHICH APPEARS ABOVE AT NOS. 14, 15.**

Baisden has brought a claim for copyright infringement against Defendants.

The term "copyright" means the exclusive right to copy.  The owner of a copyright in a literary work, musical work, dramatic work, choreographic work, or motion picture has the exclusive right to:

> Reproduce the copyrighted work;
> Prepare derivative works based upon the copyrighted work;
> Distribute copies or sound recordings of the copyrighted work to the public by sale or other transfer of ownership or by rental, lease, or lending;
> Perform the work publicly; and
> Display the work publicly. [1]

The term "owner" of a copyright includes the author or authors of the work, an assignee, and an exclusive licensee.[2]

The term "derivative work" means a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art preproduction, abridgement, condensation, or any other form in which a work may be recast, transformed, or adapted.[3]  [4] The author or creator of an authorized derivative work is entitled to copyright protection as to that work.

Plaintiff's Objections:

This instruction is an incomplete recitation of 17 U.S.C. § 106.  It is also confusing to add issues such as licensees and derivative works to this instruction. Plaintiff suggests Instruction Nos. 15 and 17 instead.

---

[1] 17 U.S.C. § 106; O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS § 160.40 (5th ed. 2001).

[2] O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS § 160.40 (5th ed. 2001).

[3] 17 U.S.C. § 101; O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS § 160.42 (5th ed. 2001).

[4] 17 U.S.C. § 201(d)(2) ("The owner of any particular exclusive right is entitled, to the extent of that right, to all of the protection and remedies accorded to the copyright owner by this title.").

17.    **DEFENDANTS' PROPOSED JURY INSTRUCTION – COPYRIGHT PROTECTION [OPPOSED]**

**PLAINTIFF OBJECTS AND PROPOSES AN ALTERNATIVE WHICH APPEARS ABOVE AT NOS. 14, 15.**

In answering Questions __, __, and __ [Copyright Infringement Questions], you should consider the following instruction.

Copyright protection does not extend to all elements of a copyrighted work.[5]  The protectable elements that you may consider include the tangible, original expressions of ideas, not but the ideas themselves.[6]  Protectable elements include, for example, the literary, musical, dramatic, choreographic, pictorial or artistic form in which the author expressed intellectual concepts.  Copyright protection extends only to those components of a work that are original to the author.[7]  Non-protectable elements that you should not consider in your comparison include the ideas or information revealed by the author's work.[8]  For instance, facts, information in the public domain, and expressions that are standard, stock or common to a particular subject matter are not protected by copyright.[9]

Plaintiff's Objections:

Plaintiff objects to this instruction because it is inconsistent with the facts of this case and previous rulings by this Court.  This case is also about whether Defendant IRP had a license to do what it did.  Even if this case required a full-blown copyright infringement analysis, this instruction is inaccurate.  By obtaining certificates of registration from the United States Register of Copyrights for the *Men Cry in the Dark* and *The Maintenance Man,* Plaintiff has established a presumption in favor of the copyright's validity under 17 U.S.C. § 410(c).

If the Court finds that this *protectable elements* instruction is appropriate, Plaintiff would propose adding the following:

A combination of individual elements not eligible for copyright protection is eligible for copyright protection if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship.

---

[5] *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 348 (1991).

[6] *Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 533 (5th Cir. 1994).

[7] *Feist Publ'ns*, 499 U.S. at 348.

[8] 17 U.S.C. § 102(b) & comment.

[9] *Eng'g Dynamics, Inc. v. Structural Software*, 26 F.3d 1335, 1344 (5th Cir. 1994).

The fact that one or more of Defendants' DVD's may have elements similar to other preexisting works does not mean that the stageplays or DVD's do not infringe on the novels in which Plaintiff has ownership. If you find that the combination of features in the Plaintiff's work amounts to original expression, you may find the stageplays and DVD's to be infringing if its combination of various features is substantially similar to Plaintiff's works.

*Authority:  Mattel, Inc. v. Goldberger Doll Mfg. Co*., 365 F.3d 133, 135 (2d Cir. 2004) ("Even if the record had shown that many dolls possess upturned noses, bow lips, and wide-spread eyes, it would not follow that each such doll - assuming it was independently created and not copied from others - would not enjoy protection from copying."); *Dollcraft Indus., Ltd. v. Well-Made Toy Mfg. Co.*, 479 F. Supp. 1105, 1114-15 (E.D.N.Y. 1978) ("[T]hat plaintiffs toys contained features separately found on other dolls does not render their copyrights invalid. Rather, the original combination of these features into new dolls makes the dolls copyrightable."); *Fisher-Price Toys v. My-Toy Co*., 385 F. Supp. 218, 219-20 (S.D.N.Y. 1974) (same).

18.     **DEFENDANTS' PROPOSED JURY INSTRUCTION – INFRINGEMENT OF THE COPYRIGHT ACT [OPPOSED]**

**PLAINTIFF OBJECTS AND PROPOSES AN ALTERNATIVE WHICH APPEARS ABOVE AT NOS. 14, 15.**

In answering Questions __, __, and ___ [Copyright Infringement Questions], you should consider the following instruction.

To prevail on his copyright infringement claim, Baisden must prove three different elements:[10]

(1)     that he is the owner of a registered work protected by the Copyright Act; and[11]

(2)     that Defendants copied elements of the work that are original; and[12]

(3)     there is substantial similarity between the two works.

The first element, proof of ownership, is shown by proof that the work is original, capable of being copyrighted, and in compliance with the applicable statutory requirements.[13]   A work is original if it was independently created by the author (as opposed to copied from other works), and possesses at least some minimal degree of creativity.[14]   To bring a claim for copyright infringement, the work must be registered.[15]

The second element, copying, may be shown in two separate ways.  Copying may be inferred from proof that the Defendants had access to the copyrighted work before creation of the infringing work and that the works contain similarities that are probative of copying.  Copying may also be shown if there is a striking similarity between the two works that could only be explained by actual copying.[16]

The third element, substantial similarity, requires you to make a side-by-side comparison between the original and the copy to determine whether they are substantially

---

[10] *Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007) ("To prove copyright infringement, a plaintiff must establish (1) ownership of a valid copyright; (2) factual copying; and (3) substantial similarity.").

[11] *See Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS § 160.21 (5th ed. 2001); 17 U.S.C. § 411.

[12] *See Feist Publications*, 499 U.S. at 361; O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS § 160.21 (5th ed. 2001).

[13] *Compaq Computer Corp. v. Ergonome, Inc.*, 387 F.3d 403, 408 (5th Cir. 2004).

[14] *Norma Ribbon & Trimming Inc. v. Little*, 51 F.3d 45, 34 (5th Cir. 1995).

[15] 17 U.S.C. § 411(a).

[16] *Knowles*, 512 F.3d at 152 & n.3.

similar.[17]   In determining whether there is substantial similarity between the two works, you should compare only those elements that are protected by copyright laws.[18]

Plaintiff's Objections:

Plaintiff objects to this instruction because it is inconsistent with Fifth Circuit law, the facts of this case and a previous ruling by this Court.  First, *see Axiom Mfg., Inc. v. McCoy Investments, Inc.*, No. H-09-3735, 2010 WL 2545584 (S.D. Tex. June 21, 2010) ("The plaintiff need not obtain a certificate of registration before filing suit, as is required in some other circuits.") (citing *Positive Black Talk, Inc. v. Cash Money Records*, 394 F.3d 357, 374 (5th Cir. 2004), *abrogated on other grounds, Reed v. Elsevier, Inc. v. Muchnick*, 130 S.Ct. 1237 (2010)).   Second, this is not a plain vanilla copyright infringement case.  This case is about whether Defendant had a license to do what it did. Even if this case required a full-blown copyright infringement analysis, this instruction is inaccurate.  If the Court finds that it is, Plaintiff proposes the instruction set forth above at No. 17 and would further propose the following:

In order for Plaintiff to recover for copyright infringement, he must also prove that any copies or derivative works made by the Defendants contains elements that are substantially similar to elements in his works. Substantial similarity does not require that the two works be exact reproductions or nearly identical; substantial similarity is found where the work is recognizable by the ordinary observer as having been taken from the copyrighted source. Moreover, the existence of differences between the two works will not negate infringement unless they so outweigh similarities that the similarities can only be deemed inconsequential within the total context of the copyrighted work.

You may consider whether the total concept and feel of the works in question are substantially similar. This evaluation should be based on the ordinary and reasonable layperson's overall impression of the two works, not on a detailed comparison of the two works that focuses on individual differences.

It is not a defense to infringement to claim to have merely used some, but not all, of a copyrighted work. If you find that the Defendants used or copied only a portion of Plaintiff's work, but that the portion used or copied included original elements, you should find that the works are substantially similar and find in favor of the Plaintiff.

*Authority*: *Peel & Co. v. The Rug Market*, 238 F.3d 391, 394 (5th Cir. 2001) (quoting *Feist Publications v. Rural Tel Serv*., 111 S.Ct. 1282 (1991)); *Arthur Rutenberg Homes, Inc. v. Maloney*, 891 F.Supp. 1560, 1567 (M.D. Fla. 1995); *Value Group v. Mendham*

---

[17] *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 576 (5th Cir. 2003).

[18] *Straus v. DVC Worldwide, Inc.*, 484 F. Supp. 2d 620, 636 (S.D. Tex. 2007); *R. Ready Productions, Inc. v. Cantrell*, 85 F. Supp. 2d 672, 683 (S.D. Tex. 2000); *see also Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 533 (5th Cir. 1994).

*Lake Estates*, 800 F.Supp. 1228, 1233 (D.N.J. 1992); *CSM Investors v. Everest Development*, 840 F.Supp. 1304, 1312 (D. Minn. 1994); *Harper & Row Publishers, Inc. v. Nation Enterprises*, 105 S.Ct. 2218, 2233 (1985) ("no plagiarist can excuse the wrong by showing how much of his work he did not pirate").

Court's Instruction No. ___

**19.      PLAINTIFF'S PROPOSED JURY INSTRUCTION - CONTRIBUTORY INFRINGEMENT [OPPOSED]**

**<u>DEFENDANTS OPPOSE THIS INSTRUCTION</u>**

A defendant may be liable for copyright infringement engaged in by another if the defendant knew or had reason to know of the infringing activity and intentionally induces or materially contributes to that infringing activity.

If you find that one or more of the Defendants infringed the Plaintiff's copyrights in *The Maintenance Man* and/or *Men Cry In The Dark*, you may proceed to consider whether one or more of the Defendants contributorily infringed that copyright. To prove copyright infringement, the Plaintiff must prove both of the following elements by a preponderance of the evidence:

1.      the defendant knew or had reason to known of the infringing activity of the Defendant who infringed Plaintiff's copyright; and

2.      the defendant intentionally induced and/or materially contributed to the infringing activity.

If you find that a Defendant infringed the Plaintiff's copyright and you also find that the Plaintiff has proved both of these elements, your verdict should be for the Plaintiff.

*Authority:  The Fifth Circuit does not provide a pattern jury instruction on contributory infringement.  But see Alcatel USA, Inc. v. DGI Technologies, Inc., 166 F.3d 772, 780 (5th Cir. 1999) ("A party is liable for contributory infringement when it, with knowledge that of the infringing activity, induces, causes or materially contributes to infringing conduct of another.") (internal quotations and citations omitted); see also Ninth Circuit Manual of Model Jury Instructions Civil § 17.21 (as modified).*  Plaintiff's pleadings have consistently alleged that all the Defendants "were well aware of Plaintiff's ownership of the copyrights in the Novels and any derivative works thereof.  Nonetheless, Defendants are making and causing to be made unauthorized copies of Plaintiff's copyrighted works . . . ."  Corrected Third Amended Complaint, ¶ 27 (docket no. 154).  Plaintiff does not find that Defendants' contention that different discovery would have been sought on contributory infringement if contributory infringement was set out as a distinct cause of

action to be credible.   Plaintiff further disputes the Defendants' statement in their objections immediately following this paragraph that Plaintiff is only asserting a breach of contract claim against IRP.

Defendants' Objections:

Plaintiff has never pleaded contributory infringement.  Because Defendants never had an opportunity to conduct discovery on the matter of contributory infringement, Defendants are prejudiced by Plaintiff's failure to plead the issue.

Additionally, Plaintiff cannot assert a claim for contributory infringement against Guidry and Johnson since it exceeds the limited scope of the vicarious liability claim Plaintiff was allowed to add against Guidry and Johnson after the close of discovery. (Dec. 3, 2009 Order, Dkt. 152.)

Moreover, Guidry and Johnson object to all of Plaintiff's instructions that broadly assert liability against all Defendants since Plaintiff has only asserted claims of copyright infringement and misappropriation against Defendants IRP, Image, and ALW and has only asserted a claim for breach of contract against Defendant IRP.  Guidry and Johnson are only in the case to the limited extent they can be found vicariously liable for the actions of IRP based on its "tax and corporate status."

Moreover, if the Court allows the instruction, the last paragraph of the instruction should state, "If, on the other hand, the plaintiff has failed to prove either or both of these elements, your verdict should be for the defendant."  Plaintiff omitted this language from the pattern instruction he relies upon.  *See* Ninth Circuit Model Jury Instruction 17.21.

Plaintiff's additional Response:

*See Fermata Int'l Melodies, Inc. v. Champions Golf Club Inc.*, 712  F.Supp. 1257, 1262 (S.D. Tex. 1989) ("Cases have held that all participants in copyright infringement are jointly and severally liable as tortfeasors . . . .") (internal citations and quotations omitted).

Court's Instruction No. ___

**20.    PLAINTIFF'S PROPOSED JURY INSTRUCTION - VICARIOUS INFRINGEMENT [OPPOSED]**

**<u>DEFENDANTS OPPOSE THIS INSTRUCTION</u>**

A defendant is liable for copyright infringement by another person if the defendant has a financial interest and the right and ability to supervise the infringing activity of the other person, whether or not the defendant knew of the other person's infringement.

*Authority:  The Fifth Circuit does not provide a pattern jury instruction on vicarious infringement.  But see Fermata Int'l Melodies, Inc. v. Champions Golf Club Inc.*, 712 F.Supp. 1257, 1262 (S.D. Tex. 1989) ("Cases have held that all participants in copyright infringement are jointly and severally liable as tortfeasors . . . A corporate officer may be held vicariously liable (1) if the officer has a financial stake in the activity and (2) if the officer has the ability and right to supervise the activity causing infringement."); *see also Alcatel USA, Inc. v. DGI Technologies, Inc.*, 166 F.3d 772, 780 (5th Cir. 1999) ("A party is liable for contributory infringement when it, with knowledge that of the infringing activity, induces, causes or materially contributes to infringing conduct of another.") (internal quotations and citations omitted); *see also Ninth Circuit Manual of Model Jury Instructions Civil § 17.20 (as modified).*  Plaintiff's pleadings have consistently alleged that all the Defendants "were well aware of Plaintiff's ownership of the copyrights in the Novels and any derivative works thereof.  Nonetheless, Defendants are making and causing to be made unauthorized copies of Plaintiff's copyrighted works . . . ."  Corrected Third Amended Complaint, ¶ 27 (docket no. 154).

<u>Defendants' Objections:</u>

Defendants object to this instruction since Plaintiff was not permitted to plead a claim for vicarious copyright infringement.  Rather, Plaintiff's claim against Guidry and Johnson was limited to a claim for vicarious liability for the acts of IRP based solely on IRP's "tax and corporate status."  (Dec. 3, 2009 Order, Dkt. 152).  Such a claim involves whether IRP's corporate status lapsed for any period of time due to a failure to pay state franchise taxes.  *See* Tex. Tax Code § 171.255; *In re Trammell*, 246 S.W.3d 815, 822 (Tex. App. 2008, no pet.); *see also* Defendant's November 5, 2010 Memorandum of Authorities at § V.   As set forth below, a claim for vicarious copyright infringement requires a greater showing than what Plaintiff was permitted to plead and should not be allowed.

Moreover, the instruction requested by Plaintiff is different from the model instruction he relies on.  *See* Ninth Circuit Model Jury Instruction 17.20.  If the Court finds that Plaintiff is entitled to an instruction on vicarious infringement, it should stated, consistent with 17.20: "If you find that Defendants infringed on Baisden's copyright [in a particular work], you may consider the plaintiff's claim that [Johnson and/or Guidry] vicariously infringed that copyright.  The plaintiff has the burden of proving each of the following by a preponderance of the evidence: (1) Johnson and/or Guidry profited directly from the infringing activity of the Defendants that you found infringed the copyright in Question __; (2) Johnson and/or Guidry had the right and ability to supervise the infringing activity of the Defendants that you found infringed the copyright in Question __; and (3) Johnson and/or Guidry failed to exercise that right or ability."

<u>Plaintiff's Response</u>:

Plaintiff were willing to add the language suggested by Defendants to reach agreement on this vicarious infringement instruction.

Court's Instruction No. ___

**21.  PLAINTIFF'S PROPOSED JURY INSTRUCTION – SCIENTER [OPPOSED]**

**DEFENDANTS OPPOSE THIS INSTRUCTION**

Plaintiff is not required to prove that Defendants consciously or deliberately copied or distributed his copyrighted works. This is because even subconscious copying is still infringement when all the other elements of infringement are met.

Defendants' Objections:

Defendants are unaware of, and Plaintiff does not cite, any Fifth Circuit authority supporting such a proposition.

*Authority:  Maverick Recording Co. v. Harper*, 598 F.3d 193 (5th Cir. 2010) (citing *Nimmer* § 7.02 and stating that copyright infringement "has no mens rea element."); *Herbert Rosenthal Jewelry Corp. v. Kalpakin, 446 F.2d 738, 741 (9th Cir. 1971).*

Plaintiff's Response:

There is Fifth Circuit authority for this instruction. *See* Authority, cited above.

Court's Instruction No. ___

## 22.   PLAINTIFF'S PROPOSED JURY INSTRUCTION - COURT'S INTERPRETATION – INFRINGEMENT [OPPOSED]

### DEFENDANTS OPPOSE THIS INSTRUCTION

In this case, the Court has already interpreted certain portions of the agreements at issue.  For instance, the Court has already determined that even if you were to find that the contracts between Mr. Baisden and I'm Ready Productions were valid and still enforceable, in order for IRP to have had any right to sell DVD's of the stageplays of *The Maintenance Man* or *Men Cry in the Dark,* any third-party agreement to sell the DVD's had to be in existence before the end of the three-year period of the contract's existence.

In this case, the Court has determined that per the "Terms and Rights Granted" section, the agreements terminated three years after signing, which was March 9, 2004, for the *Men Cry in the Dark* Agreement and July 25, 2005, (or December 2005) for *The Maintenance Man* Agreement.

As a result of the Court's findings, you are instructed that pursuant to the Court's rulings, the sales of the *Men Cry in the Dark* DVD's constitute an infringement of Plaintiff's *Men Cry in the Dark* copyright.

*Authority:*  See Mem. & Recommendation dated Sept. 9, 2009, Docket Entry No. 126, pp. 23-25.  The court adopted this Memorandum and Recommendation without change. See Order dated Nov. 23, 2009, Docket Entry No. 149.

Defendants' Objections:

This instruction improperly assumes that copyright infringement of *Men Cry in the Dark* is already established.  The Court never made such a ruling.  If, as the Defendants allege, the parties entered into an agreement renewing or extending the *Men Cry in the Dark* Agreement and the parties entered into the Image agreement before December 29, 2005, then there is no infringement.  Defendants are entitled to obtain jury findings on those issues.

Additionally, to find infringement, the jury must do a side-by-side comparison of the works to determine whether there is such substantial similarity between the copyrightable elements of Plaintiff's novels and elements of the DVDs to render a finding of infringement proper.  *See Positive Black Talk, Inc. v. Cash Money Records*, 394 F.3d 357, 374 (5th Cir. 2004) *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1243 (2010).  There has been no finding of infringement up to this point, and could be none since: (1) infringement is a matter of fact, not law; (2) Plaintiff never sought a finding of infringement; and (3) the Court has never had the works before it to make such a finding, in any event.

23.     **DEFENDANTS' PROPOSED JURY INSTRUCTION – LIMITATION ON COPYRIGHT INFRINGEMENT CLAIMS [OPPOSED]**

**PLAINTIFF OPPOSES THIS INSTRUCTION**

In determining whether Defendants infringed upon Baisden's copyright in Question __, __, and __ [Copyright Infringement Questions], you may only consider events occurring after certain dates.[19]

You may consider the performances of the *Men Cry in the Dark* stageplay that occurred on and after November 4, 2005, and the sales of video recordings of the *Men Cry in the Dark* stageplay that occurred on or after November 4, 2005.

Also, if you find in Question __ that Baisden and IRP did not enter into a contract concerning *The Maintenance Man* in December 2002, then you may consider the sales of video recordings of *The Maintenance Man* stageplay that occurred on or after July 25, 2005.

Plaintiff's Objection:

Plaintiff objects to this instruction to the extent it is inconsistent with the law, with the Court's previous ruling and is confusing.  If Defendant exceed the scope of the contractual agreements, copyright infringement may still be found by the jury.

---

[19] *See* Sept. 9, 2009 Memorandum and Recommendation, at 36 ("Given the scope and timing of the complaints, then, any copyright infringement claim related to The Maintenance Man novel that occurred before February 7, 2005, is barred by the statute of limitations.  Any copyright infringement claim related to the Men Cry in the Dark novel that occurred before November 4, 2005, is barred by the statute of limitations.  More specifically, the following copyright claims survive: 1) the performances of the Men Cry Stageplay that occurred on and after November 4, 2005; 2) the sales of video recordings of the Men Cry Stageplay from November 4, 2005, forward; and 3) the sales of video recordings of the Maintenance Man Stageplay from July 25, 2005, (or December 29, 2005, should the December 2002 Maintenance Man contract be found valid), the date the contract terminated, forward.").

Court's Instruction No. ____

**24.    PLAINTIFF'S PROPOSED JURY INSTRUCTION - COPYRIGHT—
        DAMAGES - INTRODUCTION [AGREED]**

If you find that defendant has infringed plaintiff's copyright, then plaintiff may
recover either:

1.  Plaintiff's actual damages, plus defendant's profits attributable to infringement;
    or, at the copyright owner's option,

2.  Statutory damages.

*Authority:*  ABA Model jury instructions for copyright cases § 1.7.1

Court's Instruction No. ___

**25.     PLAINTIFF'S PROPOSED JURY INSTRUCTION - COPYRIGHT—
ACTUAL DAMAGES [AGREED]**

Actual damages are intended to compensate a copyright owner for losses due to the infringement. Actual damages include any profits plaintiff may have lost due to the infringement, including but not limited to sales of the copyrighted work, and/or a reasonable license fee that defendant would have or should have paid for the use. You should broadly construe actual damages to favor victims of infringement, keeping in mind that a principal objective of copyright law is to enable creators to earn a living through the sale or licensing of their copyrighted works.

*Authority*:  ABA Model jury instructions for copyright cases § 1.7.2.

Court's Instruction No. ___

**26.    PLAINTIFF'S PROPOSED JURY INSTRUCTION - COPYRIGHT—
INFRINGER'S PROFITS [AGREED]**

In addition to his actual damages, plaintiff also is entitled to defendant's profits that are attributable to the infringement, to the extent not already taken into account in computing plaintiff's actual damages. If defendants' profits have been accounted for in the award of actual damages, to avoid double recovery, a separate award of defendant's profits should not be made.

In establishing the amount of defendant's profits, plaintiff is required to present proof only of defendant's gross revenue and that there is some reasonable relationship, either direct or indirect, between those revenues and the infringement. Once these two elements are established, the burden of proof then shifts to defendant to reduce this amount. Defendant must then prove, by a preponderance of evidence, the amount of his deductible expenses, and other elements of profit attributable to factors other than the infringement.

In other words, you are to calculate the profits attributable to the infringement, if you find any, as defendant's gross revenues proven by plaintiff, less the costs and other elements that defendant proves are related to factors other than infringement. Such costs and other deductible amounts may include, for example, a reasonable portion of overhead expenses such as rent, marketing, and other business costs that are related to the production of the infringing product.

*Authority*:  ABA Model jury instructions for copyright cases § 1.7.3.

Court's Instruction No. ___

**27.     PLAINTIFF'S PROPOSED JURY INSTRUCTION - COPYRIGHT—
          DAMAGES—STATUTORY DAMAGES [AGREED]**

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages.  The plaintiff seeks a statutory damage award, established by Congress for the work infringed.  Its purpose is to penalize the infringer and deter future violations of the copyright laws.

The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.

However, if you find the infringement was innocent, you may award as little as $200 for each work innocently infringed.

However, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.

Court's Instruction No. ___

**28.    PLAINTIFF'S PROPOSED JURY INSTRUCTION - COPYRIGHT—
DAMAGES—WILLFUL INFRINGEMENT [AGREED]**

An infringement is considered willful when the plaintiff has proved both of the following elements by a preponderance of the evidence:

1.    the defendant engaged in acts that infringed the copyright; and

2.    the defendant knew that those acts infringed the copyright.

An infringement is considered innocent when the defendant has proved both of the following elements by a preponderance of the evidence:

1.    the defendant was not aware that his or its acts constituted infringement of the copyright; and

2.    the defendant had no reason to believe that his or its acts constituted an infringement of the copyright.

*Authority:  17 U.S.C. § 504(c)(2); The Fifth Circuit does not provide a pattern jury instruction on copyright damages for willful copyright infringement. But see Broadcast Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 236 (5th Cir. 1988) *(willful does not require a finding of maliciousness; deliberate action suffices);  see also Ninth Circuit Model Jury Instruction §17.27.*

Court's Instruction No. ___

**29.   PLAINTIFF'S PROPOSED JURY INSTRUCTION - UNFAIR COMPETITION [OPPOSED]**

**DEFENDANTS OBJECT AND PROPOSE AN ALTERNATIVE WHICH FOLLOWS AT NO. 32.**

Plaintiff's unfair competition claims are based on the defendants selling goods using the plaintiff's name, image and/or likeness, thereby misleading customers as to the source or approval of the goods and depriving Plaintiff of the ability to profit from his work.   Under our laws, unfair competition is the umbrella for all statutory and nonstatutory causes of action arising out of business conduct which is contrary to honest practice in industrial or commercial matters.   It also includes any false, misleading, or deceptive act or practice.

Misappropriation is the wrongful taking and use of another's property.   The unauthorized copying and sale of another's copyrighted works would constitute misappropriation.

Plaintiff does not have to prove that Defendants acted with fraudulent intent or that there was actual deception among consumers.   Additionally, competition between the plaintiff and defendant is unnecessary to show unfair competition.

*Authority:   See, e.g., Capital Films Corp. v. Charles Fries Productions, Inc.,* 628 F.2d 387, 394 (5th Cir.1980)*; see also Universal City Studios, Inc. v. Kamar Industries, Inc.,* 217 U.S.P.Q. 1162, 1168 (S.D.Tex.1982) (finding that a cause of action for misappropriation of a merchandising property exists under Texas law); *Moore v. The Big Picture Company,* 828 F.2d 270 (5th Cir. 1987); *Nat'l Bank of Commerce v. Shaklee Corporation,* 503 F.Supp 533 (W.D.Tex. 1980); *American Heritage Life Ins. Co. v. Heritage Life Ins. Co.,* 494 F.2d 3, 14 (5th Cir.1974), quoted in *United States Sporting Prods., Inc. v. Johnny Stewart Game Calls, Inc.,* 865 S.W.2d 214, 217 (Tex.App.-Waco 1993, writ denied); Texas Business and Commerce Code Section 17.46 et seq.; TEX. BUS. & COM.CODE § 16.29.

*See also, Kentucky Fried Chicken v. Diversified Packing,* 549 F.2d 368 (5th Cir. 1977)*; U.S. Sporting Products, Inc. v. Johnny Stewart Game Calls, Inc.,* 865 S.W.2d 214 (Tex.App.-Waco 1993); *Allstate Ins. Co. v. Allstate Inc. Co.,* 307 F. Supp. 1161

(N.D.Tex.1969); *Harrelson v. Wright,* 339 S.W.2d 712 (Tex.Civ.App.1960); *Bell v. Starbucks U.S. Brands Corp.,* 389 F.Supp.2d 766, 778 (S.D.Tex.2005); *Jud Plumbing Shop On Wheels, Inc. v. Jud Plumbing & Heating Co.,* 695 S.W.2d 75, 78 (Tex.App.--San Antonio 1985, reh'g denied); *Hudgens v. Goen*, 673 S.W.2d 420, 423 (Tex.App.--Fort Worth 1984, writ ref'd n.r.e.); *Thompson v. Thompson Air Conditioning and Heating, Inc*., 884 S.W.2d 555, 558 (Tex.App.--Texarkana 1994).

Defendants' Objections:

Defendants object that a claim for unfair competition by misappropriation, as set forth by Plaintiff, is preempted.  The Court previously made this determination in its May 16, 2008 Memorandum Opinion and Order.  (*See* Dkt. # 21 at pgs. 17-22) (addressing Defendants' preemption argument and ruling, "Accordingly, the court concludes that the allegations of unfair competition contained in plaintiff's complaint are insufficient to state a claim for which relief may be granted.").

If, however, the court finds that a cause of action for unfair competition by misappropriation is not preempted, Plaintiff has misstated the elements for that cause of action.  *See Dresser-Rand v. Virtual Automation Inc.*, 361 F.3d 831, 839 (5th Cir. 2004)

Alternatively, if Plaintiff intends to assert a claim for misappropriation of his name, Defendants also oppose the instruction.  Defendants object to the second paragraph because it fails to include the three elements for misappropriation of a name in Texas. *See Brown v. Ames*, 201 F.3d 654, 657-58 (5th Cir. 2000).  Defendants' Proposed Instruction 36 regarding misappropriation of a name correctly lays out the elements.  *See Brown v. Ames*, 201 F.3d 654, 658-59 (5th Cir. 2000).

Defendants also object to any reference of misappropriation of Baisden's "likeness."  Plaintiff's pleadings complain only about the use of Baisden's name and never mention use of his "likeness."

Defendants also request that this instruction contain the language, "Truthfully stating that a work is based on the work of another is not, by itself, misappropriation." *See 3 Nimmer on Copyright* § 8D.03[B][2]; *Landon v. Twentieth Century-Fox Film Corp.*, 384 F. Supp. 450, 459 (S.D.N.Y. 1974).

Regardless of which cause of action Plaintiff is attempting to assert, Defendants object to the first sentence in the first paragraph because it is conclusory and assumes liability is already established.  Defendants object to the second and third sentence in the first paragraph because they provide no guidance to the jury.

Plaintiff's Response:

Docket entry number 21, cited by Defendants above, authorized Plaintiff to replead its unfair competition allegations, which Plaintiff did.  In the page subsequent to those pages cited by Defendants (pp. 17-21), the Magistrate Judge stated, "because this case is still in an early stage of development and because the court is not persuaded that plaintiff is unable as a matter of law to state a claim that falls under the penumbra of

unfair competition under Texas law, plaintiff will be accorded an opportunity to amend his complaint." Mem. Op., p. 22.  Plaintiff amended accordingly, *see* Second Amended Complaint and Corrected Third Amended Complaint (docket nos. 62, 154). Defendants did not subsequently pursue dismissal of these amended claims.

Court's Instruction No. ___

**30.     PLAINTIFF'S PROPOSED JURY INSTRUCTION - UNFAIR COMPETITION —DAMAGES [OPPOSED]**

**DEFENDANTS OBJECT AND PROPOSE AN ALTERNATIVE, WHICH APPEARS AT NO. 53**

If you decide that plaintiff has proved his claim against Defendants for unfair competition, you must also decide how much money will reasonably compensate Plaintiff.  "The measure of damages in a case of unfair competition is the amount which the plaintiff would have made but for the defendant's wrong,"

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendant's violations of the plaintiff's rights. If you find that the defendant is liable on the claims, as I have explained them, then you must award the plaintiff sufficient damages to compensate him or her for any injury proximately caused by the defendant's conduct.").

In assessing damages under unfair competition you may take into account the following items, among others: (1) unjust enrichment to Defendants; (2) lost profits; (3) damage to the favorable reputation and goodwill associated with Plaintiff's Novels; (4) the loss of market value in Plaintiff's Novels; and (5) costs that Plaintiff has or will have to incur in attempting to restore some of the value associated with the Novels.

*Authority:*  Modern Fed. Jury Instructions Civil, Instruction 77-3 (2005 ed.); *Suburban Graphics Supply Corp. v. Nagle*, 774 N.Y.S.2d 160, 163-64 (N.Y.App.Div.2004); An injury is "any wrong or damage done to another, either to his person, rights, reputation, or property." Black's Law Dictionary (5th ed.1979); Restatement (Second) of Torts § 7 (1965) defines injury as "the invasion of any legally protected interest of another."

Defendants' Objections:

As set forth above, Plaintiff cannot assert a claim for unfair competition by misappropriation, as stated, because such a claim is preempted and has previously been dismissed on such grounds.

If Plaintiff intends to bring a claim for misappropriation of his name, the damages for that claim include general damages plus any proven special damages. General damages are those which naturally, proximately, and necessarily result from the improper communications. *Brown v. Ames*, 201 F.3d 654, 662 (5th Cir. 2000); *see also* Defendants' Proposed Instruction 59, entitled "Damages for Misappropriation."

Plaintiff's Response:

Plaintiff's claim for unfair competition by misappropriation has not been found to be preempted. *See* response, *supra* at Instruction No. 30.

Court's Instruction No. ___

**31.    PLAINTIFF'S PROPOSED JURY INSTRUCTION - UNFAIR
COMPETITION — EXEMPLARY DAMAGES [OPPOSED]**

**<u>DEFENDANTS OPPOSE THIS INSTRUCTION</u>**

If you decide that plaintiff has proved his claim against Defendants for unfair competition, you must also decide whether to award exemplary or punitive damages.  In assessing exemplary damages under unfair competition you should take into account whether Defendants knowingly, willfully, and deliberately with legal or implied malice committed the unfair competition.

In assessing the amount of punitive damages to award, you should consider: (1) the nature of the wrong, (2) the character of the offending conduct, (3) the degree of culpability of the person against whom the damages were awarded, (4) the relative situation and sensibilities of the parties, (5) the extent to which the conduct offends a public sense of justice and propriety, and (6) the net worth of the defendant.

*Authority:  See, e.g., U.S. Sporting Products, Inc. v. Johnny Stewart Game Calls, Inc.,* 865 S.W.2d 214 (Tex.App.-Waco 1993); TEX. CIV. PRAC. & REM.CODE ANN. § 41.003(c); See also, Annot. 'Punitive or Exemplary Damages as Recoverable for Trademark Infringement or Unfair Competition,' 47 A.L.R.2d 1117 (1956); *Alamo Nat'l Bank v. Kraus,* 616 S.W.2d 908, 910 (Tex.1981); *Lunsford v. Morris,* 746 S.W.2d 471, 473 (Tex.1988) (orig. proceeding); *Beverly Enterprises of Texas, Inc. v. Leath,* 829 S.W.2d 382, 388 (Tex.App.-Waco 1992, writ denied).

<u>Defendants' Objections</u>:

Defendants object to this instruction because Plaintiff has never pleaded exemplary damages.  Defendants will be prejudiced if this question is included because they have had no opportunity to conduct discovery regarding Plaintiff's alleged exemplary damages claim.

Moreover, if the Court allows a question on exemplary damages, it should follow the Texas Pattern Jury Charges, and must include both a predicate question under PJC 115.36B, and a second question on the amount of damages under PJC 115.37. *See Bagby*

*Elevator Co. v. Schindler Elevator Corp.*, 609 F.3d 768, 772 (5th Cir. 2010).   Under Texas law, Plaintiff may only receive exemplary damages if the Plaintiff first proves by clear and convincing evidence that his injury was caused by fraud, malice, or gross negligence.  *See* TEX. CIV. PRAC. & REM. CODE § 41.003.

<u>Plaintiff's Response:</u>

Plaintiff's question as to exemplary damages should be provided to the jury since the Second Amended complaint gives notice of the damages being sought in this question and even asks for "trebling such damages" as an example.  *See* Second Amended Complaint (docket no. 62).

Court's Instruction No._____

**32.    DEFENDANTS' PROPOSED JURY INSTRUCTION –
MISAPPROPRIATION OF NAME OR LIKENESS[20] [OPPOSED]**

**PLAINTIFF OBJECTS AND PROPOSES AN ALTERNATIVE WHICH
APPEARS ABOVE AT NOS. 29-31.**

In answering Questions __ and __ [Misappropriation Questions], you should consider the following instruction.

Baisden alleges that Defendants misappropriated his name.  To prove that Defendants misappropriated his name, Baisden must show that:

(1) Defendants misappropriated Baisden's name for the value associated with it and not in an incidental manner or for a newsworthy purpose;

(2) Baisden can be identified from the publication; and

(3) Defendants derived some advantage or benefit.

Truthfully stating that a work is based on the work of another author is not, by itself, misappropriation.[21]

Plaintiff's Objections:

This is simply an incorrect recitation of the law in Texas. To succeed on a Texas unfair competition claim for misappropriation, Plaintiff must show:

1. the creation of a product through extensive time, labor, skill, and money;

2. the use of that product by  Defendant in competition with Plaintiff, thereby giving the  Defendant a special competitive advantage -- in other words, a "free ride" -- because it was burdened with little or none of the expense incurred by Plaintiff in the creation of the product; and

3. commercial damage to Plaintiff.

*Authority:  Dresser-Rand Co. v. Virtual Automation Inc*., 361 F.3d 831, 839 (5th Cir. 2004); *Alcatel USA, Inc. v. DGI Tech., Inc*., 166 F.3d 772, 788 (5th Cir. 1999).

---

[20] *Brown v. Ames*, 201 F.3d 654, 657-58 (5th Cir. 2000).

[21] 3 *Nimmer on Copyright* § 8D.03[B][2]; *Landon v. Twentieth Century-Fox Film Corp*., 384 F. Supp. 450, 459 (S.D.N.Y. 1974).

Court's Instruction No._____

**33.    PLAINTIFF'S PROPOSED JURY INSTRUCTION - BREACH OF CONTRACT—ELEMENTS [OPPOSED, IN PART]**

**DEFENDANTS OBJECT AND PROPOSE AN ALTERNATIVE WHICH FOLLOWS AT NO. 34.**

Plaintiff claims that Defendant I'm Ready Productions breached one or more provisions in the agreement(s) it had with Plaintiff.

To prevail on a claim for breach of contract Plaintiff must show:

1.    the existence of a valid contract,

2.    performance or tendered performance by the plaintiff,

3.    breach of contract by the defendant, and

4.    damages sustained by the plaintiff as a result of the breach.

<u>Defendants' Objection:</u>

Defendants agree with Plaintiff's elements of breach of contract.

Defendants object to the instruction, however, to the extent that it does not limit the jury to the proper agreements and dates for potential breach under the pleadings and the court's prior rulings.  *See* Defendants' Proposed Instruction 38, entitled "Breach of Contract by IRP."  Plaintiff should only be able to claim breach of contract with respect to the July 2002 *Maintenance Man* Agreement.  The Court found that all contract claims concerning *Men Cry in the Dark* were barred by the statute of limitations.  (*See* Sept. 9, 2009 Memorandum Opinion and Order, Dkt. # 126 at pg. 34).

<u>Plaintiff's Response:</u>

The instruction is a proper recitation of the law.  Instruction no. addresses the Defendants' objections.

Court's Instruction No._____

## 34.   DEFENDANTS' PROPOSED JURY INSTRUCTION – BREACH OF CONTRACT BY IRP [OPPOSED]

### PLAINTIFF OBJECTS AND PROPOSES AN ALTERNATIVE WHICH APPEARS BELOW AT NOS. 33, 36, 37.

In answering Question __ [Breach of Contract (*The Maintenance Man*)], you should consider the following instruction.

Baisden alleges that IRP breached the July 2002 *Maintenance Man* Agreement by failing to compensate Baisden for the sale of video recordings of *The Maintenance Man* on or after February 7, 2004.

In answering Question ___, you may not consider whether IRP failed to comply with the July 2002 *Maintenance Man* agreement before February 7, 2004.

Plaintiff's Objection:

Plaintiff objects to this instruction to the extent it is inconsistent with the law, with the Court's previous ruling and is confusing.  Absent ambiguity, the existence of duty and its breach are questions of law.  *Bank One Texas, N.A. v. Stewart*, 967 S.W.2d 419, 432 (Tex. App. – Houston [14th Dist.] 1998, no writ).  The only "fact" to be decided is the dispute over whether a act or event occurred, *see Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App. – Houston [1st Dist] 2001, no pet.), and submission of the breach of contract issue is a matter of law for the court, not the jury, *see Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App. – Houston [14th Dist.] 2005, pet denied).  The ultimate question of law for the court to decide is, based upon the facts found by the jury, was there a breach.  *Porta-Kamp Mfg. Co., Inc. v. Atlanta Maritime Corp.*, 753 S.W.2d 699, 702 (Tex. App. – Houston [14th Dist.] 1988, writ denied).

Court's Instruction No._____

**35.    PLAINTIFF'S PROPOSED JURY INSTRUCTION - PRIOR BREACH(ES) OF CONTRACT [OPPOSED]**

**<u>DEFENDANTS OPPOSE THIS INSTRUCTION</u>**

Plaintiff Michael Baisden claims that even if I'm Ready Productions had a contractual right to sell merchandise under one or more agreements, the failure by IRP to pay merchandise royalties to him constitutes a material breach of the agreements, and therefore the refusal by IRP and Image to pay any merchandise royalties is material enough to rescind the merchandising rights.  In other words, even if IRP had the rights it contends it had, the rights were rescinded or terminated by IRP's failure to abide by the merchandising and other terms in the contract.

*Authority: Dobbins v. Redden*, 785 S.W.2d 377 (Tex.1990); "If the nature of a licensee's violation consists of a failure to satisfy a condition to the license..., it follows that the rights dependent upon satisfaction of such condition have not been effectively licensed, and therefore, any use by the licensee is without authority from the licensor and may therefore, constitute an infringement of copyright." 3 Nimmer on Copyright, supra, § 10.15[A] at 10-121 (citations omitted); *see also Fantastic Fakes, Inc. v. Pickwick Int'l, Inc.*, 661 F.2d 479, 483-84 (5th Cir.1981). A condition has been defined as "any fact or event which qualifies a duty to perform." *Costello Publ'g Co. v. Rotelle*, 670 F.2d 1035, 1045 n. 15 (D.C.Cir.1981) (citing Corbin, Conditions in the Law of Contract, 28 Yale L.J. 739 (1919)). Here, payment of merchandise royalties was a condition precedent to sale of merchandise.

However, even if payment was not a condition to allowing the sale of merchandise, it is a covenant and IRP's breach entitles "recapture" of the right to sell merchandise. *See, e.g. Costello* 670 F.2d at 1045, *Nolan v. Sam Fox Publishing Co*., 499 F.2d 1394 (2d Cir.1974), and 3 Nimmer on Copyright § 10.15[A] at 10-119, 10-121-22. In *Costello*, court stated that "it is established that even without an express reversion clause, the power to recapture may be exercised if a breach of contract is so material as to create a right of rescission in the grantor." *Costello*, 670 F.2d at 1045; *Warren v. Fox Family Worldwide, Inc*., 328 F.3d 1136, 1143 (9th Cir.2003).

<u>Defendants' Objections:</u>

Defendants object to the inclusion of Image in this instruction.  Image could not have breached a contract with Plaintiff, because Image and Plaintiff did not have a

contract with one another.   Plaintiffs' complaint alleges only that IRP breached the agreement.

Moreover, it is legally incorrect to say that "even if IRP had the rights it contends it had, the rights were rescinded or terminated by IRP's failure to abide by the merchandising and other terms in the contract."  Under Texas law, when a party commits a material breach, the non-breaching party must elect between two courses of action, either continuing performance or ceasing performance.  If the non-breaching party elects to treat the contract as continuing and insists the party in default continue performance, then the contract continues in force for the benefit of both parties.  *T-M Vacuum Products v. TAISC, Inc.,* 336 Fed. Appx. 441, 442-43 (5th Cir. 2009) (applying Texas law); *Long Trusts v. Griffin*, 222 S.W.3d 412, 415-16 (Tex. 2006); *Gupta v. Eastern Idaho Tumor Institute, Inc.*, 140 S.W.3d 747, 756 (Tex. App.—Houston [14th Dist.] 2004, pet. denied).  Seeking to recover damages under the contract is evidence that Plaintiff considered the contract as continuing.  *Chilton Ins. Co. v. Pate & Pate Enters., Inc.*, 930 S.W.2d 877, 888 (Tex. App.—San Antonio 1996, writ denied).  Because Baisden continued to treat the contracts as continuing, material breach does not apply.

Additionally, the breach in this case would not automatically terminate the contract since the breach alleged was of a covenant rather than a condition.  *See Fantastic Fakes, Inc. v. Pickwick Int'l, Inc.*, 661 F.2d 479, 482-84 (5th Cir. 1981).  *See also* Defendant's November 5, 2010 Memorandum of Law at § I.C.1-2.

<u>Plaintiff's Response</u>:

The parties have briefed the covenant vs. condition issue in their pre-trial submissions.  Plaintiff's position – that IRP's breach rescinded the merchandising provision – is supported by legal authority.  Generally stated, a "defendant breaches a contract by failing to execute, tender, or perform on a contractual duty."  *Wallace v. Perry (In re Perry)*, 423 B.R. 215, 257 (Bankr. S.D. Tex. 2010) (citing *Coastal Mart, Inc. v. SW Bell Tel. Co.*, 154 S.W.3d 839, 847 (Tex. App. – Corpus Christi 2005, pet. granted, judgm't vacated w.r.m) (citing *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 137 (Tex. App. – Corpus Christi 2001, no pet.))). A condition is "any fact or event which qualifies a duty to perform."  *Costello Publ'g Co. v. Rotelle*, 670 F.2d 1035, 1045 n. 15 (D.C. Cir. 1981) (citing *Corbin*, CONDITIONS IN THE LAW OF CONTRACT; 28 Yale L.J. 739 (1919).  As noted in *Costello*, "it is established that even without an express reversion clause, the power to recapture may be exercised if a breach of contract is so material as to create a right of rescission in the grantor."  *Id.* at 1045 n.15; *see also Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1143 (9th Cir. 2003); *Arp Films, Inc. v. Marvel Entm't. Group, Inc.*, 952 F.2d 643, 649 (2d Cir. 1991); *McDonald's Corp. v. Roberts A. Makin, Inc.*, 653 F.Supp. 401, 403-04 (W.D.N.Y. 1986); 3 *Nimmer on Copyright* § 10.15[A] ("if the nature of a licensee's violation consists of a failure to satisfy a condition to the license . . . it follows that the rights dependent on satisfaction of such condition have not been effectively licensed, and therefore, any use by the licensee is without authority from the licensor and may therefore, constitute infringement of copyright.").  Also, a licensor's right to rescind cannot be negated when the licensee's conduct prevents the required performance.  *See Krafsur v. UOP (In re El Paso Refinery, L.P.)*, 196 B.R. 58, 76 (Bankr. W.D. Tex. 1996) (citing *Wasserman v. Autohaus on Edens, Inc.*, 559 N.E.2d 911, 918 (Ill. App. 3d Dist. 1990) ("A person who

prevents the performance of an alleged condition to a contract cannot take advantage of his conduct to claim that the resulting failure of the condition relieves him of his obligation under the contract.")).

Court's Instruction No. ___

**36.     PLAINTIFF'S PROPOSED JURY INSTRUCTION - COURT'S
INTERPRETATION – CONTRACT OBLIGATIONS [OPPOSED]**

**<u>DEFENDANTS OPPOSE THIS INSTRUCTION</u>**

In this case, the Court has already interpreted certain portions of the agreements at issue.  For instance, the Court has already determined that even if you were to find that the contracts between Mr. Baisden and I'm Ready Productions were valid and still enforceable, the agreements required IRP to pay Plaintiff royalties on such sales.

In this case, the Court finds, and IRP and Image admit, that they never provided Plaintiff with an accounting of the sales of the video recordings and never paid him royalties from those sales.

As a result of these admissions and the Court's findings, you are instructed that pursuant to the Court's rulings, the Defendants' failure to provide Plaintiff with an accounting of the sales of the video recordings or pay him royalties from those sales constitutes a breach of contract.

*Authority:*  See Mem. & Recommendation dated Sept. 9, 2009, Docket Entry No. 126, pp. 23-25 and 43.  The court adopted this Memorandum and Recommendation without change. See Order dated Nov. 23, 2009, Docket Entry No. 149.

<u>Defendants' Objections:</u>

This instruction incorrectly assumes that liability is already established as to breach of contract.  The Court has never made such a ruling.  It is Plaintiff's burden to prove, by a preponderance of the evidence, that Defendants breached the agreement.  Before the jury can consider whether the contract was breached, the jury must first consider whether the *Men Cry in the Dark* Agreement was modified and renewed, whether there was a second *Maintenance Man* agreement, and whether the Image agreement was entered into before December 29, 2005.  The jury must also consider whether the parties orally modified the agreements between them such that each would keep its own proceeds from merchandising sales without accounting or paying royalties to the other.

Moreover, Plaintiff's only remaining breach of contract claim involves the July 2002 *Maintenance Man* Agreement since the Court has found that Plaintiff has no claim under the

2001 *Men Cry in the Dark* Agreement (Sept. 9, 2009 Memorandum Opinion and Order, Dkt. 126 at pg. 34) and since Plaintiff has never pled a claim under any other agreement.

<u>Plaintiff's Response</u>:

  The instruction is a proper recitation of the law.  Instruction no. addresses the Defendants' objections.

Court's Instruction No. ___

**37.** **PLAINTIFF'S PROPOSED INSTRUCTION – BREACH OF CONTRACT—DAMAGES [OPPOSED]**

**DEFENDANTS OBJECT AND PROPOSE AN ALTERNATIVE, WHICH APPEARS AT NO. 54**

If you decide that Plaintiff has proved his breach of contract claim against Defendants, you must also decide what sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff for his damages that resulted from Defendants failure to comply with the agreement(s).  This compensation is called "damages."

*Authority*:  TPJC § 115.2.

Defendants' Objections:

This instruction must provide a measure of damages for breach of contract.  *See* TEXAS PATTERN JURY CHARGES 115.2 (comment) (stating that the question on contract damages "may not be submitted without an instruction on the appropriate measure of damages").  Defendants' Proposed Instruction 60, entitled "Damages for Breach of Contract by IRP," provides the proper measure.

Defendants also object to the last sentence of this instruction, which repeats information in a prior instruction.

Court's Instruction No. ____

**38.   DEFENDANTS' PROPOSED JURY INSTRUCTION - QUASI-ESTOPPEL [OPPOSED]**

**<u>PLAINTIFF OPPOSES THIS INSTRUCTION</u>**

In answering Questions __, __, __, and __ [Quasi-Estoppel Questions], you should consider the following instruction.

Defendants contend that Baisden is prohibited under the doctrine of "quasi-estoppel" from denying the validity of his agreements with IRP.  Defendants also contend that "quasi-estoppel" bars Baisden from claiming that the video recordings were unauthorized.

<u>The doctrine of "quasi-estoppel" applies if Defendants prove by a preponderance of the evidence that:</u>

(1) <u>Baisden asserted, to the Defendants' disadvantage, a position inconsistent with one he previously took, acquiesced to, or accepted a benefit from; and</u>

(2) <u>It would be unconscionable to allow Baisden to maintain his present, inconsistent position.</u>[22]

<u>Plaintiff's Objections:</u>

Plaintiff objects to this instruction to the extent it was not timely pled, is inconsistent with the law and is confusing. If this instruction is provided, the following additional statement should be included:

The doctrine of estoppel "forbids one from both gaining a benefit under a contract and then avoiding the obligations of the same contract."

Also, if this instruction is included, a definition of unconscionable would be necessary.

*Authority*: *Monumental Life Ins. Co. v. Hayes-Jenkins,* 403 F.3d 304, 311 (5th Cir. 2005); *Bailey v. Kemp Estat*e, 955 So.2d 777, 782 (Miss.2007).

---

[22] *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex. 2000).

Court's Instruction No. ___

**39.    DEFENDANTS' PROPOSED JURY INSTRUCTION – LICENSING OF COPYRIGHT [OPPOSED]**

**PLAINTIFF OPPOSES THIS INSTRUCTION**

Question ___ asks you to determine whether IRP had an express or implied license to create and distribute the DVDs.

A claim for copyright infringement is barred if a defendant has an express or implied license authorizing use of the copyrighted work.[23]  Copyright law allows a copyright owner to transfer, sell, or convey to another person any of the rights included in the copyright.[24]  The owner of any particular right is entitled, to the extent of that right, to all of the protection and remedies accorded to the copyright owner.[25]

An implied license is created when the totality of the parties' conduct indicates an intent to grant permission to use a work.[26]  An implied license does not have to be in writing, and may be granted orally or implied by the parties' conduct.[27]

Plaintiff's Objection:

Plaintiff objects to this instruction to the extent it is inconsistent with the law, with the Court's previous ruling and is confusing.  See, Plaintiff's Trial Memorandum. As clear under Fifth Circuit law, "An implied nonexclusive license exists when (1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes the particular work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee-requestor copy and distribute his work."  *Interplan Architects, Inc. v. C.L. Thomas, Inc.*, No. 4:08-03181, 2010 WL 4366990 (S.D. Tex. Oct. 27, 2010) (citing *Lulirama Ltd. v. Axcess Broadcast Servs.*, 128 F.3d 872, 879 (5th Cir. 1997) (internal quotations omitted)).  Accordingly, if this instruction is included, Plaintiff requested that the following language be included:

An implied license was created only if IRP proves by a preponderance of the evidence the following elements:

---

[23] *Carson v. Dynegy, Inc.*, 344 F.3d, 451 n.5 (5th Cir. 2003).

[24] 17 U.S.C. § 201(d)(1);  O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS § 160.50 (5th ed. 2001).

[25] 17 U.S.C. § 201(d)(2).

[26] *Lulirama Ltd., Inc. v. Axcess Broad.  Servs., Inc.*, 128 F.3d 872, 884 (5th Cir. 1997).

[27] *Carson*, 344 F.3d at 451 n.5.

(1) IRP requested the creation of a work,

(2) Plaintiff delivers the particular work to IRP who requested it, and

(3) Plaintiff intends that the licensee-requestor copy and distribute his
     work.

Court's Instruction No. ___

**40.   PLAINTIFF'S PROPOSED JURY INSTRUCTION - CONSPIRACY—
ELEMENTS [OPPOSED, IN PART]**

**DEFENDANTS OBJECT ONLY AS TO THE SECOND PARAGRAPH**

To be part of a conspiracy, two or more Defendants or *a Defendant* and another person or persons must have had knowledge of, agreed to, and intended a common objective or course of action that resulted in the damages to *Plaintiff*. One or more persons involved in the conspiracy must have performed some act or acts to further the conspiracy.

However, the evidence in the case need not show the members entered into any express or formal agreement, or that they directly, by words spoken or in writing, stated between themselves what their object or purpose was to be, or the details thereof, or the means by which the object or purpose was to be accomplished.

*Authority:* TPJC § 109-1; *Massey v. Armco Steel Co.,* 652 S.W.2d 932, 934 (Tex.1983).

Defendants' Objections:

A conspiracy instruction must define what the unlawful act was. *See Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1196 (5th Cir. 1995) (applying Texas law); *see also Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996); *see also* TEXAS PATTERN JURY CHARGES 109.1 (2008). Misappropriation of name is the only possible unlawful act, as a state law claim for conspiracy to commit copyright infringement or a claim for unfair competition by misappropriation are both preempted by the Copyright Act. *See Alcatel USA, Inc. v. DGI Technologies, Inc.*, 166 F.3d 772, 785-89 (5th Cir. 1999)(unfair competition by misappropriation preempted); *Cooper v. Sony Music Entm't, Inc. v.* 2002 U.S. Dist. LEXIS 3832, *11-*14 (S.D. Tex. Feb. 22, 2002)(civil conspiracy preempted); *see also* Defendants' November 5, 2010 Memorandum of Law at § II.G. If Baisden seeks damages for unfair competition instead of misappropriation of his name, that claim is preempted.

Moreover, Baisden must establish that the conspirators were aware of the harm or

wrongful conduct at the beginning of the agreement.  *Triplex Communications, Inc. v. Riley*, 900 S.W.2d 716, 719 (Tex. 1995).  *See* Defendants' Proposed Instruction 46, entitled "Civil Conspiracy."

Court's Instruction No. ____

**41.    DEFENDANTS' PROPOSED JURY INSTRUCTION – EQUITABLE
        ESTOPPEL [OPPOSED]**

**<u>PLAINTIFF OPPOSES THIS INSTRUCTION</u>**

Question ___ [Equitable Estoppel] asks you to determine whether Baisden's claim for copyright infringement is barred by "equitable estoppel."

<u>Under the doctrine of "equitable estoppel," Baisden's claim for copyright infringement is barred if Defendants can prove by a preponderance of the evidence that:</u>

(1)    <u>Baisden knew of the facts of the Defendants' infringement;</u>

(2)    <u>Baisden intended that his conduct be acted on or acted in such a way that the Defendants had a right to believe that Baisden so intended;</u>

(3)    <u>the Defendants were ignorant of the true facts; and</u>

(4)    <u>the Defendants relied on Baisden's conduct to their detriment.</u>

<u>Plaintiff's Objections:</u>

First, Defendants are not entitled to a question on estoppel since they did not specifically plead it as required by the rules.  *Rubin v. O'Koren*, 621 F.2d 114 (5th Cir. 1980) (because estoppel is premised on a showing of "intentional deception . . . or gross negligence amounting to constructive fraud," the claimant must plead with particularity the circumstances and elements supporting the defense; see also *T-Mobile, USA, Inc. v. Wireless Exclusive USA, LLC*, 2008 WL 2600016 (N.D.Tex. July 1, 2008).

The law is clear that a court can find as a matter of law that one party's positions are not inconsistent, and therefore, find quasi-estoppel inapplicable.  *see Hartford Fire Ins. Co. v. City of Mont Belvieu, Tex.*, 611 F.3d 289 (5th Cir. 2010) ("inconsistency can be determined as a matter of law," and "a party may, pursuant to a contract and for legitimate reasons, have the right to assert superficially inconsistent positions at different times) (citing cases).  Defendants' assertion that their quasi-estoppel cases bar Baisden's claims because he accepted a check from Guidry/Johnson/IRP fails pursuant to the Fifth Circuit's *Hartford Fire* analysis.  Baisden did not take an inconsistent position; he simply accepted a check he assumed was paid to him pursuant to the contract.

The cases cited by Defendants apply quasi-estoppel to preclude a party from claiming that an agreement is *invalid* subsequent to accepting benefits thereunder.  Here, in contrast, Baisden is not asserting that the terms of the *Men Cry in the Dark* or *The*

*Maintenance Man* agreements are invalid – rather, his evidence will establish that IRP breached/terminated the applicable agreements by failing to pay him royalties pursuant to the required accountings. Furthermore, Defendants' contention that quasi-estoppel bars Baisden from adducing proof that the December 2002 *The Maintenance Man* agreement is a forgery is *non sequitur*. Quasi-etoppel, an equitable doctrine, is not applied by the courts to prevent a party harmed by another's breach of a valid contract from establishing that the breaching party is erroneously relying upon an invalid, inoperative contract. *See, e.g., Estate of Lampert through Thurston v. Estate of Lampert through Stauffer*, 896 P.2d 214 (Alaska 1995) ("[w]e conclude that under the doctrine of quasi-estoppel . . . fairness dictates that Chester's estate may not now gain from the imperfect conveyance which Chester originally intended to be effective."); *Karterman v. Jameson*, 980 P.2d 574 (Idaho App. 1999)(party making payments could not rely on quasi-estoppel when court required compliance with contractual terms).

The facts also establish that Plaintiff has evidence that establishes he protested the two distinct instances where it became apparent Defendants were infringing his copyrights. Initially, when the IRP/AJ Productions relationship infringed Plaintiff's copyrights, Plaintiff insisted that the conduct cease. Later, when Plaintiff discovered that there was a separate act of infringement with the IRP/Image arrangement, Plaintiff requested confirmation from Defendants as to what authority they were operating under for their planned conduct. Receiving no factual or legal authority from Defendants for their conduct, Plaintiff sent cease and desist letters to IRP to prevent the planned infringement. The facts will also show that Plaintiff never authorized IRP (orally or otherwise) to extend the terms of any agreement that expired according to its terms. In other words, there is no evidence that Plaintiff ever authorized IRP to "renew or extend" the 2005 Tour and no evidence that Plaintiff ever took the position that the alleged December 2002 Maintenance Man agreement did not expire according to its terms. Therefore, Plaintiff is not precluded from presenting these arguments to the Court and/or jury. Additionally, the Court has already made an oral ruling as to the termination dates in the agreements[28] and Plaintiff should not be prevented from relying on this Court ruling.

In *Barfield v. Howard M. Smith Co*., 426 S.W.2d 834, 838 (Tex.1968), the court noted that one requirement of estoppel is that the party asserting the defense was without knowledge, or the means of acquiring knowledge, of the facts allegedly misrepresented. Because the appellant in *Barfield* had the opportunity to discover the facts, the court held that appellant failed to establish all of the elements of estoppel. Id. at 839.

Similarly, in *El Paso Nat'l Bank v. Southwest Numismatic Inv. Group, Ltd*., 548 S.W.2d 942 (Tex.Civ.App.-El Paso 1977, no writ), the court held that estoppel was inapplicable where the conduct of the party asserting estoppel contributed to the loss. In *El Paso Nat'l Bank*, the bank *166 sued a depositor to recover the amount overdrawn and the depositor raised the defense of estoppel. Id. at 943, 945. The bank claimed that the depositor could not assert estoppel because the depositor had unclean hands in that it negligently issued checks on an account containing insufficient funds. Id. at 948. The court agreed with the bank for two reasons. Because the jury had found the depositor

---

[28] SJ Opinion, p. 25.

negligent in issuing the checks, the court first applied the rule that estoppel is unavailable to a party guilty of contributory negligence and held that the jury findings of negligence barred the assertion of estoppel. *Id*. (citing *City of Tyler v. Bruck*, 267 S.W.2d 429 (Tex.Civ.App.-Texarkana 1954, writ ref'd n.r.e.); *Continental Credit Corp. v. Norman*, 303 S.W.2d 449 (Tex.Civ.App.-San Antonio 1957, writ ref'd n.r.e.); 31 C.J.S. Estoppel § 102 (1964).

The court additionally noted that only innocent persons may invoke the doctrine of estoppel and that one asserting estoppel must come into court with clean hands. Id. at 949 (citing 31 C.J.S. Estoppel § 75 (1964). The court offered the following quote by Chief Justice Calvert regarding the "clean hands" issue:

> I apprehend that "clean hands" is not an affirmative defense to a plea of estoppel; it is a necessary predicate for the plea, and if it is an issuable fact under the evidence, the burden of obtaining a favorable finding is on the party asserting an estoppel. It is thus but one of the cluster of issues essential to the defense of estoppel.

*Id*. (quoting *Champlin Oil & Refining Co. v. Chastain*, 403 S.W.2d 376, 408 (Tex.1965) (Calvert, C.J. dissenting on reh'g)).

Additionally, the law is clear that if an act or admission is susceptible of two constructions, one of which is consistent with a right asserted by the party sought to be estopped, it forms no estoppel. *Gulbenkian v. Penn*, 252 S.W.2d 929 (Tex. 1952). In other words, the facts demonstrate clearly that estoppel should not be used in this case to prevent Plaintiff from asserting the rights he has to prevent Defendants' breach of contract, unfair competition, and copyright infringement.

Even if equitable estoppel were an issue in this case, this instruction fails to properly set forth the elements of it.    If Defendants' instruction is provided, the following additional statements should be included:

> Estoppel arises where, by the fault of one party, another party has been induced to change its position for the worse.  To constitute estoppel there must exist:
> 1)    a false representation or concealment of material facts;
> 2)    made with actual or constructive knowledge of the facts;
> 3)    to a party without knowledge of the real facts;
> 4)    made with the intention that it should be acted on; and
> 5)    the party to whom it was made relied on the representation or acted on it to its prejudice.

*Authority:  Edwin M. Jones Oil Co. v. Pend Oreille Oil & Gas Co.,* 794 S.W.2d 442 (Tex. App. – Corpus Christi 1990, writ denied) (setting forth elements of equitable estoppel).

Additionally, "the doctrine of estoppel "forbids one from both gaining a benefit under a contract and then avoiding the obligations of the same contract."

*Authority: Monumental Life Ins. Co. v. Hayes-Jenkins,* 403 F.3d 304, 311 (5th Cir. 2005); *Bailey v. Kemp Estat*e, 955 So.2d 777, 782 (Miss.2007).

42.    **DEFENDANTS' PROPOSED JURY INSTRUCTION – WAIVER [OPPOSED]**

**PLAINTIFF OPPOSES THIS INSTRUCTION**

In answering Questions __, __, __, and __ [Waiver Questions], you should consider the following instruction.

Defendants contend that Baisden waived his claims because he knew that IRP was creating and selling video recordings of the stage plays, but did not complain or demand royalties.  Defendants also contend that Baisden waived his claim that the 2005 *Men Cry in the Dark* tour was unauthorized.

Waiver is an intentional surrender of a known right or intentional conduct inconsistent with claiming the right.[29]

Plaintiff's Objections:

Under Texas law, waiver is "a voluntary, intentional relinquishment of a known right or intentional conduct inconsistent with that right."  *First Interstate Bank of Arizona, N.A. v. Interfund Corp.*, 924 F.2d 588, 595 (5th Cir. 1991).   A finding of waiver requires a finding of actual intent.  *See id.* (citing cases).  Plaintiff objects to this instruction to the extent it is inconsistent with the law and with the Court's previous ruling and is confusing.  Additionally, the preface of the question is incorrect, improper, suggestive, and unduly prejudicial.  Further, it must be shown that Plaintiff intended to waive his known rights: (1) as against each defendant and (2) as against each act complained of because waiver requires a finding of unequivocal intention to no longer assert a right.  *See id.*

The jury must find waiver (1) against IRP; (2) against ALW Entertainment; (3) against Image Entertainment.  The jury must answer whether there is waiver as to (1) the recordings sold through A.J. Productions; (2) the 2005 Tour of Men Cry in the Dark; and (3) the recordings sold through Image Entertainment, Inc.

---

[29] TEXAS PATTERN JURY CHARGES 101.24 (2008); *First Interstate Bank, N.A. v. Interfund Corp.*, 924 F.2d 588, 595 (5th Cir. 1991).

43.     **DEFENDANTS' PROPOSED JURY INSTRUCTION – UNCLEAN HANDS
[OPPOSED]**

**PLAINTIFF OPPOSES THIS INSTRUCTION**

In answering Question __ [Unclean Hands], you should consider the following instruction.

Defendants contend that Baisden is not entitled to all of the relief he requests because he acted with "unclean hands."

The doctrine of unclean hands is an equitable defense which provides that a party must have acted fairly and justly in its dealings with another in order to assert a cause of action against that party.  A party is said to have "unclean hands" if it is guilty of conduct involving fraud or bad faith.  If you find that Baisden acted in a fraudulent, underhanded, unfair or unjust manner, then you may conclude that he had "unclean hands."[30]

Plaintiff's Objection:

Plaintiff objects to this instruction to the extent it is inconsistent with the facts, with the Court's previous ruling and is confusing.  The first sentence of the third paragraph is an inconsistent statement of the law and it flips the burden to Baisden to establish that his conduct, in protecting his copyrights, was fair and just.  This is not a proper statement of law.  *See, e.g., Bank of Saipan v. CNG Fin. Corp.*, 380 F.3d 836 (5th Cir. 2004) (unclean hands not a total bar to claim of money had and received claim).

---

[30] *Alcatel USA, Inc. v. DGI Tech., Inc.*, 166 F.3d 772, 796 (5th Cir. 1999).

Page 68

**44.    DEFENDANTS' PROPOSED JURY INSTRUCTION – LACHES
[OPPOSED]**

**PLAINTIFF OPPOSES THIS INSTRUCTION**

In answering Question __ [Laches], you should consider the following instruction.

Defendants contend that some of the relief Baisden requests is barred by the doctrine of laches.

To establish laches, Defendants must prove by a preponderance of the evidence that:

(1) Baisden delayed in asserting his rights;

(2) there is no excuse for the delay; and

(3) Defendants were unduly harmed by the delay. [31]

Plaintiff's Objection:

Plaintiff objects to this instruction to the extent it is inconsistent with the facts, with the Court's previous ruling and is confusing.  It is not supported by the law of this Circuit.  *See Fermata Int'l Melodies, Inc. v. Champions Golf Club Inc.*, 712  F.Supp. 1257, 1262 (S.D. Tex. 1989) (rejecting laches defense to copyright infringement when period of two years elapsed; court further noted that defendants failed to establish that they suffered prejudice or that plaintiff's delay was unreasonable); *see also U.S. Restaurant Operating Props. LP v. Burger King Corp.*, 2003 WL 21448389 (N.D. Tex. 2003) (citing cases for the proposition of law that laches is not an appropriate bar to a breach of contract claim).

---

[31] *Westchester Media v. PRL USA Holdings, Inc.*, 214 F.3d 658, 668 (5th Cir. 2000); *Conan Properties, Inc. v. Conans Pizza, Inc.*, 752 F.2d 145, 153 (5th Cir. 1985).

Court's Instruction No. ____

**45.   PLAINTIFF'S PROPOSED JURY INSTRUCTION - INDIVIDUAL
      LIABILITY [OPPOSED]**

**DEFENDANTS OPPOSE THIS INSTRUCTION**

Plaintiff alleges that Je'Caryous Johnson and Gary Guidry knowingly participated in the conduct by Defendant I'm Ready Productions against Plaintiff.  If you find that Johnson and Guidry knowingly participated in the torts, they are liable as joint tortfeasors.  It is not necessary that the corporate veil be pierced or even discussed.  An officer or any other agent of a corporation may be personally as responsible as the corporation itself for tortious acts when participating in the wrongdoing.

*Authority:*  It is not necessary that the corporate veil be pierced or even discussed.  An officer or any other agent of a corporation may be personally as responsible as the corporation itself for tortious acts when participating in the wrongdoing.  *See, e.g. Donsco, Inc. v. Casper Corporation,* 587 F.2d 602, 606 (3rd Cir. 1978); *Mead Johnson & Co. v. Baby's Formula Service, Inc*., 402 F.2d 19(5th Cir. 1968) (corporate officer may be individually liable for trademark infringement);*Permian Petroleum Co. v. Barrow,* 484 S.W.2d 631, 634 (Tex. Civ. App.-El Paso 1972, no writ); *Commercial Escrow Co. v. Rockport Rebel, Inc.,* 778 S.W.2d 532, 541 (Tex. App.-Corpus Christi 1989, writ denied).


Defendants' Objections:

Plaintiff was not permitted to plead that Guidry and Johnson were joint tortfeasors with IRP.  Rather, the court expressly limited Plaintiff's claim to the extent Guidry and Johnson could be found vicariously liable for the actions of IRP based solely on IRP's "tax and corporate status."  (*See* Dec. 3, 2009 Order, Dkt. 152).  Such a claim is limited to Guidry and Johnson's liability as officers of IRP during any brief period of corporate forfeiture due to failure to timely pay state franchise taxes.  *See* Tex. Tax. Code § 171.255; *see also* Defendants' November 5, 2010 Memorandum of Authorities at § V.

Plaintiff's Response:

*See Fermata Int'l Melodies, Inc. v. Champions Golf Club Inc.*, 712  F.Supp. 1257, 1262 (S.D. Tex. 1989) (corporate officers can be found liable for copyright infringement as joint tortfeasors).

Court's Instruction No. ___

**46.  PLAINTIFF'S PROPOSED JURY INSTRUCTION - REASONABLE AND NECESSARY ATTORNEYS' FEES [OPPOSED]**

**DEFENDANTS OPPOSE THIS INSTRUCTION**

Plaintiff alleges that he is entitled to reasonable and necessary attorneys' fees for his prosecution of his claims and his defense against Defendants' claims in this lawsuit. In determining the reasonableness of the fees for the services rendered herein, you should consider the following: (a) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly; (b) the fee customarily charged in this area for the same or similar services by an attorney with our experience, reputation, and ability, considering the nature of the controversy; (c) the amount involved and the results obtained compared with results in similar cases; (d) the time limitations imposed by the circumstances; (e) the experience, reputation, and ability of the lawyer or lawyers performing the services; (f) the entire record; and (f) the amount in controversy.

Defendants' Objection:

The parties have agreed that the issue of attorneys' fees will be submitted to the Court post verdict.

Plaintiff's Response:

Plaintiff has agreed to submit the issue post verdict if this Court so chooses that as the appropriate method of determining attorneys' fees.

Court's Instruction No._____

**47.   DEFENDANTS' PROPOSED JURY INSTRUCTION – COMPENSATORY DAMAGES[32] [OPPOSED]**

**PLAINTIFF OBJECTS TO THIS INSTRUCTION**

Consider the following instruction when answering any questions about damages.

If you find that any party is liable, then you must determine an amount that is fair compensation for damages.  These damages are called compensatory damages.  The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate a party for the damage that it has suffered.

You may award compensatory damages only for injuries that a party proves were proximately caused by the allegedly wrongful conduct.  The damages that you award must be fair compensation for all of the party's damages, no more and no less.  Damages are not allowed as a punishment and cannot be imposed or increased as a penalty.  You should not award compensatory damages for speculative injuries, but only for those injuries which the party has actually suffered or that the party is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that a party prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You will be given specific instructions on the elements you should consider in calculating damages, in Instructions ___ through ___, and ___ through ___.

Plaintiff's Objection:

This does not correctly state the applicable law in this case involving lost profit damages.  See, 17 U.S.C. §504; see also, TEX. PATTERN JURY CHARGES, PJC 110.2; 110.3, 110.4; *Ortloff Corp. v. Gulsby Engineering, Inc.*, 706 F.Supp. 1295, 1308 (S.D. Tex. 1988), aff'd 884 F.2d 1399 (Fed. Cir. 1989) (holding evidence of competitor's profits from use of technology was appropriate measure of damages where plaintiff's profits could not be calculated exactly); *Kori Corp. v. Wilco Marsh Buggies & Draglines, Inc.*, 761 F.2d 649, 654 (Fed. Cir. 1985), *cert. denied*, 474 U.S. 902; *L.C.L. Theatres, Inc. v. Columbia Pictures Indus., Inc.*, 619 F.2d 455, 456 (5th Cir. 1980) (citing *City of San Augustine v.*

---

[32] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS—CIVIL § 15.2 (2009).

*Roy W. Green Co.,* 548 S.W.2d 467, 473 (Tex. App.--Tyler 1977, writ refused n.r.e.) ("Reasonable certainty as to the amount of damages is all that is required of the plaintiff and he need not show the amount of the loss or damage with mathematical exactness.").

The appropriate instructions are found at Nos. 24-29, 31, 32, 38, and 47.

Court's Instruction No._____

48.     **DEFENDANTS' PROPOSED INSTRUCTION -- CONSIDER DAMAGES
        ONLY IF NECESSARY**[33]

        **PLAINTIFF OPPOSES THIS INSTRUCTION**

Consider the following instruction when answering any questions about damages.

If the plaintiff has proven his claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

Plaintiff's Objection:

This does not correctly state the applicable law in this case involving lost profit damages. See, 17 U.S.C. §504; see also, TEX. PATTERN JURY CHARGES, PJC 110.2; 110.3, 110.4; *Ortloff Corp. v. Gulsby Engineering, Inc.*, 706 F.Supp. 1295, 1308 (S.D. Tex. 1988), aff'd 884 F.2d 1399 (Fed. Cir. 1989) (holding evidence of competitor's profits from use of technology was appropriate measure of damages where plaintiff's profits could not be calculated exactly); *Kori Corp. v. Wilco Marsh Buggies & Draglines, Inc.*, 761 F.2d 649, 654 (Fed. Cir. 1985), *cert. denied*, 474 U.S. 902; *L.C.L. Theatres, Inc. v. Columbia Pictures Indus., Inc.*, 619 F.2d 455, 456 (5th Cir. 1980) (citing *City of San Augustine v. Roy W. Green Co.,* 548 S.W.2d 467, 473 (Tex. App.--Tyler 1977, writ refused n.r.e.) ("Reasonable certainty as to the amount of damages is all that is required of the plaintiff and he need not show the amount of the loss or damage with mathematical exactness.").

The appropriate instructions are found at Nos. 24-29, 31, 32, 38, and 47.

---

[33] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS—CIVIL § 15.1 (2009).

Court's Instruction No._____

## 49.   DEFENDANTS' PROPOSED JURY INSTRUCTION – MITIGATION OF DAMAGES[34] [AGREED]

Consider the following instruction when answering any questions about damages.

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.

If you find the defendant is liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which he could have avoided through reasonable effort.  If you find by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing his damages.  An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages.  However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages.  The defendant has the burden of proving the damages which the plaintiff could have mitigated.  In deciding whether to reduce the plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied his burden of proving that the plaintiff's conduct was not reasonable.

---

[34] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS—CIVIL § 15.15 (2009).

Court's Instruction No._____

**50.     DEFENDANTS' PROPOSED JURY INSTRUCTION – DAMAGES FOR MULTIPLE DEFENDANTS[35] [OPPOSED]**

**PLAINTIFF OBJECTS TO THIS INSTRUCTION**

Consider the following instruction when answering any questions about damages.

You must not award compensatory damages more than once for the same injury. For example, if the plaintiff prevails on two claims and establishes a dollar amount for his injuries, you must not award him any additional compensatory damages on each claim. The plaintiff is only entitled to be made whole once, and may not recover more than he has lost.  Of course, if different injuries are attributed to the separate claims, then you must compensate the plaintiff fully for all his injuries.

You may impose damages on a claim solely upon the defendant or defendants that you find are liable on that claim.  Although there are five defendants in this case, it does not necessarily follow that if one is liable, all or any of the others also are liable.  Each defendant is entitled to fair, separate and individual consideration of his case without regard to your decision as to the other defendants.  If you find that only one defendant is responsible for a particular injury, then you must award damages for that injury only against that defendant.

You may find that more than one defendant is liable for a particular injury.  If so, the plaintiff is not required to establish how much of the injury was caused by each particular defendant whom you find liable.  Thus, if you conclude that the defendants you find liable acted jointly, then you may treat them jointly for purposes of calculating damages.  If you decide that two or more defendants are jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they are liable, without determining individual percentages of liability.

Plaintiff's Objection:

Plaintiff objects to this instruction to the extent it is inconsistent with the facts, the law, with the Court's previous ruling and is confusing.  *See also Respect Inc. v. Fregmen*, 897 F.Supp. 361, 364 (N.D. Ill. 1995) (because copyright infringement is considered a tort, co-infringers are akin to joint tortfeasors with joint and several liability)

---

[35] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS—CIVIL § 15.14 (2006).

Court's Instruction No._____

**51.    DEFENDANTS' PROPOSED JURY INSTRUCTION – ACTUAL DAMAGES FOR COPYRIGHT INFRINGEMENT [OPPOSED]**

**PLAINTIFF OBJECTS AND PROPOSES AN ALTERNATIVE WHICH APPEARS ABOVE AT NOS. 24-29.**

In answering Question __ [Copyright Actual Damages], you should consider the following instruction.

Baisden claims actual damages from the alleged loss or delay of a motion picture based on *The Maintenance Man*.  If you find that any Defendants' infringement of the *Maintenance Man* copyright caused the loss or delay of a *Maintenance Man* motion picture, then you may award actual damages suffered as a result of that infringement. [36]

Do not award actual damages for any other injury.

Plaintiff's Objection:

This does not correctly state the applicable law in this case involving lost profit damages.  See, 17 U.S.C. §504; see also, TEX. PATTERN JURY CHARGES, PJC 110.2; 110.3, 110.4; *Ortloff Corp. v. Gulsby Engineering, Inc.*, 706 F.Supp. 1295, 1308 (S.D. Tex. 1988), aff'd 884 F.2d 1399 (Fed. Cir. 1989) (holding evidence of competitor's profits from use of technology was appropriate measure of damages where plaintiff's profits could not be calculated exactly); *Kori Corp. v. Wilco Marsh Buggies & Draglines, Inc.*, 761 F.2d 649, 654 (Fed. Cir. 1985), *cert. denied*, 474 U.S. 902; *L.C.L. Theatres, Inc. v. Columbia Pictures Indus., Inc.*, 619 F.2d 455, 456 (5th Cir. 1980) (citing *City of San Augustine v. Roy W. Green Co.,* 548 S.W.2d 467, 473 (Tex. App.--Tyler 1977, writ refused n.r.e.) ("Reasonable certainty as to the amount of damages is all that is required of the plaintiff and he need not show the amount of the loss or damage with mathematical exactness.").

The appropriate instructions are found at Nos. 29, 30, 31, 32, 34, 41, and 45.

---

[36] 17 U.S.C. § 504; O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS § 160.91 (5th ed. 2001).

Court's Instruction No._____

**52.   DEFENDANTS' PROPOSED JURY INSTRUCTION COPYRIGHT DISGORGEMENT OF PROFITS [OPPOSED]**

**<u>PLAINTIFF OBJECTS AND PROPOSES AN ALTERNATIVE WHICH APPEARS ABOVE AT NOS. 24-29.</u>**

In answering Questions ___ and ___ [Copyright Disgorgement of Profits], you should consider the following instruction.

Baisden is entitled to recover any of the defendants' profits attributable to the infringement that are not taken into account in computing actual damages, if any.

The amount of profits should be determined by deducting all expenses from gross revenue.  Gross revenue means all of Defendants' receipts from the use or sale of a work containing or using the copyrighted work.  Expenses are all overhead and production costs incurred in producing the gross revenue.

Unless you find that a portion of the profit from the use or sale of a product or work containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, the total profit is attributable to the infringement.  If factors other than the use of the copyrightable elements of the copyrighted work lead to some portion of the profits, an apportionment of profits is appropriate such that the plaintiff will only receive those profits attributable to the use of the copyrightable elements of his copyrighted work and defendants will retain the remaining profits.[37]

Baisden has the burden of proving gross revenue by a preponderance of the evidence.  Defendants have the burden of proving the expenses and the portion of the profits attributable to factors other than the copyrighted work by a preponderance of the evidence.[38]

<u>Plaintiff's Objection:</u>

Plaintiff objects to this instruction to the extent it is inconsistent with the facts, the law, with the Court's previous ruling and is confusing.

---

[37] *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 406-407 (1940).

[38] 17 U.S.C. § 504(b); O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS: CIVIL § 160.92 (5th ed. 2001).

Court's Instruction No._____

**53.     DEFENDANTS' PROPOSED JURY INSTRUCTION – DAMAGES FOR MISAPPROPRIATION [OPPOSED]**

**PLAINTIFF OBJECTS AND PROPOSES AN ALTERNATIVE WHICH APPEARS ABOVE AT NOS. 29-31.**

In answering Question __ [Damages for Misappropriation], you should consider the following instruction.

If you find that Defendants misappropriated Baisden's name, then Baisden is entitled to recover damages that naturally and proximately result from the Defendants' improper use of his name.[39]

In calculating these damages, you may consider only the value of Baisden's name or likeness had it been sold on the market to promote the videos.[40]

Plaintiff's Objection:

This instruction is an incomplete interpretation of the law and the ruling of the Court as well as of the facts pled by Plaintiff.  Plaintiff suggests Instruction Nos. 33-34 instead.

---

[39] *Brown v. Ames*, 201 F.3d 654, 662 (5th Cir. 2000).

[40] *Nat'l Bank of Commerce v. Shaklee Corp.*, 503 F. Supp. 533, 545 (W.D. Tex. 1980).

Court's Instruction No._____

**54.    DEFENDANTS' PROPOSED JURY INSTRUCTION – DAMAGES FOR BREACH OF CONTRACT BY IRP [OPPOSED]**

**PLAINTIFF OBJECTS AND PROPOSES AN ALTERNATIVE WHICH APPEARS ABOVE AT NO. 37.**

In answering Question ___ [Damages for Breach of Contract by IRP], you should consider the following instruction.

If you find that IRP failed to comply with the July 2002 *Maintenance Man* Agreement, then Baisden is entitled to recover the actual damages resulting from that breach.

Consider the following element of damages, if any, and no other: the difference, if any, between the amount that IRP promised to pay Baisden for the sale of video recordings of *The Maintenance Man* on or after February 7, 2004 and the amount that IRP paid Baisden for these video recordings.[41]

Plaintiff's Objection:

This instruction is an incomplete interpretation of the law and the ruling of the Court as well as of the facts pled by Plaintiff.  Plaintiff suggests Instruction Nos. 37-41 instead.

---

[41] TEXAS PATTERN JURY CHARGES 115.3 (2008); *see also* Sept. 9, 2009 Memorandum and Order ("[A]ll of Plaintiff's contract claims concerning the Men Cry Agreement are time barred.  Plaintiff's claims that IRP failed to provide accountings and to compensate Plaintiff for the sale of Maintenance Man Stageplay video recordings after February 7, 2004 should not be dismissed.").

Court's Instruction No._____

**55.     DEFENDANTS' PROPOSED JURY INSTRUCTION – BREACH OF CONTRACT COUNTER-CLAIM (DECEMBER 2002 MM AGREEMENT) [OPPOSED]**

**PLAINTIFF OBJECTS TO THIS INSTRUCTION**

In answering Question __ [Breach of Contract Counter-Claim (December 2002 MM Agreement)], you should consider the following instruction.

IRP has also asserted counter-claims against Baisden.  IRP contends that Baisden and IRP entered into an agreement concerning *The Maintenance Man* in December 2002, and that Baisden failed to comply with the Agreement by:

- failing to pay IRP $300,000 or more after conveying motion picture rights of *The Maintenance Man* to Farcor Baisden and Screen Gems.

Plaintiff's Objection:

Plaintiff objects to this instruction to the extent it is inconsistent with the facts, the law, with the Court's previous ruling and is confusing.

Court's Instruction No._____

**56.     DEFENDANTS' PROPOSED JURY INSTRUCTION – BREACH OF CONTRACT COUNTER-CLAIM (JULY 2002 MM AGREEMENT) [OPPOSED]**

**PLAINTIFF OBJECTS TO THIS INSTRUCTION**

In answering Question ___ [Breach of Contract Counter-claim (July 2002 MM Agreement)], you should consider the following instruction.

IRP contends that, if the parties did not enter into an agreement concerning *The Maintenance Man* in December 2002, then Baisden failed to comply with the July 2002 Agreement concerning *The Maintenance Man* by:

- failing to provide just and fair compensation to IRP after negotiating agreements to transfer the motion picture rights of *The Maintenance Man* to Farcor Baisden and Screen Gems; and/or

Plaintiff's Objection:

Plaintiff objects to this instruction to the extent it is inconsistent with the facts, the law, with the Court's previous ruling and is confusing.

Court's Instruction No._____

**57.    DEFENDANTS' PROPOSED JURY INSTRUCTION – DAMAGES FOR BREACH OF CONTRACT COUNTER-CLAIM (DECEMBER 2002 MM AGREEMENT) [OPPOSED]**

**<u>PLAINTIFF OBJECTS TO THIS INSTRUCTION</u>**

In answering Question __ [Damages for Breach of Contract Counter-Claim (Dec. 2002 MM Agreement)], you should consider the following instruction.

<u>If you find that Baisden breached his December 2002 *Maintenance Man* Agreement with IRP, then IRP is entitled to recover the actual damages, if any, resulting from that breach.</u>

<u>Consider the following elements of damages, if any, and none other: the difference, if any, between the amount Baisden promised to pay IRP if it reached an agreement with a motion picture company for development of a motion picture of *The Maintenance Man* and the amount that Baisden paid to IRP after it negotiated an agreement to transfer the motion picture rights of *The Maintenance Man* to Farcor Baisden and Screen Gems.</u>[42]

<u>Plaintiff's Objection:</u>

Plaintiff objects to this instruction to the extent it is inconsistent with the facts, the law, with the Court's previous ruling and is confusing.

---

[42] TEXAS PATTERN JURY CHARGES 115.3 (2008).

Court's Instruction No._____

**58.    DEFENDANTS' PROPOSED JURY INSTRUCTION – DAMAGES FOR
BREACH OF CONTRACT COUNTER-CLAIM (JULY 2002 MM
AGREEMENT) [OPPOSED]**

**PLAINTIFF OBJECTS TO THIS INSTRUCTION**

In answering Question __ [Damages for Breach of Contract Counter-Claim (July 2002 MM Agreement)], you should consider the following instruction.

If you find that Baisden breached his July 2002 *Maintenance Man* Agreement with IRP, then IRP is entitled to recover the actual damages, if any, resulting from that breach.

Consider the following elements of damages, if any, and none other: the difference, if any, between the amount Baisden promised to pay IRP if it reached an agreement with a motion picture company for development of a motion picture of *The Maintenance Man* and the amount that Baisden paid to IRP after it negotiated an agreement to transfer the motion picture rights of *The Maintenance Man* to Farcor Baisden and Screen Gems.[43]

Plaintiff's Objection:

Plaintiff objects to this instruction to the extent it is inconsistent with the facts, the law, with the Court's previous ruling and is confusing.

---

[43] TEXAS PATTERN JURY CHARGES 115.3-115.4 (2008).

Court's Instruction No. ____

**59.    PLAINTIFF'S PROPOSED INSTRUCTION – FRAUD AND UNCLEAN HANDS [OPPOSED]**

**DEFENDANTS OPPOSE THIS INSTRUCTION**

The next affirmative defense Baisden has asserted is that IRP is precluded from recovery due to its fraud and unclean hands.  Before you consider this affirmative defense, you must first decide whether Defendant IRP has proved by a preponderance of the evidence that it is entitled to recover.

A party seeking an equitable remedy must come to court with clean hands.  The doctrine applies against a litigant whose own conduct in connection with the same matter or transaction has been unconscientious, unjust, marked by a want of good faith, or violates the principles of equity and righteous dealing.

*Authority:   In re Gamble,* 71 S.W.3d 313, 325 (Tex.2002) (Baker, J., concurring); *Thomas v. McNair,* 882 S.W.2d 870, 880 (Tex.App.-Corpus Christi 1994, no writ).

Defendants' Objections:

The doctrine of unclean hands applies only to equitable proceedings.  *Steubner Realty 19 Ltd. v. Cravens Road 88, Ltd.*, 817 S.W.2d 160, 165 (Tex. App.—Houston [14th Dist. 1991, no writ).   Because none of Defendants' claims are equitable, the doctrine of unclean hands does not bar any of Defendants' claims.

Moreover, unclean hands is not a complete bar to a cause of action.  *Bank of Saipan v. CNG Fin. Corp.*, 380 F.3d 836, 841 (5th Cir. 2004).

Additionally, Defendants urge the court to use the definition for unclean hands contained in *Alcatel USA, Inc. v. DGI Tech, Inc.*, 166 F.3d 772, 796 (5th Cir. 1999).  *See* Defendants' Proposed Instruction 49, entitled "Unclean Hands."

If Plaintiff is asserting fraud as an affirmative defense in addition to unclean hands, then fraud must be defined.  *See* TEX. PJC 105.2-105.3.

Court's Instruction No. ___

## 60.    PLAINTIFF'S PROPOSED INSTRUCTION – WAIVER OF RIGHTS [AGREED]

The next affirmative defense Baisden has asserted is that IRP is precluded from recovery under the agreements because it has waived any right to recovery.  Before you consider this affirmative defense, you must first decide whether Defendant IRP has proved by a preponderance of the evidence that it is entitled to recover.

Waiver contains the following elements: 1) a right must exist at the time of the waiver; 2) the party who is accused of waiver must have constructive or actual knowledge of the right in question; and 3) the party intended to relinquish its right.

*Authority:  Broadcast Satellite Intern., Inc. v. National Digital Television Center, Inc.*, 323 F.3d 339, 345 (5th Cir. 2003).

Court's Instruction No. ___

**61.     PLAINTIFF'S PROPOSED INSTRUCTION – FAILURE TO MITIGATE[44] [AGREED]**

Consider the following instruction when answering any questions about damages.

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.

If you find the plaintiff is liable and the defendant has suffered damages, the defendant may not recover for any item of damage which he or it could have avoided through reasonable effort.   If you find by a preponderance of the evidence the defendant(s) unreasonably failed to take advantage of an opportunity to lessen his or its damages, you should deny recovery for those damages which he or it would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the defendants acted reasonably in avoiding or minimizing damages.   An injured party may not sit idly by when presented with an opportunity to reduce his or its damages.   However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages.   The plaintiff has the burden of proving the damages which the defendant could have mitigated.   In deciding whether to reduce the defendant's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the plaintiff has satisfied his burden of proving that the defendant(s)'s conduct was not reasonable.

Defendants' Objections:

The instruction is legally incorrect because mitigation is not a complete bar to liability.   It simply requires reduction of those damages that the defendant could have avoided.   The proper wording for a mitigation instruction is included in Fifth Circuit Pattern Instruction 15.15 and in Defendant's Instruction 54.

---

[44] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS—CIVIL § 15.15 (2009).

Court's Instruction No. ___

**62.   PLAINTIFF'S PROPOSED INSTRUCTION – PRIOR BREACHES
[OPPOSED]**

**<u>DEFENDANTS OPPOSE THIS INSTRUCTION</u>**

The next affirmative defense Baisden has asserted is that IRP is precluded from recovery under any alleged agreement because of its prior breaches of the agreements. Before you consider this affirmative defense, you must first decide whether Defendant IRP has proved by a preponderance of the evidence that it is entitled to recover.

It is well established law in Texas that a party to a contract who breaches it cannot maintain a suit against the other party for its breach. Therefore, Baisden claims that since IRP breached the contracts, it cannot maintain any claim against Baisden.

<u>Defendants' Objections:</u>

Material breach is no excuse in this case because Baisden continued to treat the contract as binding. Under Texas law, when a party commits a material breach, the non-breaching party must elect between two courses of action, either continuing performance or ceasing performance. "If the non-breaching party elects to treat the contract as continuing and insists the party in default continue performance, the previous breach constitutes no excuse for the nonperformance on the part of the party not in default, and the contract continues in force for the benefit of both parties." *T-M Vacuum Products v. TAISC, Inc.*, 336 Fed. Appx. 441, 442-43 (5th Cir. 2009) (quoting *Gupta v. Eastern Idaho Tumor Institute, Inc.*, 140 S.W.3d 747, 756 (Tex. App.—Houston [14th Dist.] 2004, pet. denied)); *see also Long Trusts v. Griffin*, 222 S.W.3d 412, 415-16 (Tex. 2006). Seeking to recover damages under the contract is evidence that Plaintiff considered the contract as continuing. *Chilton Ins. Co. v. Pate & Pate Enters., Inc.*, 930 S.W.2d 877, 888 (Tex. App.—San Antonio 1996, writ denied).

Additionally, the breach in this case would not automatically terminate the contract since the breach alleged was of a covenant rather than a condition. *See Fantastic Fakes, Inc. v. Pickwick Int'l, Inc.*, 661 F.2d 479, 482-84 (5th Cir. 1981). *See also* Defendant's November 5, 2010 Memorandum of Law at § I.C.1-2.

*Authority:   Info. Commc'n Corp. v. Unisys Corp.*, 181 F.3d 629, 634 (5th Cir.1999); *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex.1990), *Mead v. Johnson Group, Inc.*, 615 S.W.2d 685 (Tex.1981)

Court's Instruction No. ___

## 63.   PLAINTIFF'S PROPOSED INSTRUCTION – STATUTE OF FRAUDS [OPPOSED]

### DEFENDANTS OPPOSE THIS INSTRUCTION

The next affirmative defense Baisden has asserted is that IRP is precluded from recovery under any alleged oral agreement because of the statute of frauds.  Before you consider this affirmative defense, you must first decide whether Defendant IRP has proved by a preponderance of the evidence that it had an oral agreement with Baisden.

A contract such as those IRP claims exist here must comply with the statute of frauds.[45] Section 26.01(a) of the Texas Business and Commerce Code requires that the contract be in writing and signed by the party against whom enforcement is sought.[46] The statute of frauds is an affirmative defense.[47]  Whether a contract meets the requirements of the statute of frauds is a question of law.[48]

To satisfy the statute of frauds, there must be a written memorandum which "must be complete within itself in every material detail and must contain all the essential elements of the agreement, so that the contract can be ascertained from the writing without resorting to oral testimony."[49]

---

[45] TEX. BUS. & COM.CODE ANN. § 26.01(b)(6) (Vernon 2009)

[46] TEX. BUS. & COM.CODE ANN. § 26.01(a)

[47] *Garrod Invs., Inc. v. Schlegel*, 139 S.W.3d 759, 763 (Tex.App.-Corpus Christi 2004, no pet.)

[48] *Bratcher v. Dozier*, 162 Tex. 319, 346 S.W.2d 795, 796 (1961); *Lathem v. Kruse*, 290 S.W.3d 922, 926 (Tex.App.-Dallas 2009, no pet.).

[49] *Garrod Invs., Inc.*, 139 S.W.3d at 763 (citing *Cohen*, 565 S.W.2d at 232); *see Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 594 (Tex.App.-Houston [14th Dist.] 2000, no pet.); *Bachman Ctr. Corp. v. Sale*, 359 S.W.2d 290, 294 (Tex.Civ.App.-Dallas 1962, writ ref'd n.r.e.) (stating that "the essential elements of a contract required to be in writing may never be supplied by parol [evidence]").

The elements of a valid contract are (1) offer, (2) an acceptance, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it mutual and binding.[50]

Assuming, arguendo, that you find any valid oral contract between Baisden and Defendants, Baisden alleges that under the law these contracts would be unenforceable because they would violate the statute of frauds as described above.

Defendants' Objections:

As Plaintiff concedes in this proposed instruction, whether a contract meets the requirements of the statue of frauds is a question of law for the court. *Lathem v. Kruse*, 290 S.W.3d 922, 926 (Tex. App.—Dallas 2009, no pet.).  It is not for the jury to decide.

Moreover, Plaintiff only pleaded the statute of frauds as to the December 2002 agreement.

---

[50] *Prime Prods. Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex.App.-Houston [1st Dist.] 2002, pet. denied)

Court's Instruction No. ___

**64.    PLAINTIFF'S PROPOSED INSTRUCTION – STATUTE OF
LIMITATIONS [OPPOSED]**

**DEFENDANTS OPPOSE THIS INSTRUCTION SINCE THEY ARE NOT
PURSUING ANY CONTRACT CLAIM EXCEPT THAT RELATING TO
PLAINTIFF'S MOVIE DEAL WITH SCREEN GEMS**

The next affirmative defense Baisden has asserted is that IRP is precluded from
recovery under any alleged agreement because it failed to bring its claims, if any, prior to
the time required under the law.  Before you consider this affirmative defense, you must
first decide whether Defendant IRP has proved by a preponderance of the evidence that
Plaintiff breached a contract with IRP.

In Texas, the statute of limitations for a breach of contract cause of action is four
years from the accrual of the breach. A breach of contract claim accrues when the breach
occurs.  IRP has made claims that Baisden failed to account to IRP for revenues
"generated by the sale of novels, videos, or any other works created by Baisden at or in
connection with the live performance of the stageplays."

The contracts at issue required that the parties be compensated within thirty days
after the collection of revenues for ticket and merchandise sales.  Thus, the latest possible
accrual date from breach of compensation terms was thirty days after the termination of
the contract.  The Court has already found that the *Men Cry in the Dark* Agreement
terminated on March 9, 2004, and *The Maintenance Man Agreement* on July 25, 2005.
Therefore, to the extent IRP is attempting to bring claims that accrued more than four
years prior to the time it made the claims in this lawsuit, it is precluded from doing so.

*Authority:* TEX. CIV. PRAC. & REM. CODE § 16.051*; Stine v. Stewart,* 80 S.W.3d 586, 592 (Tex. 2002).

Defendants' Objection:

      Defendants are not pursuing any claims barred by the statute of limitations and will stipulate that they are not claiming breach of contracts based upon any actions that occurred prior to February 7, 2004.

**1.**   GENERAL INSTRUCTIONS FOR CHARGE [Part 1] [AGREED]...................................3

2.   DIRECT AND CIRCUMSTANTIAL EVIDENCE [AGREED] .........................................5

3.   WHAT IS NOT EVIDENCE [AGREED]...........................................................................6

4.   LIMITING INSTRUCTION [AGREED]............................................................................7

5.   RULING ON OBJECTIONS [AGREED]...........................................................................8

6.   CREDIBILITY OF WITNESSES [AGREED] ...................................................................9

7.   PLAINTIFF'S PROPOSED JURY INSTRUCTION - THE PARTIES
     [AGREED].........................................................................................................................10

8.   FIRST RECESS [AGREED] ...........................................................................................11

9.   BENCH CONFERENCES AND RECESSES  [AGREED]..............................................12

10.  INSTRUCTIONS DURING TRIAL - PRIOR TO DEPOSITION
     TESTIMONY [AGREED]................................................................................................13

11.  DUTY TO DELIBERATE [AGREED]............................................................................14

12.  GENERAL INSTRUCTIONS FOR CHARGE [Part 2] [AGREED]...............................15

13.  PREPONDERANCE OF THE EVIDENCE [AGREED]...................................................18

14.  PLAINTIFF'S PROPOSED JURY INSTRUCTION - COPYRIGHT
     INFRINGEMENT GENERALLY [OPPOSED] ................................................................19

15.  PLAINTIFF'S PROPOSED JURY INSTRUCTION - COPYRIGHT –
     DEFINED [AGREED]......................................................................................................22

17.  DEFENDANTS' PROPOSED JURY INSTRUCTION – COPYRIGHT
     PROTECTION [OPPOSED] ............................................................................................24

18.  DEFENDANTS' PROPOSED JURY INSTRUCTION –
     INFRINGEMENT OF THE COPYRIGHT ACT [OPPOSED] ........................................26

19.  PLAINTIFF'S PROPOSED JURY INSTRUCTION - CONTRIBUTORY
     INFRINGEMENT [OPPOSED] .......................................................................................29

20.  PLAINTIFF'S PROPOSED JURY INSTRUCTION - VICARIOUS
     INFRINGEMENT [OPPOSED] .......................................................................................31

21.  PLAINTIFF'S PROPOSED JURY INSTRUCTION – SCIENTER
     [OPPOSED] .....................................................................................................................33

22.  PLAINTIFF'S PROPOSED JURY INSTRUCTION - COURT'S
     INTERPRETATION – INFRINGEMENT [OPPOSED] ...................................................34

23.  DEFENDANTS' PROPOSED JURY INSTRUCTION – LIMITATION
     ON COPYRIGHT INFRINGEMENT CLAIMS [OPPOSED] .........................................36

24.  PLAINTIFF'S PROPOSED JURY INSTRUCTION - COPYRIGHT—
     DAMAGES - INTRODUCTION [AGREED] ..................................................................37

25.     PLAINTIFF'S PROPOSED JURY INSTRUCTION - COPYRIGHT—
        ACTUAL DAMAGES [AGREED].........................................................................38

26.     PLAINTIFF'S PROPOSED JURY INSTRUCTION - COPYRIGHT—
        INFRINGER'S PROFITS [AGREED]...................................................................39

27.     PLAINTIFF'S PROPOSED JURY INSTRUCTION - COPYRIGHT—
        DAMAGES—STATUTORY DAMAGES [AGREED] ......................................40

28.     PLAINTIFF'S PROPOSED JURY INSTRUCTION - COPYRIGHT—
        DAMAGES—WILLFUL INFRINGEMENT [AGREED] .................................41

29.     PLAINTIFF'S PROPOSED JURY INSTRUCTION - UNFAIR
        COMPETITION [OPPOSED] ..............................................................................42

30.     PLAINTIFF'S PROPOSED JURY INSTRUCTION - UNFAIR
        COMPETITION —DAMAGES [OPPOSED] ....................................................45

31.     PLAINTIFF'S PROPOSED JURY INSTRUCTION - UNFAIR
        COMPETITION — EXEMPLARY DAMAGES [OPPOSED].........................47

32.     DEFENDANTS' PROPOSED JURY INSTRUCTION –
        MISAPPROPRIATION OF NAME OR LIKENESS [OPPOSED] .................49

33.     PLAINTIFF'S PROPOSED JURY INSTRUCTION - BREACH OF
        CONTRACT—ELEMENTS [OPPOSED, IN PART] ......................................50

34.     DEFENDANTS' PROPOSED JURY INSTRUCTION – BREACH OF
        CONTRACT BY IRP [OPPOSED]....................................................................51

35.     PLAINTIFF'S PROPOSED JURY INSTRUCTION - PRIOR
        BREACH(ES) OF CONTRACT [OPPOSED]...................................................52

36.     PLAINTIFF'S PROPOSED JURY INSTRUCTION - COURT'S
        INTERPRETATION – CONTRACT OBLIGATIONS [OPPOSED]............55

37.     PLAINTIFF'S PROPOSED INSTRUCTION – BREACH OF
        CONTRACT—DAMAGES [OPPOSED].........................................................57

38.     DEFENDANTS' PROPOSED JURY INSTRUCTION - QUASI-
        ESTOPPEL [OPPOSED].....................................................................................58

39.     DEFENDANTS' PROPOSED JURY INSTRUCTION – LICENSING OF
        COPYRIGHT [OPPOSED] .................................................................................59

40.     PLAINTIFF'S PROPOSED JURY INSTRUCTION - CONSPIRACY—
        ELEMENTS [OPPOSED, IN PART].................................................................61

41.     DEFENDANTS' PROPOSED JURY INSTRUCTION – EQUITABLE
        ESTOPPEL [OPPOSED].....................................................................................63

42.     DEFENDANTS' PROPOSED JURY INSTRUCTION – WAIVER
        [OPPOSED] .........................................................................................................67

43. DEFENDANTS' PROPOSED JURY INSTRUCTION – UNCLEAN HANDS [OPPOSED] ........................................................68

44. DEFENDANTS' PROPOSED JURY INSTRUCTION – LACHES [OPPOSED] ............................................................................69

45. PLAINTIFF'S PROPOSED JURY INSTRUCTION - INDIVIDUAL LIABILITY [OPPOSED] .................................................................70

46. PLAINTIFF'S PROPOSED JURY INSTRUCTION - REASONABLE AND NECESSARY ATTORNEYS' FEES [OPPOSED].................................71

47. DEFENDANTS' PROPOSED JURY INSTRUCTION – COMPENSATORY DAMAGES [OPPOSED].................................................72

48. DEFENDANTS' PROPOSED INSTRUCTION -- CONSIDER DAMAGES ONLY IF NECESSARY ...............................................74

49. DEFENDANTS' PROPOSED JURY INSTRUCTION – MITIGATION OF DAMAGES [AGREED]....................................................75

50. DEFENDANTS' PROPOSED JURY INSTRUCTION – DAMAGES FOR MULTIPLE DEFENDANTS [OPPOSED] .............................76

51. DEFENDANTS' PROPOSED JURY INSTRUCTION – ACTUAL DAMAGES FOR COPYRIGHT INFRINGEMENT [OPPOSED].................77

52. DEFENDANTS' PROPOSED JURY INSTRUCTION COPYRIGHT DISGORGEMENT OF PROFITS [OPPOSED] ...............................78

53. DEFENDANTS' PROPOSED JURY INSTRUCTION – DAMAGES FOR MISAPPROPRIATION [OPPOSED].........................................79

54. DEFENDANTS' PROPOSED JURY INSTRUCTION – DAMAGES FOR BREACH OF CONTRACT BY IRP [OPPOSED]....................80

55. DEFENDANTS' PROPOSED JURY INSTRUCTION – BREACH OF CONTRACT COUNTER-CLAIM (DECEMBER 2002 MM AGREEMENT) [OPPOSED] ...................................................81

56. DEFENDANTS' PROPOSED JURY INSTRUCTION – BREACH OF CONTRACT COUNTER-CLAIM (JULY 2002 MM AGREEMENT) [OPPOSED] ............................................................82

57. DEFENDANTS' PROPOSED JURY INSTRUCTION – DAMAGES FOR BREACH OF CONTRACT COUNTER-CLAIM (DECEMBER 2002 MM AGREEMENT) [OPPOSED] .........................................83

58. DEFENDANTS' PROPOSED JURY INSTRUCTION – DAMAGES FOR BREACH OF CONTRACT COUNTER-CLAIM (JULY 2002 MM AGREEMENT) [OPPOSED] ............................................................84

59. PLAINTIFF'S PROPOSED INSTRUCTION – FRAUD AND UNCLEAN HANDS [OPPOSED] ...................................................................85

60. PLAINTIFF'S PROPOSED INSTRUCTION – WAIVER OF RIGHTS [AGREED].................................................................................................86

61. PLAINTIFF'S PROPOSED INSTRUCTION – FAILURE TO MITIGATE [AGREED] ......................................................................87

62. PLAINTIFF'S PROPOSED INSTRUCTION – PRIOR BREACHES [OPPOSED] ................................................................................................88

63. PLAINTIFF'S PROPOSED INSTRUCTION – STATUTE OF FRAUDS [OPPOSED] ................................................................................................90

64. PLAINTIFF'S PROPOSED INSTRUCTION – STATUTE OF LIMITATIONS [OPPOSED] .........................................................................92

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MICHAEL BAISDEN,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. 4:08-CV-00451** |
| | § | |
| **I'M READY PRODUCTIONS, INC.** | § | |
| **IMAGE ENTERTAINMENT, INC.,** | § | |
| **A.L.W. ENTERTAINMENT, INC.,** | § | |
| **JE'CARYOUS JOHNSON and** | § | **JURY TRIAL REQUESTED** |
| **GARY GUIDRY** | § | |
| | § | |
| **Defendants.** | § | |

Please begin with Question 1, provide the answer unless the answer has already been provided for you, and then proceed to the next question as directed based on your answer. When you have finished the entire form, the Foreperson should execute the Verdict Form, then summon the bailiff.

**VERDICT FORM**

We, the jury, return the following verdict:

**PLAINTIFF'S QUESTION NO.  1**
**Copyright Infringement (*MCITD* Recordings)**

The Court has already determined that the recordings of the *Men Cry in the Dark* recordings were not sold pursuant to a third-party contract that was in existence at the time the *Men Cry in the Dark* Agreement terminated on March 9, 2004.  Accordingly, you are to complete Question 2, indicating the amount of damages to award to Plaintiff.

**Plaintiff's Authority:**

In the Court's Summary Judgment Opinion, the Court holds that the *Men Cry in the Dark* contract terminated on March 9, 2004.  S.J. Opinion at page 26.  The Opinion goes on to conclude that "[t]he evidence reveals no such third-party contract in existence at the time that the Men Cry Agreement expired." Id.  Therefore, even if the December 2005 Image Agreement had been valid, it would not have been entered into timely.  This jury question is consistent with the evidence and the Court's ruling since Defendants have no evidence that a third-party contract between Image and IRP was in existence at March 9, 2004.  This ruling was made pursuant to the Court's authority to interpret contractual agreements.

**Opposed by Defendants.**

This is not a question.  Baisden incorrectly assumes that this Court has already found that Defendants infringed the copyright of *Men Cry in the Dark* by creating and distributing the video recordings.  Before the jury can reach any question on damages, Plaintiff must first meet his burden of proving copyright infringement.  This requires, among other things, a side-by-side comparison of the works by the jury to determine if the works are substantially similar.  *See Positive Black Talk, Inc. v. Cash Money Records*, 394 F.3d 357, 374 (5th Cir. 2004) *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1243 (2010).  Contrary to Plaintiff's contention, the Court has not found infringement and could not have done so since it has never been provided with the alleged copyrighted works or video recordings.  Additionally, Plaintiff never moved for summary judgment and cannot claim that a finding of infringement was made in his favor.

**DEFENDANTS' QUESTION NO.  2**
**Copyright Infringement (*MCITD* Recordings)**

<u>Did  Baisden  prove,  by  a  preponderance  of  the  evidence,  that  any  of  the
Defendants named below infringed on his copyright by preparing and distributing video
recordings of *Men Cry in the Dark*?</u>

Answer yes or no as to each defendant.

IRP                                   Yes _____                    No_____

Image Entertainment        Yes _____                    No_____

A.L.W. Entertainment        Yes _____                    No_____

**<u>Plaintiff's Objection:</u>**

This question is inconsistent with the previous question and with the Court's ruling.
Additionally, this question, if used, would have to include the phrase "after November 3,
2005" at the end of the sentence, to be consistent with the SJ Opinion at page 36.
Furthermore, Plaintiff objects to the separation of the individual Defendants in this
question. See, *Respect Inc. v. Fregmen*, 897 F.Supp. 361, 364 (N.D. Ill. 1995) (because
copyright infringement is considered a tort, co-infringers are akin to joint tortfeasors with
joint and several liability).

**PLAINTIFF'S QUESTION NO. 3**
**Damages for Copyright Infringement (*MCITD* Recordings)**

In completing this response, you may award an amount of money equal to the actual damages suffered as a result of the infringement including, but not limited to profits lost by the Plaintiff.  In addition, the plaintiff is also entitled to recover profits of the defendants attributable to the infringement.  What amount of money should be paid to Plaintiff as a result of Defendants' infringement of the *Men Cry in the Dark* copyright?

**Damages:**  $\underline{\hspace{3cm}}$

### Plaintiff's support:

The plaintiff is entitled to recover the actual damages suffered as a result of the infringement including, but not limited to profits lost by the Plaintiff.  In addition, the plaintiff is also entitled to recover any profits of the defendants attributable to the infringement.  Where there are multiple infringers of a copyright, all infringers are jointly and severally liable for the plaintiff's actual damages.  See, e.g. *17 U.S.C. §504(b); ABA Model Rules 1.7.2; Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.,* 772 F.2d 505, 519 (9th Cir.1985).

Additionally, this question should appear before, not after, any applicable affirmative defenses.  That way the parties, for preservation of error, will have a full record of the jury's responses.

Furthermore, contrary to Defendants' assertion, the Court did not exclude Plaintiff's actual damages as to *Men Cry in the Dark* globally.  The opinion concluded simply that "lost profits from a Men Cry in the Dark <u>movie</u>," although relevant was excluded.

### Opposed by Defendants.

This question should separate Plaintiff's actual damages, unjust enrichment (*i.e.* disgorgement of defendants' profits), and statutory damages.  *See Rutherford v. Harris County*, 197 F.3d 173, 185 (5th Cir. 1999).

Defendants oppose any attempt by Plaintiff to recover actual damages with respect to *Men Cry in the Dark* because the Court has previously excluded such damages.  (*See* May 7, 2010 Memorandum Opinion, Dkt. # 193 at pg. 18).  Moreover, such lost profits, which are special damages, were never specifically pled as required by FRCP 9(g).

Defendants also object to all commentary on the law, which should be limited to the instructions.

Moreover, this question must be limited to damages arising from the *Men Cry in the Dark* Video recordings, to avoid a double recovery in Question 6.

Before reaching damages, the jury should also consider whether the *Men Cry in the Dark* Agreement was extended or renewed, whether the Image agreement was entered during the renewal term, and whether Defendants' affirmative defenses apply.

Answer this question only if your answer to any part of Question __ [Copyright Infringement (*MCITD* Recordings)] is "yes."  Otherwise, do not answer this question.

### DEFENDANTS' QUESTION NO.  4
**Damages for Copyright Infringement (*MCITD* Recordings)**

State the amount of Defendants' profits, if any, that should be awarded to Baisden for copyright infringement of *Men Cry in the Dark* resulting from the creation and distribution of the *Men Cry in the Dark* video recordings.

A.      Profits of IRP                         $_____

B.      Profits of Image                     $_____

### Plaintiff's Objection.

Plaintiff objects to any question that separates the infringers.  See, e.g *Respect Inc. v. Fregmen*, 897 F.Supp. 361, 364 (N.D. Ill. 1995) (because copyright infringement is considered a tort, co-infringers are akin to joint tortfeasors with joint and several liability).

## PLAINTIFF'S QUESTION NO. 5
### Copyright Infringement (*Maintenance Man* Recordings)

Were the recordings of *The Maintenance Man* recordings sold pursuant to a third-party contract that was in existence at the time *The Maintenance Man* Agreement terminated on July 25, 2005?

For purposes of this question, the third-party merchandising contract must have been fully executed and enforceable prior to the time the agreement between IRP and Baisden terminated.

Answer "**YES**" or "**NO**".


Answer: _____


### Plaintiff's Authority:

While examining the agreement, the Court interpreted the agreement, as a matter of law, to require that "[i]f and only if, IRP entered into a merchandising agreement with a third party prior to the expiration of the applicable contract that remained in effect at the time of its expiration, this section allowed IRP to sell merchandise…"  SJ Recommendation at p. 24.  Accordingly, the question above is the operative question in determining whether Defendants' conduct constitutes copyright infringement.  Additionally, it is plainly obvious that any relevant merchandise agreement had to be executed and enforceable within the applicable time period.  The provision would be rendered meaningless otherwise.


### Opposed by Defendants.

Before the jury can reach any question on damages, Plaintiff must first meet his burden of proving, by a preponderance of the evidence, that each specific defendant infringed on the *Maintenance Man* copyright.

This question does not contain a disputed issue of fact.  Defendants allege that Plaintiff entered into a second *Maintenance Man* Agreement in December of 2002.  Thus, the relevant questions should be "Did Baisden and IRP enter into a December 2002 agreement concerning *The Maintenance Man*?" and "Did Image and IRP enter into an Exclusive License Agreement regarding the distribution of the *Maintenance Man* video recordings during the term of the *Maintenance Man* Agreement that you found to be in effect?"  *See* Defendant's questions entitled "Contract Formation (December 2002 Maintenance Man)" and "Contract Formation (Image Agreement—*Maintenance Man*)."

## DEFENDANTS' QUESTION NO. 6
### Copyright Infringement (*Maintenance Man* Recordings)

Did Baisden prove, by a preponderance of the evidence, that any of the Defendants named below infringed on his copyright by preparing and distributing video recordings of The Maintenance Man?

Answer yes or no as to each defendant.

IRP                     Yes _____          No_____

Image Entertainment     Yes _____          No_____

A.L.W. Entertainment    Yes _____          No_____


**Plaintiff's Objection.**

Plaintiff objects to any question that separates the infringers.  See, e.g *Respect Inc. v. Fregmen*, 897 F.Supp. 361, 364 (N.D. Ill. 1995) (because copyright infringement is considered a tort, co-infringers are akin to joint tortfeasors with joint and several liability).

## PLAINTIFF'S QUESTION NO. 7
### Damages for Copyright Infringement (*Maintenance Man* Recordings)

<u>If you answered NO to the previous question, you may award an amount of money equal to the actual damages suffered as a result of the infringement including, but not limited to profits lost by the Plaintiff.  In addition, the plaintiff is also entitled to recover any profits of the defendant attributable to the infringement.  What amount of money should be paid to Plaintiff as a result of Defendants' infringement of *The Maintenance Man* copyright?</u>

**Damages:**   $_____

### <u>Plaintiff's support:</u>

The plaintiff is entitled to recover the actual damages suffered as a result of the infringement including, but not limited to profits lost by the Plaintiff.  In addition, the plaintiff is also entitled to recover any profits of the defendants attributable to the infringement.  Where there are multiple infringers of a copyright, all infringers are jointly and severally liable for the plaintiff's actual damages.  See, e.g. *17 U.S.C. §504(b); ABA Model Rules 1.7.2; Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.,* 772 F.2d 505, 519 (9th Cir.1985).

As to Defendants' misguided reliance on FED. R. CIV. P. 9(g) to support their argument that Baisden's claim for lost profits damages is barred, Baisden cites this Court to its recent decision in *In re IFS Financial Corp.*, Nos. 10-0047, 10-0052, 2010 WL 1992579 (S.D. Tex. May 18, 2010).  Therein, when specifically addressing attorneys' fees as special damages, the Court stated: "[t]he purpose of the rule is to avoid unfair surprise by informing the parties as to the nature of the damages claimed, and to inform the court of the substance of the claims." *Id.* at * 3 (citing *Great American Indemnity Co. v. Brown*, 307 F.2d 306, 308 (5th Cir. 1962).  As articulated in *IFS Financial Corp.*, there are exceptions to the general rule under FED. R. CIV. P. 9(g), including when the damages issue is tried by consent or included in a pretrial order.[51]   *See id.* at *4.  Furthermore, Defendants' citation to *In re Perry*, 423 B.R. 215 (Bankr. S.D. Tex. 2010) does not support their alleged 9(g) bar, because  in *Perry* the plaintiff's complaint did not reference lost profits, where here,

---

[51] Defendants cite to *Murray v. TXU Corp.*, No. Civ. A. 3:03-0888, 2005 WL 1356444 (N.D. Tex. June 7, 2005) where the court excluded the plaintiff's claim for reputational damages even though it was included in the parties joint pretrial order.  Defendants' Trial Brief, p. 37.  Therein, however, the court correctly noted that exclusion is discretionary.  *See id.* at *2.  Courts in the Southern District have held that because the purpose of Rule 9(g) is to give notice of the claim for special damages, constructive notice in the pleadings may suffice.  *See Strategic Capital Corp. v. New Strong Group Ltd.*, No. 08-1651, 2009 WL 21442136, at *4 (S.D. Tex. July 13, 2009) (slip op.) (citing *United Indus.*, 91 F.3d at 765).

Plaintiff's Corrected Third Amended Complaint repeatedly seeks damages for lost profits.  Specially related to copyright infringement, Baisden pled 17 U.S.C. § 504(b), which statutorily authorizes the copyright owner to seek lost profits.  *MGE UPS Sys., Inv. v. GE Consumer and Indus., Inc.*, 622 F.3d 361 (5th Cir. 2010)(citing 17 U.S.C. § 504(a)(1) and (b) – "a copyright owner is permitted to recover his own 'actual damages,' including lost profits and 'reasonable royalty rates' . . . .").  Furthermore, "[t]he measure of damages in an action for unfair competition is lost profits."  *Associated Telephone Directory Publishers, Inc. v. Five D's Pub. Co., Inc.*, 849 S.W.2d 894, 898 (Tex. App.—Austin, 1993, no writ) (citing *Miller v. Lone Star Tavern, Inc.*, 593 S.W.2d 341, 345 (Tex. Civ. App. – Waco 1979, no writ)).  Because Baisden's complaint asserts a relevant cause of action, Defendants cannot assert surprise when, as articulated by the Texas and Fifth Circuit courts cited above, the measure of damages for unfair competition is lost profits.


**Opposed by Defendants.**

The question should separate Plaintiff's actual damages, unjust enrichment (*i.e.* disgorgement of Defendants' profits), and statutory damages.  *See Rutherford v. Harris County*, 197 F.3d 173, 185 (5th Cir. 1999) ("When a case is submitted to the jury on a general verdict, the failure of evidence or a legal mistake under one theory of the case generally requires reversal for a new trial because the reviewing court cannot determine whether the jury based its verdict on a sound or unsound theory.").

Defendants oppose any attempt by Plaintiff to recover actual damages with respect to *The Maintenance Man* movie deals because he has no standing to do so, and because such lost profits, which constitute special damages, were never specifically pled as required by FRCP 9(g).

Defendants also request that all commentary on the law be limited to the instructions.

Answer this question only if your answer to any part of Question __ [Copyright Infringement (*Maintenance Man* Videos)] is "yes."   Otherwise, do not answer this question.

## <u>DEFENDANTS' QUESTION NO. 8</u>
### Damages for Copyright Infringement (*Maintenance Man* Recordings)

<u>State the amount of damages, if any, that should be awarded to Baisden for copyright infringement of *The Maintenance Man*.</u>

A.      Profits of IRP resulting from the creation and distribution of *The Maintenance Man* video recordings.

$_____

B.      Profits of Image resulting from the creation and distribution of *The Maintenance Man* video recordings.

$_____

C.      Actual damages resulting from a failed or delayed movie deal, if any, caused by the infringement.

$_____


**<u>Plaintiff's Objection.</u>**

Plaintiff objects to any question that separates the infringers.  See, e.g *Respect Inc. v. Fregmen*, 897 F.Supp. 361, 364 (N.D. Ill. 1995) (because copyright infringement is considered a tort, co-infringers are akin to joint tortfeasors with joint and several liability).

**PLAINTIFF'S QUESTION NO. 9**
**Copyright Infringement (*MCITD* 2005 Tour)**

Did Defendants I'm Ready Productions and A.L.W. Productions have Plaintiff's permission to perform the *Men Cry in the Dark* Stageplay after November 4, 2005?

Answer "**YES**" or "**NO**".


Answer: _____


**Plaintiff's Contention:**

If Defendants did not have Plaintiff's permission, the conduct constitutes infringement.


**Opposed by Defendants.**

The relevant question is whether specific defendants infringed on the *Men Cry in the Dark* copyright.

A.L.W. should not be included in this instruction.  The overwhelming evidence will show that A.L.W. had nothing to do with the 2005 tour.  If anything, this question should be preceded by a question asking whether A.L.W. was involved with the 2005 tour.  If A.L.W. must be included, there should be a separate answer blank for it.

## <u>DEFENDANTS' QUESTION NO. 10</u>
**Copyright Infringement (*MCITD* 2005 Tour)**

<u>Did Baisden prove, by a preponderance of the evidence, that IRP infringed on his copyright by touring *Men Cry in the Dark* in 2005?</u>

Yes _____          No_____

## PLAINTIFF'S QUESTION NO. 11
### Damages for Copyright Infringement (*MCITD* Tour)

If you answered NO to the previous question, you may award an amount of money equal to the actual damages suffered as a result of the infringement including, but not limited to profits lost by the Plaintiff.  In addition, the plaintiff is also entitled to recover any profits of the defendant attributable to the infringement.

**Damages:**   $_____

### Plaintiff's support:

The plaintiff is entitled to recover the actual damages suffered as a result of the infringement including, but not limited to profits lost by the Plaintiff.  In addition, the plaintiff is also entitled to recover any profits of the defendants attributable to the infringement.  Where there are multiple infringers of a copyright, all infringers are jointly and severally liable for the plaintiff's actual damages.  See, e.g. *17 U.S.C. §504(b); ABA Model Rules 1.7.2; Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.,* 772 F.2d 505, 519 (9th Cir.1985).

### Opposed by Defendants.

This question should be limited to disgorgement of IRP's profits resulting from the tour of *Men Cry in the Dark* in 2005.  Baisden has no other actual damages arising from the tour of *Men Cry in the Dark*.

Moreover, this question must be limited to damages arising from the *Men Cry in the Dark* tour, to avoid duplicate damages in the question on damages for the *Men Cry in the Dark* video recordings.

Defendants also ask that all legal commentary be limited to the instructions.

### DEFENDANTS' QUESTION NO. 12
**Damages for Copyright Infringement (*MCITD* Tour)**

State the amount of IRP's profits, if any, that should be awarded to Baisden for copyright infringement of *Men Cry in the Dark* resulting from the tour of the *Men Cry in the Dark* stageplay in 2005.

$_____

Answer this question only if your answer to any part of Question __ [Copyright Infringement (*Men Cry in the Dark* Recordings)] is "yes"; and/or your answer to any part of Question __ [Copyright Infringement (*Men Cry in the Dark* Tour)] is "yes." Otherwise, do not answer this question.

<u>**AGREED QUESTION NO. 13**</u>
**Copyright Statutory Damages (*MCITD*)**

State the amount of statutory damages, if any, that should be awarded to Baisden for copyright infringement of *Men Cry in the Dark*.

$_____

Answer this question only if your answer to any part of Question __ [Copyright Infringement (*Maintenance Man* Video Recordings)] is "yes."  Otherwise do not answer this question.

**<u>AGREED QUESTION NO. 14</u>**
**Copyright Statutory Damages (*Maintenance Man*)**

State the amount of statutory damages, if any, that should be awarded to Baisden for copyright infringement of *The Maintenance Man*.

$_____

<u>**PLAINTIFF'S QUESTION NO. 15**</u>
**Unfair Competition**

<u>Do you find that Plaintiff has shown by a preponderance of the evidence that Defendants engaged in unfair competition with Plaintiff as that term is used in the jury instructions?</u>

Answer "**YES**" or "**NO**".

Answer: _____

<u>**Plaintiff's argument:**</u>

First, Defendants' misrepresent that plaintiff's unfair competition claim was "dismissed" by this Court.  Instead, the Court allowed Plaintiff to "replead" the specifics of his unfair competition claim, which Plaintiff did.  Defendants neither filed another motion to dismiss nor a motion for summary judgment as to this repled claim.  Accordingly, it remains a part of this lawsuit.

Second, Baisden did not authorize Defendants' breach of contract and copyright infringement, thus, the misappropriation of his name/likeness is not incidental to any "authorized" application of IRP's alleged derivative copyright.  As noted in the case cited by Defendants, *Brown v. Ames*, "the content of the right protected by the misappropriation tort does not fall into the subject matter of copyright . . . the tort of misappropriation of name or likeness protects a person's *persona*."  201 F.3d 654, 658 (5th Cir. 2000).  Further, Defendants will fail in any attempt to distinguish their use of Baisden's name as incidental – clearly, the use of Baisden's name and novel titles was aimed to accomplish the appropriation of the value associated therewith.  *See* RESTATEMENT (SECOND) TORTS § 652C, cmt. d ("when the publicity is given for the purpose of appropriating to the defendant's benefit the commercial or other values associated with the name or the likeness that the right of privacy is invaded."); *see also Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 638 (5th Cir. 2007) ("Texas courts rely on the Restatement as the definitive source of guidance in cases involving invasion of the right of privacy.") (internal quotations and citations omitted).  As the targeted use of Baisden's name, image, and reputation will prove to have been done by Defendants for the purpose of using his popularity to sell the DVDs, the contention that Defendants' use was incidental or newsworthy and not for commercial benefit is disingenuous.

As to Defendants' argument that Baisden cannot present proper proof of misappropriation damages, Defendants have ignored relevant Fifth Circuit case law.  Like business goodwill, "one's name and likeness is an intangible property interest which is not susceptible to proof with mathematical exactitude."  *King v. Ames*, 179 F.3d 370,

377 (5th Cir. 1999).  In *King*, the Fifth Circuit found the testimony of Freddie King's daughter as to the value of his name and likeness sufficient to support the jury's award of damages.  The Fifth Circuit reasoned that while naked conjecture is not sufficient, "[t]here is no specific formula . . . ."  *Id.* at 376.  There will be testimony in this matter regarding misappropriation damages that meet the standard set forth in *King v. Ames* to establish damages.

## Opposed by Defendants.

A claim for unfair competition, as set forth by Plaintiff, is preempted.  The Court previously made this determination in its May 16, 2008 Memorandum Opinion and Order.  (*See* Dkt. # 21 at pgs. 17-22) (addressing Defendants' preemption argument and ruling, "Accordingly, the court concludes that the allegations of unfair competition contained in plaintiff's complaint are insufficient to state a claim for which relief may be granted.").

The only conceivable tort claim that Plaintiff has asserted that might not be preempted is a claim for misappropriation of name in association with the DVD sales.  The elements of unfair competition and misappropriation of a name are different.  *Compare Dresser-Rand v. Virtual Automation Inc.*, 361 F.3d 831, 839 (5th Cir. 2004) (describing the elements of unfair competition) *with Brown v. Ames*, 201 F.3d 654, 657-58 (5th Cir. 2000) (describing the elements of misappropriation of a name or likeness).  Defendant's proposed questions for misappropriation of a name follow.  If Plaintiff is not seeking a claim for misappropriation of a name, then Defendants withdraw their questions on misappropriation of a name.

## DEFENDANTS' QUESTION NO. 16
### Misappropriation of Name (*Men Cry in the Dark*)

Did Baisden prove, by a preponderance of the evidence, that any of the Defendants named below misappropriated Baisden's name in connection with the distribution of the video recordings of the *Men Cry in the Dark* stageplays?

Answer yes or no as to each defendant.

IRP                         Yes _____              No_____

Image Entertainment         Yes _____              No_____

A.L.W. Entertainment        Yes _____              No_____


**Plaintiff's contention:**

Plaintiff's question (shown above) should be provided to the jury in lieu of this question. Plaintiff also objects to any question that separates the infringers.  See, e.g *Respect Inc. v. Fregmen*, 897 F.Supp. 361, 364 (N.D. Ill. 1995) (because copyright infringement is considered a tort, co-infringers are akin to joint tortfeasors with joint and several liability).

**DENFENDANTS' QUESTION NO. 17**
**Misappropriation of Name (*Maintenance Man*)**

Did Baisden prove, by a preponderance of the evidence, that any of the Defendants named below misappropriated Baisden's name in connection with the distribution of the video recordings of the *Maintenance Man* stageplays?

Answer yes or no as to each defendant.

IRP                          Yes _____              No_____

Image Entertainment          Yes _____              No_____

A.L.W. Entertainment         Yes _____              No_____


**Plaintiff's contention:**

Plaintiff's question (shown above) should be provided to the jury in lieu of this question.  Plaintiff also objects to any question that separates the infringers.  See, e.g *Respect Inc. v. Fregmen*, 897 F.Supp. 361, 364 (N.D. Ill. 1995) (because copyright infringement is considered a tort, co-infringers are akin to joint tortfeasors with joint and several liability).

### PLAINTIFF'S QUESTION NO. 18
### Damages for Unfair Competition

If you answered YES to the previous Question _____ enter the DAMAGES figure you calculated as Plaintiff's damages.  Otherwise, proceed to Question _____.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

  Answer separately in dollars and cents for damages, if any.

    a. Damages sustained in the past.

**Damages:** $_____

    b. Damages that, in reasonable probability, will be sustained in the future.

**Damages:** $_____

**Plaintiff's argument:**

Defendants  misrepresent that plaintiff's unfair competition claim was "dismissed" by this Court.  Instead, the Court allowed Plaintiff to "replead" the specifics of his unfair competition claim, which Plaintiff did.  Defendants neither filed another motion to dismiss nor a motion for summary judgment as to this repled claim.  Accordingly, it remains a part of this lawsuit.

**Opposed by Defendants.**

As explained above, the Court has already ruled that Plaintiff's claim for unfair competition is preempted. (*See* Dkt. # 21 at pgs. 17-22.)

If this question is included in the charge, Defendants object to the separate answer blank for future damages, because Plaintiff has not pled future damages for misappropriation.

Defendants also request that the instruction be removed from the question.

Answer this question only if your answer to any part of Question __ [Misappropriation (*Men Cry in the Dark*)] is "yes."  Otherwise, do not answer this question.

**DEFENDANTS' QUESTION NO. 19**
**Damages for Misappropriation (*Men Cry in the Dark*)**

State the amount of damages, if any, that should be awarded to Baisden for misappropriation of his name resulting from distribution of the video recordings of the *Men Cry in the Dark* stageplays.

_____

**Plaintiff's contention:**

Plaintiff's question (shown above) should be provided to the jury in lieu of this question.

Answer this question only if your answer to any part of Question __ [Misappropriation (*Maintenance Man*)] is "yes."  Otherwise, do not answer this question.

## DEFENDANTS' QUESTION NO. 20
### Damages for Misappropriation (*Maintenance Man*)

State the amount of damages, if any, that should be awarded to Baisden for misappropriation of his name resulting from distribution of the video recordings of the *Maintenance Man* stageplays.

_____

**Plaintiff's contention:**

Plaintiff's question (shown above) should be provided to the jury in lieu of this question.

## PLAINTIFF'S QUESTION NO. 21
### Exemplary Damages

If you answered YES to Question _____ enter the EXEMPLARY DAMAGES figure, if
any, you calculated as Plaintiff's damages.  .


**Damages:**   $_____


### Plaintiff's contention:

Plaintiff's question (shown above) should be provided to the jury since the complaint gives notice
of the damages being sought in this question and even requests "trebling such damages" as an
example.


### Opposed by Defendants.

Plaintiff is not entitled to this question because he never pleaded exemplary damages.

Moreover, if the Court allows a question on exemplary damages, there must first be a predicate
question regarding fraud, malice, or gross negligence preceding the question on the amount of
exemplary damages. *See* TEX. CIV. PRAC. & REM. CODE § 41.003; *see also* TEX. PJC 115.36-37.

## PLAINTIFF'S QUESTION NO. 22
### Breach of Contract (*MDITD*)

Do you find that Defendants breached the *Men Cry in the Dark* Agreement?

Answer "**YES**" or "**NO**".


Answer: _____


### Plaintiff's contention:

This question serves several purposes:  One, Plaintiff has alleged that IRP "breached the agreement by failing to provide an accounting **and** by exceeding the scope of the agreement.  Therefore, this question addresses that claim. Second, Plaintiff also contends that IRP's prior breaches prevent it from having any continuing rights under the agreement.  In other words, even if I'm Ready Productions had a contractual right to sell merchandise under one or more agreements, the failure by IRP to pay merchandise royalties to him and/or exceeding the scope of the agreement constitutes a material breach of the agreements.  The refusal by IRP and Image to pay any merchandise royalties and exceeding the scope of the agreement is material enough to rescind the merchandising rights.  Therefore, even if IRP had the rights it contends it had, the rights were rescinded or terminated by IRP's failure to abide by the merchandising and other terms in the contract.

### *Authorities:*

*Dobbins v. Redden*, 785 S.W.2d 377 (Tex.1990); "If the nature of a licensee's violation consists of a failure to satisfy a condition to the license..., it follows that the rights dependent upon satisfaction of such condition have not been effectively licensed, and therefore, any use by the licensee is without authority from the licensor and may therefore, constitute an infringement of copyright." 3 Nimmer on Copyright, supra, § 10.15[A] at 10-121 (citations omitted); *see also Fantastic Fakes, Inc. v. Pickwick Int'l, Inc.*, 661 F.2d 479, 483-84 (5th Cir.1981). A condition has been defined as "any fact or event which qualifies a duty to perform." *Costello Publ'g Co. v. Rotelle*, 670 F.2d 1035, 1045 n. 15 (D.C.Cir.1981) (citing Corbin, Conditions in the Law of Contract, 28 Yale L.J. 739 (1919)). Here, payment of merchandise royalties was a condition precedent to sale of merchandise.

However, even if payment was not a condition to allowing the sale of merchandise, it is a covenant and IRP's breach entitles "recapture" of the right to sell merchandise. *See, e.g. Costello* 670 F.2d at 1045, *Nolan v. Sam Fox Publishing Co.*, 499 F.2d 1394 (2d

Cir.1974), and 3 Nimmer on Copyright § 10.15[A] at 10-119, 10-121-22. In *Costello*, court stated that "it is established that even without an express reversion clause, the power to recapture may be exercised if a breach of contract is so material as to create a right of rescission in the grantor." *Costello*, 670 F.2d at 1045; *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1143 (9th Cir.2003).

**Opposed by Defendants.**

Defendants object to this question because the Court has previously held that Plaintiff has no claim for breach of the *Men Cry in the Dark* Agreement. Plaintiff only pled a claim with respect to the March 2001 *Men Cry in the Dark* Agreement, and the Court found that claim to be barred by the statute of limitations. (*See* Sept. 9, 2009 Memorandum Opinion and Order, Dkt. # 126 at pg. 34) ("[A]ll of Plaintiff's contract claims concerning the Men Cry Agreement are time barred."). While Defendants contend that the agreement was renewed or extended in 2005, Plaintiff has at all times denied this and can thus not sue for damages under the renewed or extended agreement if it is found to exist.

Defendants also object to this question because it is not restricted by date, based on the Court's prior ruling on the statute of limitations.

## PLAINTIFF'S QUESTION NO. 23
### Damages for Breach of Contract (*MCITD*)

If you answered YES to the preceding Question ___, please answer this Question. Otherwise, proceed to the next question.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff for his damages, if any, that resulted from the Defendants breach of the *Men Cry in the Dark* Agreement?

Answer in dollars and cents for damages, if any.

**Damages:**   $_____

### Plaintiff's support:

The plaintiff is entitled to recover the actual damages suffered as a result of the infringement including, but not limited to profits lost by the Plaintiff.  In addition, the plaintiff is also entitled to recover any profits of the defendants attributable to the infringement.  See, e.g. *17 U.S.C. §504(b); ABA Model Rules 1.7.2; Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.,* 772 F.2d 505, 519 (9th Cir.1985).

_____Furthermore, contrary to Defendants' assertion, the Court did not exclude Plaintiff's actual damages as to *Men Cry in the Dark* globally.  The opinion concluded simply that "lost profits from a Men Cry in the Dark **movie**," although relevant was excluded.

### Opposed by Defendants.

As explained above, the Court has already ruled that Plaintiff has no claim for breach of the *Men Cry in the Dark* Agreement.  Plaintiff only pled a claim with respect to the March 2001 *Men Cry in the Dark* Agreement, and the Court found that claim to be barred by the statute of limitations. (*See* Sept. 9, 2009 Memorandum Opinion and Order, Dkt. # 126 at pg. 34.)  Accordingly, Plaintiff has no claim or damages for breach of the *Men Cry in the Dark* Agreement.

Also, the damages instructions should not be included in the verdict form.

## PLAINTIFF'S QUESTION NO. 24
### Breach of Contract (*Maintenance Man*)

<u>Do you find that Defendants breached *The Maintenance Man* Agreement?</u>

Answer "**YES**" or "**NO**".


Answer: _____


### <u>Plaintiff's support:</u>


The plaintiff is entitled to recover the actual damages suffered as a result of the (1) failure to pay merchandise royalties; and (2) Defendants exceeding the scope and terms of the agreement, regardless of which "contract" the trier of fact finds was operative.  There are no differences in terms of the royalty amounts and other obligations owed to Plaintiff.

Furthermore, contrary to Defendants' assertion, the Court should not include questions regarding the existence of an alleged oral contract and such would be contrary to Section 204 and the statute of frauds.




**<u>Opposed by Defendants.</u>**

IRP should be the only defendant included in this question.

This question should be limited to damages arising after February 7, 2004, pursuant to this Court's order on the statute of limitations.  (*See* Doc. # 120 at 26-35.)

The question should also be limited to the relevant conduct, the sale of the video recordings.

This question should be predicated on a jury finding of whether the agreements were orally modified.  *See* Defendants' proposed instruction entitled, "Contract Formation (Oral Modification)."

This question should be limited to the July 2002 contract.  Plaintiff has never pleaded breach of the December 2002 contract, as this Court has noted.  *See* Memorandum Doc. #126 at 21-22 ("As Plaintiff asserts that the December 2002 contract does not exist, obviously, he is not bringing a claim for breach of any provision therein.").

### DEFENDANTS' QUESTION NO. 25
**Breach of Contract (*Maintenance Man*)**

Did Baisden prove, by a preponderance of the evidence, that IRP breached the July 2002 *Maintenance Man* Agreement on or after February 7, 2004 by failing to compensate Baisden for the sale of video recordings of *The Maintenance Man*?

Yes _____          No_____

**PLAINTIFF'S QUESTION NO. 26**
**Damages for Breach (*Maintenance Man*)**

If you answered YES to Question_____, please answer this Question.  Otherwise, proceed
to the next question.

> What sum of money, if any, if paid now in cash, would fairly and reasonably
> compensate Plaintiff for his damages, if any, that resulted from the Defendants
> breach of *The Maintenance Man* Agreement?

**Damages:**   $_____

**Opposed in part by Defendants.**

The word "Defendants" should be replaced with the word, "IRP." IRP is the only defendant
which is included in Baisden's breach of contract claim.

This question should be limited to damages arising after February 7, 2004, pursuant to this
Court's order on the statute of limitations.  (*See* Doc. # 120 at 26-35.)

The question should be predicated on a "no" response to Defendants' waiver question.  *See*
Defendants' proposed instruction entitled, "Waiver of Breach of Contract."

Answer this question if you answered "yes" to Question __ [Breach of Contract (*Maintenance Man*)]

**DEFENDANTS' QUESTION NO. 27**
**Damages for Breach (*Maintenance Man*)**

    State the amount of damages, if any, that should be awarded to Baisden for IRP's breach of the July 2002 *Maintenance Man* Agreement for failure to compensate Baisden for the sale of *Maintenance Man* video recordings on or after February 7, 2004.

$_____

## PLAINTIFF'S QUESTION NO. 28
### Conspiracy

To be part of a conspiracy, two or more Defendants or *a Defendant* and another person or persons must have had knowledge of, agreed to, and intended a common objective or course of action that resulted in the damages to *Plaintiff*. One or more persons involved in the conspiracy must have performed some act or acts to further the conspiracy.[52]

Do you find that Plaintiff has shown by a preponderance of the evidence that two or more of the Defendants engaged in a conspiracy against Plaintiff as that term is used in the jury instructions?

Answer "**YES**" or "**NO**".


Answer: _____


Plaintiff's contention:
A finding of conspiracy supports the imposition of punitive damages.


**Opposed by Defendants.**

This question should be conditioned on an affirmative finding of misappropriation of a name. TEXAS PATTERN JURY CHARGES 109.1 (comment on damages) ("[T]he Committee recommends that [the conspiracy question] be submitted after, and conditioned on, an affirmative finding of damages caused by the statutory violation or underlying tort (other than negligence)"); *see also Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996). Misappropriation of name is the only possible underlying tort, as a state law claim for conspiracy to commit copyright infringement or a claim for unfair competition by misappropriation are both preempted by the Copyright Act. *Cooper v. Sony Music Entm't, Inc.*, 2002 U.S. Dist. LEXIS 3832, *11-*14 (S.D. Tex. Feb. 22, 2002); *see also Tilford v. Jones*, 2006 WL 2612752, at *3-*4 (S.D. Tex. Sept. 11, 2006)(finding state law unfair competition, misappropriation, and unfair trade practices claims to be preempted by Copyright Act); *Keane v. Fox Television Stations, Inc.*, 297 F. Supp. 2d 921, 944-46 (S.D. Tex. 2004)(finding claims for unfair competition, misappropriation, implied contract and quantum meruit preempted).    If Plaintiff is not seeking a claim for

---

[52] TPJC 109.1

misappropriation of a name, then there is no underlying tort for which conspiracy is recoverable.

The instructions on the elements of conspiracy should be removed from the verdict form.

Also, there should be a separate answer blank for each defendant in the alleged conspiracy.

If you provided an award of damages in response to either or both of Questions __ or __ [Damages for Misappropriation], then answer the following question.  Otherwise, do not answer the following question.

## DEFENDANTS' QUESTION NO. 29
### Conspiracy

Did Baisden prove, by a preponderance of the evidence, that any of the Defendants named below were part of a conspiracy that damaged Baisden?[53]

Answer yes or no as to each Defendant.

IRP                             Yes _____           No_____

Image Entertainment             Yes _____           No_____

A.L.W. Entertainment            Yes _____           No_____

---

[53] TEXAS PATTERN JURY CHARGES 109.1 (2008).

## PLAINTIFF'S QUESTION NO. 30
### Conspiracy Damages

If you answered YES to Question _____ enter the DAMAGES figure you calculated as Plaintiff's damages. Otherwise, proceed to Question _____.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer in dollars and cents for damages.

**Damages:**   $_____

**Opposed by Defendants.**

Baisden has no claim for conspiracy because there is no underlying statutory violation or tort, which is not preempted by the Copyright Act.

There is no separate damages question for civil conspiracy. Damages recoverable in an action for civil conspiracy are those damages resulting from the commission of the wrong, not the conspiratorial agreement. *Carroll v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922, 925 (Tex. 1979); *see also* Texas PJC 109.1 (comment on damages).

Also, the instruction in the second paragraph should not be contained the verdict form.

## PLAINTIFF'S QUESTION NO. 31
### Individual Liability

Do you find from a preponderance of the evidence that Defendants Je'Caryous Johnson and Gary Guidry participated in the wrongdoings of I'm Ready Productions, Inc.?

Answer "**YES**" or "**NO**".

Answer: _____

**Plaintiff's position:**

 It is not necessary that the corporate veil be pierced or even discussed.  An officer or any other agent of a corporation may be personally as responsible as the corporation itself for tortious acts when participating in the wrongdoing.  *See, e.g. Donsco, Inc. v. Casper Corporation,* 587 F.2d 602, 606 (3rd Cir. 1978); *Mead Johnson & Co. v. Baby's Formula Service, Inc.*, 402 F.2d 19(5th Cir. 1968) (corporate officer may be individually liable for trademark infringement);*Permian Petroleum Co. v. Barrow,* 484 S.W.2d 631, 634 (Tex. Civ. App.-El Paso 1972, no writ); *Commercial Escrow Co. v. Rockport Rebel, Inc.,* 778 S.W.2d 532, 541 (Tex. App.-Corpus Christi 1989, writ denied).

**Opposed by Defendants.**

This question exceeds the scope of the vicarious liability claim that the Court allowed. (*See* Dkt. 152).  The Court specifically limited any claim of vicarious liability against Guidry and Johnson to vicarious liability for the acts of IRP due to IRP's "tax or corporate status."   Plaintiff is essentially adding a claim for direct or contributory infringement against Guidry or Johnson, which he was never permitted to plead.

Even if Plaintiff could add a claim for contributory or vicarious infringement, this question is overly broad and does not limit the jury to the proper legal standard for vicarious liability.

## <u>PLAINTIFF'S QUESTION NO. 32</u>
### Attorneys' Fees

<u>Do you find that Plaintiff has shown by a preponderance of the evidence that he incurred reasonable and necessary attorneys' fees?</u>

Answer "**YES**" or "**NO**".


Answer: _____


**<u>Opposed by Defendants.</u>**

The parties have agreed that attorney's fees will be decided post verdict.

<u>**PLAINTIFF'S QUESTION NO. 33**</u>
**Attorney's Fees**

<u>If you answered yes to the previous Question, enter the amount of the reasonable and necessary attorneys' fees to award to Defendant below.</u>

Answer in dollars and cents for damages.

$_____

<u>**Opposed by Defendants.**</u>

The parties have agreed that attorney's fees will be decided post verdict.

**DEFENDANTS' FORMATION QUESTIONS AND AFFIRMATIVE DEFENSES**

The parties disagree as to the placement of the Defendants' formation questions and affirmative defenses in the charge. Baisden contends that the affirmative defenses should be placed after his claims and damages. Defendants contend that the affirmative defenses be placed after Baisden's claims, but before damages. Defendants also request that their questions on contract formation be included before the liability questions. *See* Texas PJC 101.1-101.2. Defendants contend that Baisden's damages questions should be predicated on "No" answers to Defendants' affirmative defenses.

## DEFENDANTS' QUESTION NO. 34
### Contract Formation (December 2002 *Maintenance Man*)

Did Baisden and IRP enter into the December 2002 agreement concerning *The Maintenance Man?*[54]

Yes _____          No_____

**Plaintiff's Objection:**

This question is an incomplete jury question in that it does not contain the elements necessary to determine whether a contract has been breached.  Plaintiff has prepared a more complete question as to whether the agreements were breached.  Additionally, Plaintiff objects to the extent this question makes an inquiry regarding an invalid agreement.

---

[54] *See* Memorandum Doc. #126 ("The conflicting testimony makes it impossible for the court to determine whether the parties entered into an enforceable contract in December 2002.  A jury must first determine whom to believe. . . . The validity of the December 2002 contract comes into play on Defendants' request for a declaration as to its validity, IRP's request for a declaration that Plaintiff owes it $300,000 related to the conveyance of movie rights on The Maintenance Man, their defense to copyright infringement in connection with the sales  of video recording, and their toritous interference claim.").

Answer this question if you answered "no" to Question ___ [Contract Formation (December 2002 *Maintenance Man*]. Otherwise, do not answer this question.

<u>**DEFENDANTS' QUESTION NO. 35**</u>
**Quasi-Estoppel (December 2002 Agreement)**

<u>Did Defendants prove, by a preponderance of the evidence, that the doctrine of "quasi-estoppel" bars Baisden from denying the validity of the December 2002 *Maintenance Man* Agreement?</u>

Yes _____          No_____


**<u>Plaintiff's Objection:</u>**

First, Defendants are not entitled to a question on estoppel since they did not specifically plead it as required by the rules. *Rubin v. O'Koren*, 621 F.2d 114 (5th Cir. 1980)(because estoppel is premised on a showing of "intentional deception . . . or gross negligence amounting to constructive fraud," the claimant must plead with particularity the circumstances and elements supporting the defense; see also *T-Mobile, USA, Inc. v. Wireless Exclusive USA, LLC*, 2008 WL 2600016 (N.D.Tex. July 1, 2008).

The law is clear that a court can find as a matter of law that one party's positions are not inconsistent, and therefore, find quasi-estoppel inapplicable. *see Hartford Fire Ins. Co. v. City of Mont Belvieu, Tex.*, 611 F.3d 289 (5th Cir. 2010)("inconsistency can be determined as a matter of law", and "a party may, pursuant to a contract and for legitimate reasons, have the right to assert superficially inconsistent positions at different times) (citing cases). Defendants' assertion that their quasi-estoppel cases bar Baisden's claims because he accepted a check from Guidry/Johnson/IRP fails pursuant to the Fifth Circuit's *Hartford Fire* analysis. Baisden did not take an inconsistent position; he simply accepted a check he assumed was paid to him pursuant to the contract.

The cases cited by Defendants apply quasi-estoppel to preclude a party from claiming that an agreement is *invalid* subsequent to accepting benefits thereunder. Here, in contrast, Baisden is not asserting that the terms of the *Men Cry in the Dark* or *The Maintenance Man* agreements are invalid – rather, his evidence will establish that IRP breached/terminated the applicable agreements by failing to pay him royalties pursuant to the required accountings. Furthermore, Defendants' contention that quasi-estoppel bars Baisden from adducing proof that the December 2002 *The Maintenance Man* agreement is a forgery is *non sequitur*. Quasi-estoppel, an equitable doctrine, is not applied by the courts to prevent a party harmed by another's breach of a valid contract from establishing that the breaching party is erroneously relying upon an invalid, inoperative contract. *See, e.g., Estate of Lampert through Thurston v. Estate of Lampert through Stauffer*, 896 P.2d 214 (Alaska 1995) ("[w]e conclude that under the doctrine of quasi-estoppel . . . fairness dictates

that Chester's estate may not now gain from the imperfect conveyance which Chester originally intended to be effective."); *Karterman v. Jameson*, 980 P.2d 574 (Idaho App. 1999)(party making payments could not rely on quasi-estoppel when court required compliance with contractual terms).

The facts also establish that Plaintiff has evidence that establishes he protested the two distinct instances where it became apparent Defendants were infringing his copyrights. Initially, when the IRP/AJ Productions relationship infringed Plaintiff's copyrights, Plaintiff insisted that the conduct cease. Later, when Plaintiff discovered that there was a separate act of infringement with the IRP/Image arrangement, Plaintiff requested confirmation from Defendants as to what authority they were operating under for their planned conduct. Receiving no factual or legal authority from Defendants for their conduct, Plaintiff sent cease and desist letters to IRP to prevent the planned infringement. The facts will also show that Plaintiff never authorized IRP (orally or otherwise) to extend the terms of any agreement that expired according to its terms. In other words, there is no evidence that Plaintiff ever authorized IRP to "renew or extend" the 2005 Tour and no evidence that Plaintiff ever took the position that the alleged December 2002 Maintenance Man agreement did not expire according to its terms. Therefore, Plaintiff is not precluded from presenting these arguments to the Court and/or jury. Additionally, the Court has already made an oral ruling as to the termination dates in the agreements[55] and Plaintiff should not be prevented from relying on this Court ruling.

In *Barfield v. Howard M. Smith Co.*, 426 S.W.2d 834, 838 (Tex.1968), the court noted that one requirement of estoppel is that the party asserting the defense was without knowledge, or the means of acquiring knowledge, of the facts allegedly misrepresented. Because the appellant in *Barfield* had the opportunity to discover the facts, the court held that appellant failed to establish all of the elements of estoppel. Id. at 839.

Similarly, in *El Paso Nat'l Bank v. Southwest Numismatic Inv. Group, Ltd.*, 548 S.W.2d 942 (Tex.Civ.App.-El Paso 1977, no writ), the court held that estoppel was inapplicable where the conduct of the party asserting estoppel contributed to the loss. In *El Paso Nat'l Bank*, the bank *166 sued a depositor to recover the amount overdrawn and the depositor raised the defense of estoppel. Id. at 943, 945. The bank claimed that the depositor could not assert estoppel because the depositor had unclean hands in that it negligently issued checks on an account containing insufficient funds. Id. at 948. The court agreed with the bank for two reasons. Because the jury had found the depositor negligent in issuing the checks, the court first applied the rule that estoppel is unavailable to a party guilty of contributory negligence and held that the jury findings of negligence barred the assertion of estoppel. *Id.* (citing *City of Tyler v. Bruck*, 267 S.W.2d 429 (Tex.Civ.App.-Texarkana 1954, writ ref'd n.r.e.); *Continental Credit*

---

[55] SJ Opinion, p. 25.

*Corp. v. Norman*, 303 S.W.2d 449 (Tex.Civ.App.-San Antonio 1957, writ ref'd n.r.e.); 31 C.J.S. Estoppel § 102 (1964).

The court additionally noted that only innocent persons may invoke the doctrine of estoppel and that one asserting estoppel must come into court with clean hands. Id. at 949 (citing 31 C.J.S. Estoppel § 75 (1964). The court offered the following quote by Chief Justice Calvert regarding the "clean hands" issue:

> I apprehend that "clean hands" is not an affirmative defense to a plea of estoppel; it is a necessary predicate for the plea, and if it is an issuable fact under the evidence, the burden of obtaining a favorable finding is on the party asserting an estoppel. It is thus but one of the cluster of issues essential to the defense of estoppel.

*Id.* (quoting *Champlin Oil & Refining Co. v. Chastain*, 403 S.W.2d 376, 408 (Tex.1965) (Calvert, C.J. dissenting on reh'g)).

Additionally, the law is clear that if an act or admission is susceptible of two constructions, one of which is consistent with a right asserted by the party sought to be estopped, it forms no estoppel. *Gulbenkian v. Penn*, 252 S.W.2d 929 (Tex. 1952).  In other words, the facts demonstrate clearly that estoppel should not be used in this case to prevent Plaintiff from asserting the rights he has to prevent Defendants' breach of contract, unfair competition, and copyright infringement.

**DEFENDANTS' QUESTION NO. 36**
**Contract Formation (Renewal of *MCITD* Agreement)**

Did Baisden and IRP enter into an agreement renewing or extending the March 2001 *Men Cry in the Dark* Agreement in 2005?

Yes _____          No_____

**Plaintiff's Objections:**

Plaintiff objects to this question to the extent it (1) is inconsistent with the contract to which the question refers; (2) violates a requirement that agreements such as that alleged must be in writing; and (3) is inconsistent with a prior ruling of the Court.

First, Paragraph II of the contract at issue requires that extensions of the contract must be by "written notice received by Author [Baisden] at least (30) days prior to the expiration of the term." No such written notice was provided. The jury should not be asked a question, the answer of which would be inconsistent with the agreement.

Second, the question, if allowed, would allow Defendants to circumvent the Statute of Frauds and Section 204 of the Copyright Act, both of which requires that such agreements be in writing.

Third, the Court has already determined that the referenced agreement terminated according to its terms (and accordingly could not have been "renewed or extended." See, SJ Recommendation at page 5 and footnote 15 and page 25.

Answer this question if you answered "no" to Question ___ [Contract Formation (Renewal of *MCITD*)]. Otherwise, do not answer this question.

### DEFENDANTS' QUESTION NO. 37
**Quasi-Estoppel (Renewal of the *MCITD* Agreement)**

Did Defendants prove, by a preponderance of the evidence, that the doctrine of "quasi-estoppel" bars Baisden from arguing that the *Men Cry in the Dark* Agreement was not renewed and extended?

Yes _____          No_____


**Plaintiff's Objection:**

First, Defendants are not entitled to a question on estoppel since they did not specifically plead it as required by the rules. *Rubin v. O'Koren*, 621 F.2d 114 (5th Cir. 1980)(because estoppel is premised on a showing of "intentional deception . . . or gross negligence amounting to constructive fraud," the claimant must plead with particularity the circumstances and elements supporting the defense; see also *T-Mobile, USA, Inc. v. Wireless Exclusive USA, LLC*, 2008 WL 2600016 (N.D.Tex. July 1, 2008).

Second, the Court has already determined that the referenced agreement terminated according to its terms (and accordingly could not have been "renewed or extended." See, SJ Recommendation at page 5 and footnote 15 and page 25.

The law is clear that a court can find as a matter of law that one party's positions are not inconsistent, and therefore, find quasi-estoppel inapplicable. *see Hartford Fire Ins. Co. v. City of Mont Belvieu, Tex.*, 611 F.3d 289 (5th Cir. 2010)("inconsistency can be determined as a matter of law", and "a party may, pursuant to a contract and for legitimate reasons, have the right to assert superficially inconsistent positions at different times) (citing cases). Defendants' assertion that their quasi-estoppel cases bar Baisden's claims because he accepted a check from Guidry/Johnson/IRP fails pursuant to the Fifth Circuit's *Hartford Fire* analysis. Baisden did not take an inconsistent position; he simply accepted a check he assumed was paid to him pursuant to the contract.

The cases cited by Defendants apply quasi-estoppel to preclude a party from claiming that an agreement is *invalid* subsequent to accepting benefits thereunder. Here, in contrast, Baisden is not asserting that the terms of the *Men Cry in the Dark* or *The Maintenance Man* agreements are invalid – rather, his evidence will establish that IRP breached/terminated the applicable agreements by failing to pay him royalties pursuant to the required accountings. Furthermore, Defendants' contention that quasi-estoppel bars Baisden from adducing proof that the December 2002 *The Maintenance Man* agreement is a forgery is *non sequitur*. Quasi-etoppel, an equitable doctrine, is not applied by the courts to

prevent a party harmed by another's breach of a valid contract from establishing that the breaching party is erroneously relying upon an invalid, inoperative contract.  *See, e.g., Estate of Lampert through Thurston v. Estate of Lampert through Stauffer*, 896 P.2d 214 (Alaska 1995) ("[w]e conclude that under the doctrine of quasi-estoppel . . . fairness dictates that Chester's estate may not now gain from the imperfect conveyance which Chester originally intended to be effective."); *Karterman v. Jameson*, 980 P.2d 574 (Idaho App. 1999)(party making payments could not rely on quasi-estoppel when court required compliance with contractual terms).

The facts also establish that Plaintiff has evidence that establishes he protested the two distinct instances where it became apparent Defendants were infringing his copyrights. Initially, when the IRP/AJ Productions relationship infringed Plaintiff's copyrights, Plaintiff insisted that the conduct cease.  Later, when Plaintiff discovered that there was a separate act of infringement with the IRP/Image arrangement, Plaintiff requested confirmation from Defendants as to what authority they were operating under for their planned conduct. Receiving no factual or legal authority from Defendants for their conduct, Plaintiff sent cease and desist letters to IRP to prevent the planned infringement.  The facts will also show that Plaintiff never authorized IRP (orally or otherwise) to extend the terms of any agreement that expired according to its terms.  In other words, there is no evidence that Plaintiff ever authorized IRP to "renew or extend" the 2005 Tour and no evidence that Plaintiff ever took the position that the alleged December 2002 Maintenance Man agreement did not expire according to its terms.  Therefore, Plaintiff is not precluded from presenting these arguments to the Court and/or jury.  Additionally, the Court has already made an oral ruling as to the termination dates in the agreements[56] and Plaintiff should not be prevented from relying on this Court ruling.

In *Barfield v. Howard M. Smith Co.*, 426 S.W.2d 834, 838 (Tex.1968), the court noted that one requirement of estoppel is that the party asserting the defense was without knowledge, or the means of acquiring knowledge, of the facts allegedly misrepresented. Because the appellant in *Barfield* had the opportunity to discover the facts, the court held that appellant failed to establish all of the elements of estoppel. Id. at 839.

Similarly, in *El Paso Nat'l Bank v. Southwest Numismatic Inv. Group, Ltd.*, 548 S.W.2d 942 (Tex.Civ.App.-El Paso 1977, no writ), the court held that estoppel was inapplicable where the conduct of the party asserting estoppel contributed to the loss. In *El Paso Nat'l Bank*, the bank *166 sued a depositor to recover the amount overdrawn and the depositor raised the defense of estoppel. Id. at 943, 945. The bank claimed that the depositor could not assert estoppel because the depositor had unclean hands in that it negligently issued checks on an account containing insufficient funds. Id. at 948. The court agreed with the bank for two reasons. Because the jury had found the depositor negligent in

---

[56] SJ Opinion, p. 25.

issuing the checks, the court first applied the rule that estoppel is unavailable to a party guilty of contributory negligence and held that the jury findings of negligence barred the assertion of estoppel. *Id.* (citing *City of Tyler v. Bruck*, 267 S.W.2d 429 (Tex.Civ.App.-Texarkana 1954, writ ref'd n.r.e.); *Continental Credit Corp. v. Norman*, 303 S.W.2d 449 (Tex.Civ.App.-San Antonio 1957, writ ref'd n.r.e.); 31 C.J.S. Estoppel § 102 (1964).

The court additionally noted that only innocent persons may invoke the doctrine of estoppel and that one asserting estoppel must come into court with clean hands. Id. at 949 (citing 31 C.J.S. Estoppel § 75 (1964). The court offered the following quote by Chief Justice Calvert regarding the "clean hands" issue:

> I apprehend that "clean hands" is not an affirmative defense to a plea of estoppel; it is a necessary predicate for the plea, and if it is an issuable fact under the evidence, the burden of obtaining a favorable finding is on the party asserting an estoppel. It is thus but one of the cluster of issues essential to the defense of estoppel.

*Id.* (quoting *Champlin Oil & Refining Co. v. Chastain*, 403 S.W.2d 376, 408 (Tex.1965) (Calvert, C.J. dissenting on reh'g)).

Additionally, the law is clear that if an act or admission is susceptible of two constructions, one of which is consistent with a right asserted by the party sought to be estopped, it forms no estoppel. *Gulbenkian v. Penn*, 252 S.W.2d 929 (Tex. 1952). In other words, the facts demonstrate clearly that estoppel should not be used in this case to prevent Plaintiff from asserting the rights he has to prevent Defendants' breach of contract, unfair competition, and copyright infringement.

**DEFENDANTS' QUESTION NO. 38**
**Contract Formation (Image Agreement—*MCITD*)**

Did Image and IRP enter into an agreement regarding the distribution of the *Men Cry in the Dark* video recordings during the term of any *Men Cry in the Dark* agreement that was in effect?

Yes _____             No_____

**Plaintiff's Objection.**

This question is an incomplete jury question in that it does not contain the required elements. Plaintiff has prepared a more complete question as to whether a valid and enforceable agreement had been entered into prior to the expiration of the contract. Additionally, Plaintiff objects to the extent this question makes an inquiry regarding an invalid agreement and an invalid date.

Additionally, in the Court's Summary Judgment Opinion, the Court holds that the *Men Cry in the Dark* contract terminated on March 9, 2004. S.J. Opinion at page 26. The Opinion goes on to conclude that "[t]he evidence reveals no such third-party contract in existence at the time that the Men Cry Agreement expired." Id. Therefore, even if the December 2005 Image Agreement had been valid, it would not have been entered into timely. This jury question is consistent with the evidence and the Court's ruling since Defendants have no evidence that a third-party contract between Image and IRP was in existence at March 9, 2004. This ruling was made pursuant to the Court's authority to interpret contractual agreements.

**Defendants' notes on the effect of this question.**

If the jury answers: (1) "yes" to the Question on renewal of the *Men Cry in the Dark* Agreement or "yes" to quasi-estoppel on the *Men Cry in the Dark* Agreement; (2) and "yes" to this Question regarding the Image Agreement, then Plaintiff's claims for copyright infringement and misappropriation related to the *Men Cry in the Dark* Agreement fail because Defendants had the right to create and distribute the DVDs. Accordingly, Defendants request that these formation questions—and related estoppel questions—be placed at the beginning of the charge. The questions should be predicated so that the jury need not reach the liability questions for copyright infringement and misappropriation related to *Men Cry in the Dark* if they answer "yes" to both formation questions.

**DEFENDANTS' QUESTION NO. 39**
**Contract Formation (Image Agreement—Maintenance Man)**

Did Image and IRP enter into an agreement regarding the distribution of the *Maintenance Man* Video recordings during the term of the *Maintenance Man* Agreement that you found to be in effect?[57]

Yes ـــــــ                No ـــــــ

**Plaintiff's Objection:**

This question is an incomplete jury question in that it does not contain the required elements. Plaintiff has prepared a more complete question as to whether a valid and enforceable agreement had been entered into prior to the expiration of the contract. Additionally, Plaintiff objects to the extent this question makes an inquiry regarding an invalid agreement and an invalid date.

**Defendants' notes on the effect of this question.**

If the jury answers: (1) "yes" to the Question on formation of the December 2002 *Maintenance Man* Agreement or "yes" to quasi-estoppel on the December 2002 Agreement; (2) and "yes" to this Question regarding the Image Agreement, then Plaintiff's claims for copyright infringement and misappropriation related to the *Maintenance Man* Agreement fail because Defendants had the right to create and distribute the DVDs. Accordingly, Defendants request that these formation questions— and related estoppel questions—be placed at the beginning of the charge. The questions should be predicated so that the jury need not reach the liability questions for copyright infringement and misappropriation related to *Maintenance Man* if they answer "yes" to both formation questions.

---

[57] If the parties entered into the December 2002 *Maintenance Man* Agreement and Defendants entered into the Image Agreement before the expiration of the term, then Plaintiff's claims for copyright infringement and misappropriation related to the *Maintenance Man* Agreement fail because Defendants had the right to create the distribute the DVDs.

## DEFENDANTS' QUESTION NO. 40
### Contract Formation (Oral Modification)

Did Baisden and IRP modify their written agreements regarding *Men Cry in the Dark* and *The Maintenance Man* by orally agreeing that neither party had to account for and pay future merchandising royalties to the other?

Yes _____          No_____

**Plaintiff's Objection:**

Plaintiff objects to this question to the extent it references agreements that had already terminated according to its terms.[58]  Plaintiff also objects to the question since, if allowed, would allow Defendants to circumvent the Statute of Frauds and Section 204 of the Copyright Act, both of which requires that such agreements be in writing.

Furthermore, this self-standing question serves no purpose here and is inserted only to confuse the jury.

**Defendants' notes on the effect of this question.**

If the jury answers "yes" to this question, then Baisden's breach of contract claim is barred.

---

[58] S.J. Recommendation at page 25.

**AGREED QUESTION NO. 41**
**Unclean Hands**

Did Defendants prove, by a preponderance of the evidence, their defense of unclean hands?

Yes _____          No_____

**Plaintiff objection:**

A party who has unclean hands itself cannot assert this defense.

If any part of your answer to Questions __ or __ [Copyright Infringement (Video recordings)] is "yes," then answer this Question.  Otherwise, do not answer this question.

### DEFENDANTS' QUESTION NO. 42
**Laches (Copyright Infringement—Video Recording Distribution)**

Did Defendants prove, by a preponderance of the evidence, their defense of laches with respect to the distribution of the *Men Cry in the Dark* and *Maintenance Man* video recordings?

Yes _____          No_____

### Plaintiff's position:

Under Texas law, laches requires that there be an unexcusable delay in asserting known rights and that Defendants were unduly harmed by the delay.  Accordingly, laches questions, if asked, should be asked as to each defendant and each act to which laches could apply.  *Fermata Intern. Melodies, Inc. v. Champions Gold Club, Inc.* 712 F.Supp. 1257 (S.D. Tex. 1989).

**A more appropriate set of questions would be:**

1.      Did Defendant IRP prove, by a preponderance of the evidence, that Baisden had an unexcusable delay in asserting his rights regarding the distribution by A.J. Production of the *Men Cry in the Dark* and *Maintenance Man* VHS and DVD video recordings and that harm was caused to IRP as a result?

Yes _____          No_____

2.      Did Defendant IRP prove, by a preponderance of the evidence, that Baisden had an unexcusable delay in asserting his rights regarding the distribution by Image Entertainment of the *Men Cry in the Dark* and *Maintenance Man* DVD video recordings and that harm was caused to IRP as a result?

Yes _____          No_____

3.      Did Defendant Image Entertainment prove, by a preponderance of the evidence, that Baisden had an unexcusable delay in asserting his rights regarding Image's distribution of the *Men Cry in the Dark* and *Maintenance Man* DVD video recordings and that harm was caused to Image as a result?

Yes _____          No_____

If any part of your answer to Question ___ [Copyright Infringement (Tour)] is "yes," then answer this Question.  Otherwise, do not answer this question.

**<u>DEFENDANTS' QUESTION NO. 43</u>**
**Laches (Copyright Infringement—2005 *MCITD* Tour)**

<u>Did Defendants prove, by a preponderance of the evidence, their defense of laches with respect to the 2005 tour of *Men Cry in the Dark*</u>?

Yes _____            No_____

If either or both of your answers to Questions __ or __ [Unfair Competition] are "yes," then answer this Question.  Otherwise, do not answer this question.

### DEFENDANTS' QUESTION NO. 44
**Laches (Unfair Competition)**

Did Defendants prove, by a preponderance of the evidence, their defense of laches with respect to Plaintiff's claim for unfair competition?

Yes _____                No_____

### Plaintiff's position:

Under Texas law, laches requires that there be an unexcusable delay in asserting known rights and that Defendants were unduly harmed by the delay.  Accordingly, laches questions, if asked, should be asked as to each defendant and each act to which laches could apply.  *Fermata Intern. Melodies, Inc. v. Champions Gold Club, Inc.* 712 F.Supp. 1257 (S.D. Tex. 1989).

**A more appropriate set of questions would be:**

1.      Did Defendant IRP prove, by a preponderance of the evidence, that laches prevents Baisden from asserting his claim against IRP for its use of his name, image or likeness during IRP's distribution of the *Men Cry in the Dark* and *Maintenance Man* video recordings?

Yes _____                No_____

2.      Did Defendant IRP prove, by a preponderance of the evidence, that laches prevents Baisden from asserting his claim against IRP for IRP's deceptive marketing or dilution of Plaintiff's name or reputation during the distribution of the *Men Cry in the Dark* and *Maintenance Man* video recordings?

Yes _____                No_____

3.      Did Defendant Image Entertainment prove, by a preponderance of the evidence, that that laches prevents Baisden from asserting his claim against Image for its use of his name, image or likeness during the distribution of the *Men Cry in the Dark* and *Maintenance Man* video recordings?

Yes _____                No_____

4.      <u>Did Defendant Image Entertainment prove, by a preponderance of the evidence, that that laches prevents Baisden from asserting his claim against Image for its deceptive marketing or dilution of Plaintiff's name or reputation during the distribution of the *Men Cry in the Dark* and *Maintenance Man* video recordings?</u>

Yes _____              No_____

If any part of your answer to Question __ [Copyright Infringement (*MCITD* 2005 Tour)] is "yes," then answer this Question.  Otherwise, do not answer this question.

**DEFENDANTS' QUESTION NO. 45**
**License (*MCITD* Tour)**

Did Defendants prove, by a preponderance of the evidence, that IRP had an express or implied license to tour the *Men Cry in the Dark* stageplay in 2005?

Yes _____            No_____

**Plaintiff's Contention:**

This question finds no support in the law.  Defendants' multi-part factual argument – that Baisden orally or impliedly agreed to give IRP the continued license to perform the stageplay based on *Men Cry in the Dark*, which "thus further authorized" IRP to sell merchandise, "which includes the DVDs" at issue – cannot be squared with the pleadings or the facts.  To illustrate, Image required IRP to enter into a written agreement (the "Exclusive License Agreement") providing that Image had the exclusive right to manufacture and sell the DVDs.  Consequently, IRP treated its license from Baisden as an exclusive one – one that required a writing for effective transfer under Section 204.  While Defendants now assert that Baisden gave IRP an oral (or implied), nonexclusive license that enabled IRP to enter into an exclusive licensing deal with Image it must be assumed that IRP had an irrevocable license from Baisden.  If not, the IRP-Image agreement would be rendered void if Baisden revoked the alleged oral, nonexclusive license IRP now argues it had.  In effect, this means that the Image-IRP exclusive agreement was not permitted in the first place, and both IRP and Image were aware of this impossibility.  Importantly, courts find implied licenses only  in "narrow circumstances," *see Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 558 (9th Cir. 1990), and the "totality of the parties' conduct" determines whether the licensor intended to grant the implied license.  *See, e.g., Cynthia Hunt Productions, Ltd. v. Evolution of Fitness Houston, Inc.*, No. H-07-0170, 2007 WL 236148, at *5 (S.D. Tex. Aug. 16, 2007) (citing *Lulirama*, 128 F.3d at 879).  Thus, included in this "totality" is IRP's subsequent grant of an exclusive license deal to Image – the fact of this conduct alone negates the plausibility of Baisden granting to IRP a nonexclusive license.  There is nothing from Plaintiff that indicates he "intended" to grant an irrevocable license for Image's conduct.

In addition to the Image/IRP agreement taking the position that the "license" is an exclusive one, Defendants have consistently taken the position in this litigation that the

rights allegedly transferred (by the alleged oral agreements) are exclusive rights' transfers. For instance, in the motion for summary judgment, Defendants stated:

> Each of the agreements at issue transfers <u>exclusive ownership</u> of the *Men Cry* Stage Play and *Maintenance Man* Stage Play to IRP. IRP, therefore, is the owner of all rights identified in § 106 of the Copyright Act with respect to the Stage Plays, including the rights to reproduce and distribute copies of the Stage Plays, to prepare derivative works based upon the Stage Plays, and to perform and display the Stage Plays publicly.

Defendants' Motion for summary judgment [Dkt. Entry #74] at page 19. As the Court is aware, in this summary judgment motion, Defendants argued that there were "no disputed issues of material fact" in alleging the existence of exclusive rights transfers to IRP. The law does not allow Defendants to, at the eleventh hour, retract their previous admissions to the Court and now contend that there are issues of material fact as to whether the alleged license is exclusive. The interests of fairness and justice are undercut if, after the time to file dispositive motions (and at the time first argued, just prior to the trial setting), Defendants can dramatically alter their legal contentions. *Cf. Little v. Liquid Air Corp.*, 952 F.3d 841 (Rule 15 leave to amend denied when eleventh hour change in contentions alter the nature of a trial on the merits or require alteration of trial strategy); *see also Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 612 (5th Cir. 1993) ("a district court need not subject itself to presentation of theories seriatim"). Additionally, like the notice entitlement prior to a court's entry of summary judgment, *see, e.g., Goldstein v. Fidelity and Guar. Ins. Underwriters, Inc.*, 86 F.3d 749 (7th Cir. 1996), when a court grants summary judgment on a set of facts, arguing a different set of facts at trial is prejudicial "lawyerly game-playing." *See id.* at 751. And, reversing a summary judgment determination (e.g., that a fact has or has not been established) substantially prejudices a party against whom the "switch" is asserted. *See, e.g., Alberty-Velez v. Corp. De Puerto Rico Para La Difusion Publica*, 22 F.3d 418, 423, 425 (1st Cir. 2009) (after court determined on summary judgment that certain person was an employee so that trial would proceed on the remaining contested issues on that basis, reversing that ruling caused "substantial prejudice", and the First Circuit vacated the subsequent judgment entered after the change in the ruling on employee status). Here, Defendants' license argument throughout this litigation, including summary judgment litigation, has been that the Baisden to IRP license transfers are exclusive. The law requires that such transfers be in writing, triggering the applicability of Section 204 and the Statute of Frauds, and precluding Defendants' new argument.

Moreover, in a last ditch attempt to try and establish some type of a license, Defendants contend that "the agreements must be enforced because they have been fully or partially performed. Partial performance is an equitable exception to the statute of frauds." Defendants' Response at page 4. However, even under the cases cited by Defendants, *Bank of Tex., N.A. v. Gaubert*, 286 S.W.3d 546, 553 (Tex. App.—Dallas 2009, pet. dism'd) and *Bookout v. Bookout*, 165 S.W.3d 904, 907 (Tex. App.—Texarkana 2005, no pet.), it is clear that actions constituting partial performance must be <u>unequivocally</u> referable to the alleged

oral agreement and corroborate the existence of that agreement. *Gaubert*, 286 S.W.3d at 554; *Bookout*, 165 S.W.3d at 907.   Moreover, a "contracting party does not provide consideration for an alleged oral modification merely by promising to do what that party is already bound to do by the original contract terms."   *Kellogg*, 2008 WL 5114962, at *18 (citing *Hovas v. O'Brien*, 654 S.W.2d 801, 803 (Tex. App. – Houston [14th Dist.] 1983, writ ref'd n.r.e.).  It is clear in this case that IRP's alleged partial performance (paying contractual royalties in 2005) does not corroborate the existence of an agreement (to give exclusive rights to IRP or to give IRP the right to transfer exclusive rights to Image).  Accordingly, any partial performance theory is clearly inapplicable.

Finally, the existence of a written agreement between Baisden and IRP, which originally provided IRP with certain limited copyright rights, forecloses a finding of an implied or oral nonexclusive license.  In support of this proposition of law, Plaintiff directs the Court to *Woodard v. Southwest States, Inc.*, 384 S.W.2d 674 (Tex.1964).  In that case, the Texas Supreme Court held that, "[w]here there exists a valid express contract covering the subject matter, there can be no implied contract." *Id*. at 675.  Accordingly, Defendants cannot assert an implied contract for rights that are addressed within the written agreement(s) between the parties.

If any part of your answer to Questions __ or __ [Copyright Infringement (*MCITD* Video recordings) or Misappropriation (*MCITD*)] is "yes," then answer this Question.  Otherwise, do not answer this question.

**DEFENDANTS' QUESTION NO. 46**
**License (*MCITD* Video Recordings)**

Did Defendants prove, by a preponderance of the evidence, that IRP had an express or implied license to prepare and distribute video recordings of *Men Cry in the Dark*?

Yes _____          No_____

**Plaintiff's Contention:**

This question finds no support in the law.  Defendants' multi-part factual argument – that Baisden orally or impliedly agreed to give IRP the continued license to perform the stageplay based on *Men Cry in the Dark*, which "thus further authorized" IRP to sell merchandise, "which includes the DVDs" at issue – cannot be squared with the pleadings or the facts.  To illustrate, Image required IRP to enter into a written agreement (the "Exclusive License Agreement") providing that Image had the exclusive right to manufacture and sell the DVDs.  Consequently, IRP treated its license from Baisden as an exclusive one – one that required a writing for effective transfer under Section 204.  While Defendants now assert that Baisden gave IRP an oral (or implied), nonexclusive license that enabled IRP to enter into an exclusive licensing deal with Image it must be assumed that IRP had an irrevocable license from Baisden.  If not, the IRP-Image agreement would be rendered void if Baisden revoked the alleged oral, nonexclusive license IRP now argues it had.  In effect, this means that the Image-IRP exclusive agreement was not permitted in the first place, and both IRP and Image were aware of this impossibility.  Importantly, courts find implied licenses only  in "narrow circumstances," *see Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 558 (9th Cir. 1990), and the "totality of the parties' conduct" determines whether the licensor intended to grant the implied license.  *See, e.g., Cynthia Hunt Productions, Ltd. v. Evolution of Fitness Houston, Inc.*, No. H-07-0170, 2007 WL 236148, at *5 (S.D. Tex. Aug. 16, 2007) (citing *Lulirama*, 128 F.3d at 879).  Thus, included in this "totality" is IRP's subsequent grant of an exclusive license deal to Image – the fact of this conduct alone negates the plausibility of Baisden granting to IRP a nonexclusive license.  There is nothing from Plaintiff that indicates he "intended" to grant an irrevocable license for Image's conduct.

In addition to the Image/IRP agreement taking the position that the "license" is an exclusive one, Defendants have consistently taken the position in this litigation that the rights allegedly transferred (by the alleged oral agreements) are exclusive rights' transfers. For instance, in the motion for summary judgment, Defendants stated:

> Each of the agreements at issue transfers exclusive ownership of the *Men Cry* Stage Play and *Maintenance Man* Stage Play to IRP. IRP, therefore, is the owner of all rights identified in § 106 of the Copyright Act with respect to the Stage Plays, including the rights to reproduce and distribute copies of the Stage Plays, to prepare derivative works based upon the Stage Plays, and to perform and display the Stage Plays publicly.

Defendants' Motion for summary judgment [Dkt. Entry #74] at page 19. As the Court is aware, in this summary judgment motion, Defendants argued that there were "no disputed issues of material fact" in alleging the existence of exclusive rights transfers to IRP. The law does not allow Defendants to, at the eleventh hour, retract their previous admissions to the Court and now contend that there are issues of material fact as to whether the alleged license is exclusive. The interests of fairness and justice are undercut if, after the time to file dispositive motions (and at the time first argued, just prior to the trial setting), Defendants can dramatically alter their legal contentions. *Cf. Little v. Liquid Air Corp.*, 952 F.3d 841 (Rule 15 leave to amend denied when eleventh hour change in contentions alter the nature of a trial on the merits or require alteration of trial strategy); *see also Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 612 (5th Cir. 1993) ("a district court need not subject itself to presentation of theories seriatim"). Additionally, like the notice entitlement prior to a court's entry of summary judgment, *see, e.g., Goldstein v. Fidelity and Guar. Ins. Underwriters, Inc.*, 86 F.3d 749 (7th Cir. 1996), when a court grants summary judgment on a set of facts, arguing a different set of facts at trial is prejudicial "lawyerly game-playing." *See id.* at 751. And, reversing a summary judgment determination (e.g., that a fact has or has not been established) substantially prejudices a party against whom the "switch" is asserted. *See, e.g., Alberty-Velez v. Corp. De Puerto Rico Para La Difusion Publica*, 22 F.3d 418, 423, 425 (1st Cir. 2009) (after court determined on summary judgment that certain person was an employee so that trial would proceed on the remaining contested issues on that basis, reversing that ruling caused "substantial prejudice", and the First Circuit vacated the subsequent judgment entered after the change in the ruling on employee status). Here, Defendants' license argument throughout this litigation, including summary judgment litigation, has been that the Baisden to IRP license transfers are exclusive. The law requires that such transfers be in writing, triggering the applicability of Section 204 and the Statute of Frauds, and precluding Defendants' new argument.

Moreover, in a last ditch attempt to try and establish some type of a license, Defendants contend that "the agreements must be enforced because they have been fully or partially performed. Partial performance is an equitable exception to the statute of frauds." Defendants' Response at page 4. However, even under the cases cited by Defendants, *Bank of Tex., N.A. v. Gaubert*, 286 S.W.3d 546, 553 (Tex. App.—Dallas 2009, pet. dism'd) and

*Bookout v. Bookout*, 165 S.W.3d 904, 907 (Tex. App.—Texarkana 2005, no pet.), it is clear that actions constituting partial performance must be <u>unequivocally</u> referable to the alleged oral agreement and corroborate the existence of that agreement. *Gaubert*, 286 S.W.3d at 554; *Bookout*, 165 S.W.3d at 907.    Moreover, a "contracting party does not provide consideration for an alleged oral modification merely by promising to do what that party is already bound to do by the original contract terms."  *Kellogg*, 2008 WL 5114962, at *18 (citing *Hovas v. O'Brien*, 654 S.W.2d 801, 803 (Tex. App. – Houston [14th Dist.] 1983, writ ref'd n.r.e.).  It is clear in this case that IRP's alleged partial performance (paying contractual royalties in 2005) does not corroborate the existence of an agreement (to give exclusive rights to IRP or to give IRP the right to transfer exclusive rights to Image).  Accordingly, any partial performance theory is clearly inapplicable.

Finally, the existence of a written agreement between Baisden and IRP, which originally provided IRP with certain limited copyright rights, forecloses a finding of an implied or oral nonexclusive license.  In support of this proposition of law, Plaintiff directs the Court to *Woodard v. Southwest States, Inc.*, 384 S.W.2d 674 (Tex.1964).  In that case, the Texas Supreme Court held that, "[w]here there exists a valid express contract covering the subject matter, there can be no implied contract." *Id*. at 675.  Accordingly, Defendants cannot assert an implied contract for rights that are addressed within the written agreement(s) between the parties.

If any part of your answer to Questions __ or __ [Copyright Infringement (*Maintenance Man* Video recordings) or Misappropriation (*Maintenance Man*)] is "yes," then answer this Question.  Otherwise, do not answer this question.

<u>**DEFENDANTS' QUESTION NO. 47**</u>
**License (*Maintenance Man* Video Recordings)**

<u>Did Defendants prove, by a preponderance of the evidence, that IRP had an express or implied license to prepare and distribute video recordings of *The Maintenance Man*?</u>

Yes _____          No_____

**<u>Plaintiff's Contention:</u>**

This question finds no support in the law.  Defendants' multi-part factual argument – that Baisden orally or impliedly agreed to give IRP the continued license to perform the stageplay based on *Men Cry in the Dark*, which "thus further authorized" IRP to sell merchandise, "which includes the DVDs" at issue – cannot be squared with the pleadings or the facts.  To illustrate, Image required IRP to enter into a written agreement (the "Exclusive License Agreement") providing that Image had the exclusive right to manufacture and sell the DVDs.  Consequently, IRP treated its license from Baisden as an exclusive one – one that required a writing for effective transfer under Section 204.  While Defendants now assert that Baisden gave IRP an oral (or implied), nonexclusive license that enabled IRP to enter into an exclusive licensing deal with Image it <u>must</u> be assumed that IRP had an irrevocable license from Baisden.  If not, the IRP-Image agreement would be rendered void if Baisden revoked the alleged oral, nonexclusive license IRP now argues it had.  In effect, this means that the Image-IRP exclusive agreement was not permitted in the first place, and both IRP and Image were aware of this impossibility.  Importantly, courts find implied licenses only  in "narrow circumstances," *see Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 558 (9th Cir. 1990), and the "totality of the parties' conduct" determines whether the licensor intended to grant the implied license.  *See, e.g., Cynthia Hunt Productions, Ltd. v. Evolution of Fitness Houston, Inc.*, No. H-07-0170, 2007 WL 236148, at *5 (S.D. Tex. Aug. 16, 2007) (citing *Lulirama*, 128 F.3d at 879).  Thus, included in this "totality" is IRP's subsequent grant of an exclusive license deal to Image – the fact of this conduct alone negates the plausibility of Baisden granting to IRP a nonexclusive license.  There is nothing from Plaintiff that indicates he "intended" to grant an irrevocable license for Image's conduct.

In addition to the Image/IRP agreement taking the position that the "license" is an exclusive one, Defendants have consistently taken the position in this litigation that the

rights allegedly transferred (by the alleged oral agreements) are exclusive rights' transfers. For instance, in the motion for summary judgment, Defendants stated:

> Each of the agreements at issue transfers <u>exclusive ownership</u> of the *Men Cry* Stage Play and *Maintenance Man* Stage Play to IRP. IRP, therefore, is the owner of all rights identified in § 106 of the Copyright Act with respect to the Stage Plays, including the rights to reproduce and distribute copies of the Stage Plays, to prepare derivative works based upon the Stage Plays, and to perform and display the Stage Plays publicly.

Defendants' Motion for summary judgment [Dkt. Entry #74] at page 19.  As the Court is aware, in this summary judgment motion, Defendants argued that there were "no disputed issues of material fact" in alleging the existence of exclusive rights transfers to IRP.  The law does not allow Defendants to, at the eleventh hour, retract their previous admissions to the Court and now contend that there are issues of material fact as to whether the alleged license is exclusive.  The interests of fairness and justice are undercut if, after the time to file dispositive motions (and at the time first argued, just prior to the trial setting), Defendants can dramatically alter their legal contentions.  *Cf. Little v. Liquid Air Corp.*, 952 F.3d 841 (Rule 15 leave to amend denied when eleventh hour change in contentions alter the nature of a trial on the merits or require alteration of trial strategy); *see also Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 612 (5th Cir. 1993) ("a district court need not subject itself to presentation of theories seriatim").   Additionally, like the notice entitlement prior to a court's entry of summary judgment, *see, e.g., Goldstein v. Fidelity and Guar. Ins. Underwriters, Inc.*, 86 F.3d 749 (7th Cir. 1996), when a court grants summary judgment on a set of facts, arguing a different set of facts at trial is prejudicial "lawyerly game-playing." *See id.* at 751.  And, reversing a summary judgment determination (e.g., that a fact has or has not been established) substantially prejudices a party against whom the "switch" is asserted.  *See, e.g., Alberty-Velez v. Corp. De Puerto Rico Para La Difusion Publica*, 22 F.3d 418, 423, 425 (1st Cir. 2009) (after court determined on summary judgment that certain person was an employee so that trial would proceed on the remaining contested issues on that basis, reversing that ruling caused "substantial prejudice", and the First Circuit vacated the subsequent judgment entered after the change in the ruling on employee status).  Here, Defendants' license argument throughout this litigation, including summary judgment litigation, has been that the Baisden to IRP license transfers are exclusive.  The law requires that such transfers be in writing, triggering the applicability of Section 204 and the Statute of Frauds, and precluding Defendants' new argument.

Moreover, in a last ditch attempt to try and establish some type of a license, Defendants contend that "the agreements must be enforced because they have been fully or partially performed. Partial performance is an equitable exception to the statute of frauds." Defendants' Response at page 4.  However, even under the cases cited by Defendants, *Bank of Tex., N.A. v. Gaubert*, 286 S.W.3d 546, 553 (Tex. App.—Dallas 2009, pet. dism'd) and *Bookout v. Bookout*, 165 S.W.3d 904, 907 (Tex. App.—Texarkana 2005, no pet.), it is clear that actions constituting partial performance must be <u>unequivocally</u> referable to the alleged

oral agreement and corroborate the existence of that agreement. *Gaubert*, 286 S.W.3d at 554; *Bookout*, 165 S.W.3d at 907.   Moreover, a "contracting party does not provide consideration for an alleged oral modification merely by promising to do what that party is already bound to do by the original contract terms."   *Kellogg*, 2008 WL 5114962, at *18 (citing *Hovas v. O'Brien*, 654 S.W.2d 801, 803 (Tex. App. – Houston [14th Dist.] 1983, writ ref'd n.r.e.).  It is clear in this case that IRP's alleged partial performance (paying contractual royalties in 2005) does not corroborate the existence of an agreement (to give exclusive rights to IRP or to give IRP the right to transfer exclusive rights to Image).  Accordingly, any partial performance theory is clearly inapplicable.

Finally, the existence of a written agreement between Baisden and IRP, which originally provided IRP with certain limited copyright rights, forecloses a finding of an implied or oral nonexclusive license.  In support of this proposition of law, Plaintiff directs the Court to *Woodard v. Southwest States, Inc.*, 384 S.W.2d 674 (Tex.1964).  In that case, the Texas Supreme Court held that, "[w]here there exists a valid express contract covering the subject matter, there can be no implied contract." *Id*. at 675.  Accordingly, Defendants cannot assert an implied contract for rights that are addressed within the written agreement(s) between the parties.

If any part of your answers to Questions __, __, __ or __ [Copyright Infringement (*MCITD*), Copyright Infringement (*Maintenance Man*), Misappropriation (*MCITD*), or Misappropriation (*Maintenance Man*)] is "yes," then answer this Question.  Otherwise, do not answer this question.

### DEFENDANTS' QUESTION NO. 48
**Equitable Estoppel (Video Recording Distribution)**

Did Defendants prove, by a preponderance of the evidence, that Baisden's claims related to distribution of the *Men Cry in the Dark* and *Maintenance Man* video recordings are barred by equitable estoppel?

Yes _____                No_____

**Plaintiff's Objection:**

First, Defendants are not entitled to a question on estoppel since they did not specifically plead it as required by the rules.  *Rubin v. O'Koren*, 621 F.2d 114 (5th Cir. 1980)(because estoppel is premised on a showing of "intentional deception . . . or gross negligence amounting to constructive fraud," the claimant must plead with particularity the circumstances and elements supporting the defense; see also *T-Mobile, USA, Inc. v. Wireless Exclusive USA, LLC*, 2008 WL 2600016 (N.D.Tex. July 1, 2008).

Second, equitable estoppel cannot be used as an offensive theory in the manner in which Defendants seek to use it.  *Kelly v. Rio Grande Computerland Group*, 128 S.W.3d 759, 769 (Tex.Civ.App – El Paso 2004).

Additionally, the affirmative defense of estoppel requires that each of its elements is conclusively established by its proponent.  *Compaq Computer Corp. v. Ergonome Inc.*, 210 F.Supp.2d 845, 848 (S.D. Tex. 2002), *aff'd and rev'd in part on unrelated issue*, 387 F.3d 403 (5th Cir. 2004), *cert. denied*, 544 U.S. 962 (2005); *see also Interplan Architects, Inc. v. C.L. Thomas, Inc.*, 2010 WL 4366990 (S.D. Tex. Oct. 27, 2010) (slip copy) (granting summary judgment to copyright infringement plaintiff because defendant could not raise genuine issue of material fact that plaintiff had specific knowledge of the infringing conduct).  As stated in *Compaq*, however, silence can suffice as the "misleading conduct" only when there is an obligation to speak.  *See id.* at 849.

Defendants raise no issue of Baisden's obligation to speak; instead, Defendants rely upon *Compaq* for their assertion that Baisden's inaction operates to satisfy the second

element of equitable estoppel, *i.e.*, the plaintiff intends that his conduct be relied upon, or by his silence, the defendant has a right to rely upon the inaction. *See Carson v. Dynegy, Inc.*, 344 F.3d 446, 453 (5th Cir. 2003). *Compaq* is a factually inapposite case; on appeal, the Fifth Circuit did not reach the equitable estoppel defense, affirming judgment for defendant on the jury's fair use finding. *Compaq*, 387 F.3d 403, 411 n.4. At trial, the plaintiff's principals "admitted" that they led defendant Compaq to "believe that there was no intent to enforce their rights . . . ." *Compaq*, 2010 F.Supp.2d at 849. In the instant case, Defendants will be unable to procure an admission that Baisden intended that his conduct authorizes IRP to continue its copyright infringement. Thus, *Compaq* does not support Defendants' equitable estoppel theory.

Neither does the second case upon which Defendants rely – *Buckward Digital Services, Inc. v. Wyckoff*, 2006 WL 1118003 (S.D. Tex. April 26, 2006). In *Buckward*, as an alternative to its finding that the defendants held irrevocable licenses authorizing use of the copyright at issue, the court found that defendants were entitled to summary judgment on an equitable estoppel defense. *See id.* at *4. In contrast to the undisputed facts in the instant matter, in *Buckward*, the defendants were unaware that plaintiff claimed a copyright. *See id.* Here, Defendants cannot assert such claim. Consequently, neither *Buckward* nor *Compaq* lends support to Defendants' contention that equitable estoppel will bar Baisden's copyright infringement claims. The evidence establishes the inapplicability of the doctrine of equitable estoppel.

In *Barfield v. Howard M. Smith Co*., 426 S.W.2d 834, 838 (Tex.1968), the court noted that one requirement of estoppel is that the party asserting the defense was without knowledge, or the means of acquiring knowledge, of the facts allegedly misrepresented. Because the appellant in *Barfield* had the opportunity to discover the facts, the court held that appellant failed to establish all of the elements of estoppel. Id. at 839.

Similarly, in *El Paso Nat'l Bank v. Southwest Numismatic Inv. Group, Ltd*., 548 S.W.2d 942 (Tex.Civ.App.-El Paso 1977, no writ), the court held that estoppel was inapplicable where the conduct of the party asserting estoppel contributed to the loss. In *El Paso Nat'l Bank*, the bank sued a depositor to recover the amount overdrawn and the depositor raised the defense of estoppel. Id. at 943, 945. The bank claimed that the depositor could not assert estoppel because the depositor had unclean hands in that it negligently issued checks on an account containing insufficient funds. Id. at 948. The court agreed with the bank for two reasons. Because the jury had found the depositor negligent in issuing the checks, the court first applied the rule that estoppel is unavailable to a party guilty of contributory negligence and held that the jury findings of negligence barred the assertion of estoppel. *Id*. (citing *City of Tyler v. Bruck*, 267 S.W.2d 429 (Tex.Civ.App.-Texarkana 1954, writ ref'd n.r.e.); *Continental Credit Corp. v. Norman*, 303 S.W.2d 449 (Tex.Civ.App.-San Antonio 1957, writ ref'd n.r.e.); 31 C.J.S. Estoppel § 102 (1964).

The court additionally noted that only innocent persons may invoke the doctrine of estoppel and that one asserting estoppel must come into court with clean hands. Id. at 949 (citing 31 C.J.S. Estoppel § 75 (1964). The court offered the following quote by Chief Justice Calvert regarding the "clean hands" issue:

> I apprehend that "clean hands" is not an affirmative defense to a plea of estoppel; it is a necessary predicate for the plea, and if it is an issuable fact under the evidence, the burden of obtaining a favorable finding is on the party asserting an estoppel. It is thus but one of the cluster of issues essential to the defense of estoppel.

 *Id*. (quoting *Champlin Oil & Refining Co. v. Chastain*, 403 S.W.2d 376, 408 (Tex.1965) (Calvert, C.J. dissenting on reh'g)).

Additionally, the law is clear that if an act or admission is susceptible of two constructions, one of which is consistent with a right asserted by the party sought to be estopped, it forms no estoppel. *Gulbenkian v. Penn*, 252 S.W.2d 929 (Tex. 1952). In other words, the facts demonstrate clearly that estoppel should not be used in this case to prevent Plaintiff from asserting the rights he has to prevent Defendants' breach of contract, unfair competition, and copyright infringement.

If any part of your answer to Questions ___ [Copyright Infringement (*MCITD* Tour)] is "yes," then answer this Question.  Otherwise, do not answer this question.

### DEFENDANTS' QUESTION NO. 49
### Equitable Estoppel (*MCITD* 2005 Tour)

Did Defendants prove, by a preponderance of the evidence, that Baisden's claims related to the 2005 tour of *Men Cry in the Dark* are barred by equitable estoppel?

Yes _____                     No_____

**Plaintiff's Objection:**

First, Defendants are not entitled to a question on estoppel since they did not specifically plead it as required by the rules.  *Rubin v. O'Koren*, 621 F.2d 114 (5th Cir. 1980)(because estoppel is premised on a showing of "intentional deception . . . or gross negligence amounting to constructive fraud," the claimant must plead with particularity the circumstances and elements supporting the defense; see also *T-Mobile, USA, Inc. v. Wireless Exclusive USA, LLC*, 2008 WL 2600016 (N.D.Tex. July 1, 2008).

Second, equitable estoppel cannot be used as an offensive theory in the manner in which Defendants seek to use it.  *Kelly v. Rio Grande Computerland Group*, 128 S.W.3d 759, 769 (Tex.Civ.App – El Paso 2004).

Additionally, the affirmative defense of estoppel requires that each of its elements is conclusively established by its proponent.  *Compaq Computer Corp. v. Ergonome Inc.*, 210 F.Supp.2d 845, 848 (S.D. Tex. 2002), *aff'd and rev'd in part on unrelated issue*, 387 F.3d 403 (5th Cir. 2004), *cert. denied*, 544 U.S. 962 (2005); *see also Interplan Architects, Inc. v. C.L. Thomas, Inc.*, 2010 WL 4366990 (S.D. Tex. Oct. 27, 2010) (slip copy) (granting summary judgment to copyright infringement plaintiff because defendant could not raise genuine issue of material fact that plaintiff had specific knowledge of the infringing conduct).  As stated in *Compaq*, however, silence can suffice as the "misleading conduct" only when there is an obligation to speak.  *See id.* at 849.

Defendants raise no issue of Baisden's obligation to speak; instead, Defendants rely upon *Compaq* for their assertion that Baisden's inaction operates to satisfy the second element of equitable estoppel, *i.e.*, the plaintiff intends that his conduct be relied upon, or by his silence, the defendant has a right to rely upon the inaction.  *See Carson v. Dynegy, Inc.*, 344 F.3d 446, 453 (5th Cir. 2003).  *Compaq* is a factually inapposite case; on appeal, the Fifth Circuit did not reach the equitable estoppel defense, affirming judgment for defendant on the jury's fair use finding.  *Compaq*, 387 F.3d 403, 411 n.4.  At trial, the plaintiff's principals "admitted" that they led defendant Compaq to "believe that there was no intent to enforce their rights . . . ." *Compaq*, 2010 F.Supp.2d at 849.  In the instant case, Defendants will be unable to procure an admission that Baisden intended that his conduct authorizes

IRP to continue its copyright infringement.  Thus, *Compaq* does not support Defendants' equitable estoppel theory.

Neither does the second case upon which Defendants rely – *Buckward Digital Services, Inc. v. Wyckoff*, 2006 WL 1118003 (S.D. Tex. April 26, 2006).  In *Buckward*, as an alternative to its finding that the defendants held irrevocable licenses authorizing use of the copyright at issue, the court found that defendants were entitled to summary judgment on an equitable estoppel defense.  *See id.* at *4.  In contrast to the undisputed facts in the instant matter, in *Buckward*, the defendants were unaware that plaintiff claimed a copyright.  *See id.* Here, Defendants cannot assert such claim.  Consequently, neither *Buckward* nor *Compaq* lends support to Defendants' contention that equitable estoppel will bar Baisden's copyright infringement claims.   The evidence establishes the inapplicability of the doctrine of equitable estoppel.

In *Barfield v. Howard M. Smith Co.*, 426 S.W.2d 834, 838 (Tex.1968), the court noted that one requirement of estoppel is that the party asserting the defense was without knowledge, or the means of acquiring knowledge, of the facts allegedly misrepresented. Because the appellant in *Barfield* had the opportunity to discover the facts, the court held that appellant failed to establish all of the elements of estoppel. Id. at 839.

Similarly, in *El Paso Nat'l Bank v. Southwest Numismatic Inv. Group, Ltd.*, 548 S.W.2d 942 (Tex.Civ.App.-El Paso 1977, no writ), the court held that estoppel was inapplicable where the conduct of the party asserting estoppel contributed to the loss. In *El Paso Nat'l Bank*, the bank sued a depositor to recover the amount overdrawn and the depositor raised the defense of estoppel. Id. at 943, 945. The bank claimed that the depositor could not assert estoppel because the depositor had unclean hands in that it negligently issued checks on an account containing insufficient funds. Id. at 948. The court agreed with the bank for two reasons. Because the jury had found the depositor negligent in issuing the checks, the court first applied the rule that estoppel is unavailable to a party guilty of contributory negligence and held that the jury findings of negligence barred the assertion of estoppel. *Id.* (citing *City of Tyler v. Bruck*, 267 S.W.2d 429 (Tex.Civ.App.-Texarkana 1954, writ ref'd n.r.e.); *Continental Credit Corp. v. Norman*, 303 S.W.2d 449 (Tex.Civ.App.-San Antonio 1957, writ ref'd n.r.e.); 31 C.J.S. Estoppel § 102 (1964).

The court additionally noted that only innocent persons may invoke the doctrine of estoppel and that one asserting estoppel must come into court with clean hands. Id. at 949 (citing 31 C.J.S. Estoppel § 75 (1964). The court offered the following quote by Chief Justice Calvert regarding the "clean hands" issue:

> I apprehend that "clean hands" is not an affirmative defense to a plea of estoppel; it is a necessary predicate for the plea, and if it is an issuable fact under the evidence, the burden of obtaining a favorable finding is on the

party asserting an estoppel. It is thus but one of the cluster of issues essential to the defense of estoppel.

*Id*. (quoting *Champlin Oil & Refining Co. v. Chastain*, 403 S.W.2d 376, 408 (Tex.1965) (Calvert, C.J. dissenting on reh'g)).

Additionally, the law is clear that if an act or admission is susceptible of two constructions, one of which is consistent with a right asserted by the party sought to be estopped, it forms no estoppel. *Gulbenkian v. Penn*, 252 S.W.2d 929 (Tex. 1952). In other words, the facts demonstrate clearly that estoppel should not be used in this case to prevent Plaintiff from asserting the rights he has to prevent Defendants' breach of contract, unfair competition, and copyright infringement.

If any part of your answers to Questions __ or __ [Copyright Infringement (Video recordings)] is "yes," then answer this Question.  Otherwise, do not answer this question.

### DEFENDANTS' QUESTION NO. 50
**Waiver of Copyright Infringement (Video Recording Distribution)**

Did Defendants prove, by a preponderance of the evidence, that Baisden waived his claim for copyright infringement regarding the distribution of the *Men Cry in the Dark* and *Maintenance Man* video recordings?

Yes _____            No_____


**Plaintiff's position:**

Under Texas law, waiver is "a voluntary, intentional relinquishment of a known right or intentional conduct inconsistent with that right."  *First Interstate Bank of Arizona, N.A. v. Interfund Corp*., 924 F.2d 588, 595 (5th Cir. 1991).   A finding of waiver requires a finding of actual intent.  *See id.* (citing cases).  Plaintiff objects to this question to the extent it is inconsistent with the law and with the Court's previous ruling and is confusing.  Additionally, the structure of the question is incorrect, improper, suggestive, and unduly prejudicial.  Further, it must be shown that Plaintiff intended to waive his known rights (1) as against each defendant and (2) as against each act complained of, because waiver requires a finding of unequivocal intention to no longer assert a right.  *See id.*

**A more appropriate set of questions would be:**

1.     Did Defendant IRP prove, by a preponderance of the evidence, that Baisden waived his claim against IRP for copyright infringement regarding the distribution by A.J. Production of the *Men Cry in the Dark* and *Maintenance Man* VHS and DVD video recordings?

Yes _____            No_____


2.     Did Defendant IRP prove, by a preponderance of the evidence, that Baisden waived his claim against IRP for copyright infringement regarding the distribution by Image Entertainment of the *Men Cry in the Dark* and *Maintenance Man* video recordings?

Yes _____            No_____


3.     Did Defendant Image Entertainment prove, by a preponderance of the evidence, that Baisden waived his claim against Image Entertainment for copyright

infringement regarding the distribution by Image Entertainment of the *Men Cry in the Dark* and *Maintenance Man* video recordings?

Yes _____          No_____


If any part of your answers to Question __ [Copyright Infringement (*MCITD* Tour)] is "yes," then answer this Question.  Otherwise, do not answer this question.

**DEFENDANTS' QUESTION NO. 51**
**Waiver  of Copyright Infringement (2005 *MCITD* Tour)**

Did Defendants prove, by a preponderance of the evidence, that Baisden waived his claim for copyright infringement regarding the 2005 tour of *Men Cry in the Dark*?

Yes _____          No_____

If either or both of your answers to Questions __ or __ [Misappropriation Questions] are "yes," then answer this Question. Otherwise, do not answer this question.

**DEFENDANTS' QUESTION NO. 52**
**Waiver of Unfair Competition**

Did Defendants prove, by a preponderance of the evidence, that Baisden waived his claim for unfair competition?

Yes _____          No_____

**Plaintiff's position:**

Under Texas law, waiver is "a voluntary, intentional relinquishment of a known right or intentional conduct inconsistent with that right." *First Interstate Bank of Arizona, N.A. v. Interfund Corp.*, 924 F.2d 588, 595 (5th Cir. 1991). A finding of waiver requires a finding of actual intent. *See id.* (citing cases). Plaintiff objects to this question to the extent it is inconsistent with the law and with the Court's previous ruling and is confusing. Additionally, the structure of the question is incorrect, improper, suggestive, and unduly prejudicial. Further, it must be shown that Plaintiff intended to waive his known rights (1) as against each defendant and (2) as against each act complained of, because waiver requires a finding of unequivocal intention to no longer assert a right. *See id.*

**A more appropriate set of questions would be:**

1.      Did Defendant IRP prove, by a preponderance of the evidence, that Baisden waived his claim against IRP for its use of his name, image or likeness during IRP's distribution of the *Men Cry in the Dark* and *Maintenance Man* video recordings?

Yes _____          No_____

2.      Did Defendant IRP prove, by a preponderance of the evidence, that Baisden waived his claim against IRP for IRP's deceptive marketing or dilution of Plaintiff's name or reputation during the distribution of the *Men Cry in the Dark* and *Maintenance Man* video recordings?

Yes _____          No_____

3.    <u>Did Defendant Image Entertainment prove, by a preponderance of the evidence, that Baisden waived his claim against Image for its use of his name, image or likeness during the distribution of the *Men Cry in the Dark* and *Maintenance Man* video recordings?</u>

Yes _____          No_____

4.    <u>Did Defendant Image Entertainment prove, by a preponderance of the evidence, that Baisden waived his claim against Image for its deceptive marketing or dilution of Plaintiff's name or reputation during the distribution of the *Men Cry in the Dark* and *Maintenance Man* video recordings?</u>

Yes _____          No_____

Answer this question if you answered "yes" to Question ____. [Breach of Contract by IRP]. Otherwise, do not answer this question.

**DEFENDANTS' QUESTION NO. 53**
**Waiver of Breach of Contract**

Did Defendants prove, by a preponderance of the evidence, that Baisden waived his claim for breach of contract?

Yes ____               No____


**Plaintiff's position:**

Under Texas law, waiver is "a voluntary, intentional relinquishment of a known right or intentional conduct inconsistent with that right."   *First Interstate Bank of Arizona, N.A. v. Interfund Corp*., 924 F.2d 588, 595 (5th Cir. 1991).   A finding of waiver requires a finding of actual intent.   *See id.* (citing cases).   Plaintiff objects to this question to the extent it is inconsistent with the law and with the Court's previous ruling and is confusing.   Additionally, the structure of the question is incorrect, improper, suggestive, and unduly prejudicial.   Further, it must be shown that Plaintiff intended to waive his known rights (1) as against each defendant and (2) as against each act complained of, because waiver requires a finding of unequivocal intention to no longer assert a right. *See id.*

   **A more appropriate set of questions would be:**
   Plaintiff's position:

Under Texas law, waiver is "a voluntary, intentional relinquishment of a known right or intentional conduct inconsistent with that right."   *First Interstate Bank of Arizona, N.A. v. Interfund Corp*., 924 F.2d 588, 595 (5th Cir. 1991).   A finding of waiver requires a finding of actual intent.   *See id.* (citing cases).   Plaintiff objects to this question to the extent it is inconsistent with the law and with the Court's previous ruling and is confusing.   Additionally, the structure of the question is incorrect, improper, suggestive, and unduly prejudicial.   Further, it must be shown that Plaintiff intended to waive his known rights as against each act complained of, because waiver requires a finding of unequivocal intention to no longer assert a right.   *See id.*

   **A more appropriate set of questions would be:**
   1.       Did Defendant IRP prove, by a preponderance of the evidence, that Baisden waived his claim against IRP for its failure to provide an accounting and pay royalties on the distributions of the A.J. Productions' versions of *Men Cry in the Dark* and *Maintenance Man* video recordings?

Yes _____                No_____

2.      Did Defendant IRP prove, by a preponderance of the evidence, that Baisden waived his claim against IRP for its failure to provide an accounting and pay royalties on the recordings distributed through the Image Entertainment/IRP relationship?

Yes _____                No_____

3.      Did Defendant IRP prove, by a preponderance of the evidence, that Baisden waived his claim against IRP for IRP exceeding the scope and terms of the Men Cry in the Dark agreement?

Yes _____                No_____

4.      Did Defendant IRP prove, by a preponderance of the evidence, that Baisden waived his claim against IRP for IRP exceeding the scope and terms of The Maintenance Man agreement?

Yes _____                No_____

If your answer to any part of Questions __ or __ [*MCITD* Copyright Infringement (Video recordings) or *MCITD* Misappropriation Question] is "yes," then answer this Question. Otherwise, do not answer this question.

**DEFENDANTS' QUESTION NO. 54**
**Quasi-Estoppel (*Men Cry in the Dark* Videos)**

Did Defendants prove, by a preponderance of the evidence, that the doctrine of "quasi-estoppel" bars Baisden from claiming that the *Men Cry in the Dark* video recordings are unauthorized?

Yes _____            No_____

**Plaintiff's Objection:**

First, Defendants are not entitled to a question on estoppel since they did not specifically plead it as required by the rules. *Rubin v. O'Koren*, 621 F.2d 114 (5th Cir. 1980)(because estoppel is premised on a showing of "intentional deception . . . or gross negligence amounting to constructive fraud," the claimant must plead with particularity the circumstances and elements supporting the defense; see also T-Mobile, USA, Inc. v. Wireless Exclusive USA, LLC, 2008 WL 2600016 (N.D.Tex. July 1, 2008).

The law is clear that a court can find as a matter of law that one party's positions are not inconsistent, and therefore, find quasi-estoppel inapplicable. *see Hartford Fire Ins. Co. v. City of Mont Belvieu*, Tex., 611 F.3d 289 (5th Cir. 2010)("inconsistency can be determined as a matter of law", and "a party may, pursuant to a contract and for legitimate reasons, have the right to assert superficially inconsistent positions at different times) (citing cases). Defendants' assertion that their quasi-estoppel cases bar Baisden's claims because he accepted a check from Guidry/Johnson/IRP fails pursuant to the Fifth Circuit's Hartford Fire analysis. Baisden did not take an inconsistent position; he simply accepted a check he assumed was paid to him pursuant to the contract.

The cases cited by Defendants apply quasi-estoppel to preclude a party from claiming that an agreement is invalid subsequent to accepting benefits thereunder. Here, in contrast, Baisden is not asserting that the terms of the Men Cry in the Dark or The Maintenance Man agreements are invalid – rather, his evidence will establish that IRP breached/terminated the applicable agreements by failing to pay him royalties pursuant to the required accountings. Furthermore, Defendants' contention that quasi-estoppel bars Baisden from adducing proof that the December 2002 The Maintenance Man agreement is a forgery is non sequitur. Quasi-etoppel, an equitable doctrine, is not applied by the courts to prevent a party harmed by another's breach of a valid contract from establishing that the

breaching party is erroneously relying upon an invalid, inoperative contract. *See, e.g., Estate of Lampert through Thurston v. Estate of Lampert through Stauffer*, 896 P.2d 214 (Alaska 1995) ("[w]e conclude that under the doctrine of quasi-estoppel . . . fairness dictates that Chester's estate may not now gain from the imperfect conveyance which Chester originally intended to be effective."); *Karterman v. Jameson*, 980 P.2d 574 (Idaho App. 1999)(party making payments could not rely on quasi-estoppel when court required compliance with contractual terms).

The facts also establish that Plaintiff has evidence that establishes he protested the two distinct instances where it became apparent Defendants were infringing his copyrights. Initially, when the IRP/AJ Productions relationship infringed Plaintiff's copyrights, Plaintiff insisted that the conduct cease. Later, when Plaintiff discovered that there was a separate act of infringement with the IRP/Image arrangement, Plaintiff requested confirmation from Defendants as to what authority they were operating under for their planned conduct. Receiving no factual or legal authority from Defendants for their conduct, Plaintiff sent cease and desist letters to IRP to prevent the planned infringement. The facts will also show that Plaintiff never authorized IRP (orally or otherwise) to extend the terms of any agreement that expired according to its terms. In other words, there is no evidence that Plaintiff ever authorized IRP to "renew or extend" the 2005 Tour and no evidence that Plaintiff ever took the position that the alleged December 2002 Maintenance Man agreement did not expire according to its terms. Therefore, Plaintiff is not precluded from presenting these arguments to the Court and/or jury. Additionally, the Court has already made an oral ruling as to the termination dates in the agreements[59] and Plaintiff should not be prevented from relying on this Court ruling.

In *Barfield v. Howard M. Smith Co.*, 426 S.W.2d 834, 838 (Tex.1968), the court noted that one requirement of estoppel is that the party asserting the defense was without knowledge, or the means of acquiring knowledge, of the facts allegedly misrepresented. Because the appellant in Barfield had the opportunity to discover the facts, the court held that appellant failed to establish all of the elements of estoppel. Id. at 839.

Similarly, in *El Paso Nat'l Bank v. Southwest Numismatic Inv. Group, Ltd.*, 548 S.W.2d 942 (Tex.Civ.App.-El Paso 1977, no writ), the court held that estoppel was inapplicable where the conduct of the party asserting estoppel contributed to the loss. In El Paso Nat'l Bank, the bank sued a depositor to recover the amount overdrawn and the depositor raised the defense of estoppel. Id. at 943, 945. The bank claimed that the depositor could not assert estoppel because the depositor had unclean hands in that it negligently issued checks on an account containing insufficient funds. Id. at 948. The court agreed with the bank for two reasons. Because the jury had found the depositor negligent in issuing the checks, the court first applied the rule that estoppel is unavailable to a party guilty of contributory negligence and held that the jury findings of negligence barred the assertion of estoppel. Id. (citing *City of Tyler v. Bruck*, 267 S.W.2d 429

---

[59] SJ Opinion, p. 25.

(Tex.Civ.App.-Texarkana 1954, writ ref'd n.r.e.); *Continental Credit Corp. v. Norman*, 303 S.W.2d 449 (Tex.Civ.App.-San Antonio 1957, writ ref'd n.r.e.); 31 C.J.S. Estoppel § 102 (1964).

The court additionally noted that only innocent persons may invoke the doctrine of estoppel and that one asserting estoppel must come into court with clean hands. Id. at 949 (citing 31 C.J.S. Estoppel § 75 (1964). The court offered the following quote by Chief Justice Calvert regarding the "clean hands" issue:

> I apprehend that "clean hands" is not an affirmative defense to a plea of estoppel; it is a necessary predicate for the plea, and if it is an issuable fact under the evidence, the burden of obtaining a favorable finding is on the party asserting an estoppel. It is thus but one of the cluster of issues essential to the defense of estoppel.

Id. (quoting *Champlin Oil & Refining Co. v. Chastain*, 403 S.W.2d 376, 408 (Tex.1965) (Calvert, C.J. dissenting on reh'g)).

Additionally, the law is clear that if an act or admission is susceptible of two constructions, one of which is consistent with a right asserted by the party sought to be estopped, it forms no estoppel. *Gulbenkian v. Penn*, 252 S.W.2d 929 (Tex. 1952). In other words, the facts demonstrate clearly that estoppel should not be used in this case to prevent Plaintiff from asserting the rights he has to prevent Defendants' breach of contract, unfair competition, and copyright infringement.

If your answer to any part of Questions __ or __ [*Maintenance Man* Copyright Infringement and *Maintenance Man* Misappropriation Question] is "yes," then answer this Question. Otherwise, do not answer this question.

### DEFENDANTS' QUESTION NO. 55
### Quasi-Estoppel (*Maintenance Man* Videos)

Did Defendants prove, by a preponderance of the evidence, that the doctrine of "quasi-estoppel" bars Baisden from claiming that the *Maintenance Man* video recordings are unauthorized?

Yes _____          No_____

**Plaintiff's Objection:**

First, Defendants are not entitled to a question on estoppel since they did not specifically plead it as required by the rules. *Rubin v. O'Koren*, 621 F.2d 114 (5th Cir. 1980)(because estoppel is premised on a showing of "intentional deception . . . or gross negligence amounting to constructive fraud," the claimant must plead with particularity the circumstances and elements supporting the defense; see also T-Mobile, USA, Inc. v. Wireless Exclusive USA, LLC, 2008 WL 2600016 (N.D.Tex. July 1, 2008).

The law is clear that a court can find as a matter of law that one party's positions are not inconsistent, and therefore, find quasi-estoppel inapplicable. *see Hartford Fire Ins. Co. v. City of Mont Belvieu*, Tex., 611 F.3d 289 (5th Cir. 2010)("inconsistency can be determined as a matter of law", and "a party may, pursuant to a contract and for legitimate reasons, have the right to assert superficially inconsistent positions at different times) (citing cases). Defendants' assertion that their quasi-estoppel cases bar Baisden's claims because he accepted a check from Guidry/Johnson/IRP fails pursuant to the Fifth Circuit's Hartford Fire analysis. Baisden did not take an inconsistent position; he simply accepted a check he assumed was paid to him pursuant to the contract.

The cases cited by Defendants apply quasi-estoppel to preclude a party from claiming that an agreement is invalid subsequent to accepting benefits thereunder. Here, in contrast, Baisden is not asserting that the terms of the Men Cry in the Dark or The Maintenance Man agreements are invalid – rather, his evidence will establish that IRP breached/terminated the applicable agreements by failing to pay him royalties pursuant to the required accountings. Furthermore, Defendants' contention that quasi-estoppel bars Baisden from adducing proof that the December 2002 The Maintenance Man agreement is a forgery is non sequitur. Quasi-etoppel, an equitable doctrine, is not applied by the courts to prevent a party harmed by another's breach of a valid contract from establishing that the

breaching party is erroneously relying upon an invalid, inoperative contract. *See, e.g., Estate of Lampert through Thurston v. Estate of Lampert through Stauffer*, 896 P.2d 214 (Alaska 1995) ("[w]e conclude that under the doctrine of quasi-estoppel . . . fairness dictates that Chester's estate may not now gain from the imperfect conveyance which Chester originally intended to be effective."); *Karterman v. Jameson*, 980 P.2d 574 (Idaho App. 1999)(party making payments could not rely on quasi-estoppel when court required compliance with contractual terms).

The facts also establish that Plaintiff has evidence that establishes he protested the two distinct instances where it became apparent Defendants were infringing his copyrights. Initially, when the IRP/AJ Productions relationship infringed Plaintiff's copyrights, Plaintiff insisted that the conduct cease. Later, when Plaintiff discovered that there was a separate act of infringement with the IRP/Image arrangement, Plaintiff requested confirmation from Defendants as to what authority they were operating under for their planned conduct. Receiving no factual or legal authority from Defendants for their conduct, Plaintiff sent cease and desist letters to IRP to prevent the planned infringement. The facts will also show that Plaintiff never authorized IRP (orally or otherwise) to extend the terms of any agreement that expired according to its terms. In other words, there is no evidence that Plaintiff ever authorized IRP to "renew or extend" the 2005 Tour and no evidence that Plaintiff ever took the position that the alleged December 2002 Maintenance Man agreement did not expire according to its terms. Therefore, Plaintiff is not precluded from presenting these arguments to the Court and/or jury. Additionally, the Court has already made an oral ruling as to the termination dates in the agreements[60] and Plaintiff should not be prevented from relying on this Court ruling.

In *Barfield v. Howard M. Smith Co.*, 426 S.W.2d 834, 838 (Tex.1968), the court noted that one requirement of estoppel is that the party asserting the defense was without knowledge, or the means of acquiring knowledge, of the facts allegedly misrepresented. Because the appellant in Barfield had the opportunity to discover the facts, the court held that appellant failed to establish all of the elements of estoppel. Id. at 839.

Similarly, in *El Paso Nat'l Bank v. Southwest Numismatic Inv. Group, Ltd.*, 548 S.W.2d 942 (Tex.Civ.App.-El Paso 1977, no writ), the court held that estoppel was inapplicable where the conduct of the party asserting estoppel contributed to the loss. In El Paso Nat'l Bank, the bank sued a depositor to recover the amount overdrawn and the depositor raised the defense of estoppel. Id. at 943, 945. The bank claimed that the depositor could not assert estoppel because the depositor had unclean hands in that it negligently issued checks on an account containing insufficient funds. Id. at 948. The court agreed with the bank for two reasons. Because the jury had found the depositor negligent in issuing the checks, the court first applied the rule that estoppel is unavailable to a party guilty of contributory negligence and held that the jury findings of negligence barred the assertion of estoppel. Id. (citing *City of Tyler v. Bruck*, 267 S.W.2d 429

---

[60] SJ Opinion, p. 25.

(Tex.Civ.App.-Texarkana 1954, writ ref'd n.r.e.); *Continental Credit Corp. v. Norman*, 303 S.W.2d 449 (Tex.Civ.App.-San Antonio 1957, writ ref'd n.r.e.); 31 C.J.S. Estoppel § 102 (1964).

The court additionally noted that only innocent persons may invoke the doctrine of estoppel and that one asserting estoppel must come into court with clean hands. Id. at 949 (citing 31 C.J.S. Estoppel § 75 (1964). The court offered the following quote by Chief Justice Calvert regarding the "clean hands" issue:

> I apprehend that "clean hands" is not an affirmative defense to a plea of estoppel; it is a necessary predicate for the plea, and if it is an issuable fact under the evidence, the burden of obtaining a favorable finding is on the party asserting an estoppel. It is thus but one of the cluster of issues essential to the defense of estoppel.

Id. (quoting *Champlin Oil & Refining Co. v. Chastain*, 403 S.W.2d 376, 408 (Tex.1965) (Calvert, C.J. dissenting on reh'g)).

Additionally, the law is clear that if an act or admission is susceptible of two constructions, one of which is consistent with a right asserted by the party sought to be estopped, it forms no estoppel. *Gulbenkian v. Penn*, 252 S.W.2d 929 (Tex. 1952). In other words, the facts demonstrate clearly that estoppel should not be used in this case to prevent Plaintiff from asserting the rights he has to prevent Defendants' breach of contract, unfair competition, and copyright infringement.

Answer this question if you answered "yes" to Question ___ [Formation of December 2002 Contract].  Otherwise, do not answer this question.

### <u>DEFENDANTS' QUESTION NO. 56</u>
**Breach of Contract Counter-Claim (December 2002 MM Agreement)**

<u>Did IRP prove, by a preponderance of the evidence, that Baisden failed to comply with the December 2002 *Maintenance Man* Agreement?</u>

Yes _____          No_____


**<u>Plaintiff's objection:</u>**

This is an invalid question in that IRP seeks an advisory opinion from the jury as to whether it "would be" entitled to damages for an event that undisputedly has not occurred.  There has been no confirmed movie deal since Defendants prevented it from occurring.  Furthermore, the jury should not be asked a separate breach of contract question regarding these damages since the December 2002 and July 2002 agreements are mutually exclusive as to each other.  If damages were awarded as to one agreement, it would preclude damages as to the other.

Answer this question if you answered "no" to Question __ [Formation of December 2002 Contract].  Otherwise, do not answer this question.

<u>**DEFENDANTS' QUESTION NO. 57**</u>
**Breach of Contract Counter-Claim (July 2002 MM Agreement)**

<u>Did IRP prove, by a preponderance of evidence, that Baisden failed to comply with the July 2002 *Maintenance Man* Agreement?</u>

Yes _____            No_____

**<u>Plaintiff's objection:</u>**

This is an invalid question in that IRP seeks an advisory opinion from the jury as to whether it "would be" entitled to damages for an event that undisputedly has not occurred.  There has been no confirmed movie deal since Defendants prevented it from occurring.  Furthermore, the jury should not be asked a separate breach of contract question regarding these damages since the December 2002 and July 2002 agreements are mutually exclusive as to each other.  If damages were awarded as to one agreement, it would preclude damages as to the other.

## PLAINTIFF'S QUESTION NO. 58
### Fraud and Unclean Hands

Do you find that Defendants are precluded from recovery due to their attempted fraud and <u>unclean hands</u>?

Answer "**YES**" or "**NO**".

Answer: _____

**<u>Opposed in part by Defendants.</u>**

Unclean hands can only act as a bar to a claim for equitable relief.  Because none of Defendants' claims are equitable, unclean hands does not bar any of Defendants' claims.

All questions on affirmative defenses should be predicated on the jury's answer of "yes" to a liability question.

## <u>AGREED QUESTION NO. 59</u>
### Waiver

Do you find IRP has waived any right to recovery under the July 2002 Agreement and the alleged December 2002 Agreement?

Answer "**YES**" or "**NO**".


Answer: _____

**PLAINTIFF'S QUESTION NO. 60**
**Prior Breach**

Do you find that IRP's claims are barred because of its prior breach(es) of the agreements?

Answer "**YES**" or "**NO**".

Answer: _____

**Plaintiff's contention:**

This question is proper under the law.  Generally stated, a "defendant breaches a contract by failing to execute, tender, or perform on a contractual duty."  Wallace v. Perry (In re Perry), 423 B.R. 215, 257 (Bankr. S.D. Tex. 2010) (citing Coastal Mart, Inc. v. SW Bell Tel. Co., 154 S.W.3d 839, 847 (Tex. App. – Corpus Christi 2005, pet. granted, judgm't vacated w.r.m) (citing Ford v. City State Bank of Palacios, 44 S.W.3d 121, 137 (Tex. App. – Corpus Christi 2001, no pet.))). A condition is "any fact or event which qualifies a duty to perform."  Costello Publ'g Co. v. Rotelle, 670 F.2d 1035, 1045 n. 15 (D.C. Cir. 1981) (citing Corbin, CONDITIONS IN THE LAW OF CONTRACT; 28 Yale L.J. 739 (1919).  As noted in Costello, "it is established that even without an express reversion clause, the power to recapture may be exercised if a breach of contract is so material as to create a right of rescission in the grantor."  Id. at 1045 n.15; see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1143 (9th Cir. 2003); Arp Films, Inc. v. Marvel Entm't. Group, Inc., 952 F.2d 643, 649 (2d Cir. 1991); McDonald's Corp. v. Roberts A. Makin, Inc., 653 F.Supp. 401, 403-04 (W.D.N.Y. 1986); 3 Nimmer on Copyright § 10.15[A] ("if the nature of a licensee's violation consists of a failure to satisfy a condition to the license . . . it follows that the rights dependent on satisfaction of such condition have not been effectively licensed, and therefore, any use by the licensee is without authority from the licensor and may therefore, constitute infringement of copyright.").  Also, a licensor's right to rescind cannot be negated when the licensee's conduct prevents the required performance.  See Krafsur v. UOP (In re El Paso Refinery, L.P.,) 196 B.R. 58, 76 (Bankr. W.D. Tex. 1996) (citing Wasserman v.

Autohaus on Edens, Inc., 559 N.E.2d 911, 918 (Ill. App. 3d Dist. 1990) ("A person who prevents the performance of an alleged condition to a contract cannot take advantage of his conduct to claim that the resulting failure of the condition relieves him of his obligation under the contract.")).

The Fifth Circuit explains that terms or provisions on the subject of profit sharing "are clearly essential, or "vitally important." Neely v. Bankers Trust Co. of Texas, 757 F.3d 621, 628 (5th Cir. 1985) (failure to fulfill a promise regarding profits would "seriously frustrate the expectations of one or more of the parties as to what would constitute sufficient performance of the contract as a whole"); see also, e.g., Valentine v. Cunningham, No. 01-07-0054-CV, 2008 WL 185506 (Tex. App. – Houston [1st Dist.] Jan. 17, 2008, no pet.)(failure to specify amount party "expected" from a subsequently negotiated fee rendered oral referral agreement unenforceable; essential term (fee) not definite, clear or certain); Gavrel v. Nichols, No. 1-03-00465, 2004 WL 1688774, at *3 (Tex. App. – Houston [1st dist.] July 29, 2004 , pet. denied) (breach of oral contract claim failed when "vitally important" fee term not supported by specific evidence).

In Spectrum Creations, L.P. v. Carolyn Kinder Int'l, LLC, No. 05-cv-750, 2008 WL 416264 (W.D. Tex. Feb. 13, 2008), the court admitted "there is case law supporting the position that a licensee's failure to pay royalties allows the licensor to recapture the license and prevent licensee's future use of the license." Id. at *76. Unlike the agreement in Spectrum, Baisden's licenses do not specifically provide for the license to terminate (or put differently, to revert to Baisden). The automatic reversion, which rendered the remedy of rescission unnecessary in Spectrum, directly contrasts the circumstances here, where rescission is a necessary remedy because the agreement is silent as to Baisden's contractual remedy if IRP failed to pay royalties or account therefore.

**Opposed by Defendants.**

Material breach is not an excuse in this case because Baisden continued to treat the contract as binding. Under Texas law, when a party commits a material breach, the non-breaching party must elect between two courses of action, either continuing performance or ceasing performance. "If the non-breaching party elects to treat the contract as continuing and insists the party in default continue performance, the previous breach constitutes no excuse for the nonperformance on the part of the party not in default, and the contract continues in force for the benefit of both parties." *T-M Vacuum Products v. TAISC, Inc.,* 336 Fed. Appx. 441, 442-43 (5th Cir. 2009) (quoting *Gupta v. Eastern Idaho Tumor Institute, Inc.,* 140 S.W.3d 747, 756 (Tex. App.—Houston [14th Dist.] 2004, pet. denied)); *see also Long Trusts v. Griffin,* 222 S.W.3d 412, 415-16 (Tex. 2006). Seeking to recover damages under the contract is evidence that Plaintiff considered the contract as continuing. *Chilton Ins. Co. v. Pate & Pate Enters., Inc.,* 930 S.W.2d 877, 888 (Tex. App.—San Antonio 1996, writ denied).

Additionally, if the Court allows a question on material breach, this question should be broken down by agreement.

Moreover, all questions on affirmative defenses should be predicated on the jury's answer of "yes" to a liability question.

<u>**PLAINTIFF'S QUESTION NO. 61**</u>
**Statute of Frauds**

<u>Do you find that IRP's claims are barred because of the statute of frauds?</u>

Answer "**YES**" or "**NO**".


Answer: _____


    <u>**Plaintiff's position:**</u>

Contrary to Defendants' argument, Plaintiff pled statute of frauds for the only agreement in the Defendants' pleadings for which the defense was applicable.  As the record will reveal, Defendants IRP and Image "never" alleged in their answer or counterclaim that an oral agreement existed.  If the Court allows Defendants to now allege that oral agreements existed, the Court should apply the statute of frauds doctrine to the oral claims.


<u>**Opposed by Defendants.**</u>

As Plaintiff concedes in his proposed instruction on the statute of frauds, whether a contract meets the requirements of the statue of frauds is a question of law for the court. *Lathem v. Kruse*, 290 S.W.3d 922, 926 (Tex. App.—Dallas 2009, no pet.).  It is not for the jury to decide.

All questions on affirmative defenses should be predicated on the jury's answer of "yes" to a liability question.

Moreover, Plaintiff has only pled the statute of frauds as a defense to IRP's claim with respect to the December 2002 *Maintenance Man* Agreement, and his defense should be so limited and predicated.

<u>**PLAINTIFF'S QUESTION NO. 62**</u>
**Statute of Limitations**

<u>Do you find that IRP's claims are barred by the statute of limitations?</u>

Answer "**YES**" or "**NO**".


Answer: _____


**<u>Opposed by Defendants.</u>**

Moreover, accrual is a question of law for the court, not for the jury.  *See Moreno v. Sterling Drug Inc.*, 787 S.W.2d 348, 351 (Tex. 1990); *Waxler v. Household Credit Services, Inc.*, 106 S.W.3d 277, 279 (Tex. App.—Dallas 2003, no pet.).  As a matter of law, IRP's claims are not barred by the statute of limitations.

Moreover, all questions on affirmative defenses should be predicated on the jury's answer of "yes" to a liability question.

Answer this question if you answered "yes" to Question ___ [Breach of Contract Counter-Claim (December 2002 MM Agreement)] and "no" to Question/s ___ [Baisden's affirmative defenses].  Otherwise, do not answer this question.

<u>DEFENDANTS' QUESTION NO. 63</u>
**Damages for Breach of Contract Counter-Claim (December 2002 MM Agreement)**

<u>State the amount of damages, if any, that should be awarded to IRP for Baisden's breach of the December 2002 *Maintenance Man* Agreement.</u>

$_____

**<u>Plaintiff's contention:</u>**

This is an invalid question in that IRP seeks an advisory opinion from the jury as to whether it "would be" entitled to damages for an event that undisputedly has not occurred.  There has been no confirmed movie deal since Defendants prevented it from occurring.  Furthermore, the jury should not be asked a separate breach of contract question regarding these damages since the December 2002 and July 2002 agreements are mutually exclusive as to each other.  If damages were awarded as to one agreement, it would preclude damages as to the other.

Answer this question if you answered "yes" to Question ___ [Breach of Contract Counter-Claim (July 2002 MM Agreement)] and "no" to Question/s ___ [Baisden's affirmative defenses].  Otherwise, do not answer this question.

**DEFENDANTS' QUESTION NO. 64**
**Damages for Breach of Contract Counter-Claim (July 2002 MM Agreement)**

State the amount of damages, if any, that should be awarded to IRP for Baisden's breach of the July 2002 *Maintenance Man* Agreement.

$_____

**Plaintiff's contention:**

This is an invalid question in that IRP seeks an advisory opinion from the jury as to whether it "would be" entitled to damages for an event that undisputedly has not occurred.  There has been no confirmed movie deal since Defendants prevented it from occurring.  Furthermore, the jury should not be asked a separate breach of contract question regarding these damages since the December 2002 and July 2002 agreements are mutually exclusive as to each other.  If damages were awarded as to one agreement, it would preclude damages as to the other.

**SIGN AND DATE THE VERDICT:**

SO SAY WE ALL, this _____ day of _____, 2010.

_____
(Print Jury Foreperson's Name)

_____
(Jury Foreperson's Signature)