IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL BAISDEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-0451 |
| | § | |
| I'M READY PRODUCTIONS, INC., | § | |
| IMAGE ENTERTAINMENT, INC., and | § | |
| A.L.W. ENTERTAINMENT, INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Michael Baisden, brought this action against defendants, I'm Ready Productions, Inc. (IRP), Image Entertainment, Inc. (Image), A.L.W. Entertainment, Inc. (ALW), Gary Guidry, and Je'Caryous Johnson for copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 106(1)-(4), and various state law causes of action. The defendants asserted counterclaims for breach of contract. Following a nine-day jury trial, the jury denied all of plaintiff's claims and defendants' counterclaims. Pending before the court is Defendants' Motion for Entry of Final Judgment, Request for Declaratory Relief, and Request for Attorneys' Fees and Costs (Docket Entry No. 281).

**I. Defendants' Requests for Declaration of Contractual Rights**

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), is "an enabling act, which confers a discretion on the courts rather than

an absolute right on a litigant." Wilton v. Seven Falls Co., 115 S.Ct. 2137, 2143 (1995)(quoting Public Service Commission of Utah v. Wycoff Co., Inc., 73 S.Ct. 236, 239 (1952)). "The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Id. at 2142. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Id. at 2143.

Declaratory judgment is an appropriate means of determining intellectual property rights when: (1) the party seeking declaratory judgment has real and reasonable apprehension of litigation; and (2) the party seeking declaratory judgment has engaged in a course of conduct that brings it into adversarial dispute with its opponent. See State of Texas v. West Publishing Co., 882 F.2d 171, 175 (5th Cir. 1989), cert. denied, 110 S.Ct. 869 (1990). Both prongs of this test are satisfied in this case. In West Publishing the Fifth Circuit stated that in order to establish the existence of adversarial conflict "in the copyright context, the plaintiff must show that it has actually published or is preparing to publish the material that is subject to the defendant's copyright and that such publication places the parties in a legally adverse position." Id. Here, video recordings of the stage plays have been created, and IRP seeks to continue marketing

-2-

them through its agreement with Image. Accordingly, the court concludes that the adversarial conflict requirement is satisfied. Baisden's issuance of a press release following the jury's verdict in which he states that he "is disappointed that the jury did not punish the Defendants for their open infringement by awarding monetary damages for their actions," that he "has asked [his] general counsel to examine next steps," and that "the fight goes on,"[1] shows that defendants' asserted fear of additional and/or continued litigation is real. See id. at 176 ("Traditional indicia of an objectively reasonable fear of litigation are direct threats by the defendant or a history of litigation between the parties.").

The jury verdict in this case supports the following declarations regarding the contractual rights between IRP and Michael Baisden:

1. In December 2002 Baisden and IRP executed a valid and enforceable written agreement concerning a stage play based on The Maintenance Man ("the December 2002 Agreement").[2]

2. Pursuant to ¶ II.3 of the December 2002 The Maintenance Man Agreement, IRP owns the sole and

---

[1] Exhibit A to Defendant's Reply to Plaintiff's Response to Defendants' Motion for Entry of Judgment, Docket Entry No. 286.

[2] Verdict Form, Docket Entry No. 278, p. 21, Question 22.

exclusive copyright (Defendants' Trial Exhibit No. 78) to The Maintenance Man stage play script, associated music, and lyrics.[3]

3. Pursuant to ¶ V of the December 2002 The Maintenance Man Agreement, Image and IRP are entitled to distribute videos of The Maintenance Man stage play throughout the duration of the Image licensing agreement with IRP.[4]

4. IRP and Image entered into a licensing agreement regarding the distribution of The Maintenance Man video recordings before the expiration of the December 2002 Agreement concerning The Maintenance Man between Baisden and IRP.[5]

5. In the summer or fall of 2005 Baisden and IRP entered into a valid and enforceable oral agreement

---

[3]December 2002 The Maintenance Man Agreement (Plaintiff's Trial Exhibit No. 41, pp. 5-8), ¶ II.3 ("Producer shall retain the sole and exclusive copyright to the Stageplay with associated music and lyrics. This copyright is limited to the play script with associated music and lyrics created by Producer.").

[4]Id. at ¶ V ("This Agreement on royalties or merchandising proceeds extends for the life of any future third party merchandise agreement associated with the Stageplay.").

[5]Verdict Form, Docket Entry No. 278, p. 25, Question 28(a).

to renew or extend the March 2001 <u>Men Cry in the Dark</u> Agreement.[6]

6. Pursuant to ¶ II.3 of the <u>Men Cry in the Dark</u> Agreement, IRP owns the sole and exclusive copyright (Defendants' Trial Exhibit No. 80) to the script for its <u>Men Cry in the Dark</u> stage play.[7]

7. Pursuant to ¶ V of the <u>Men Cry in the Dark</u> Agreement, Image and IRP are entitled to distribute videos of the <u>Men Cry in the Dark</u> stage play throughout the duration of the Image licensing agreement with IRP.[8]

8. IRP and Image entered into a licensing agreement regarding the distribution of <u>Men Cry in the Dark</u> video recordings during the term that a <u>Men Cry in</u>

---

[6]<u>Id.</u> at 21, Question 23.

[7]March 2001 <u>Men Cry in the Dark</u> Agreement (Plaintiff's Trial Exhibit No. 41, pages 2-4), ¶ II.3 ("PRODUCER shall retain the copyright to the STAGEPLAY, as copyright is limited to the play script created by PRODUCER.").

[8]<u>Id.</u> at ¶ V ("This Agreement on royalties or other proceeds extends for the life of any future third party merchandise agreement associated with the PLAY.").

>  the Dark Agreement between Baisden and IRP was in effect.[9]

> 9. Baisden and IRP orally agreed that each would keep its own revenues from merchandise sales in connection with the IRP The Maintenance Man and Men Cry in the Dark stage plays without accounting to or paying royalties to the other.[10]

> 10. IRP shall owe no royalties to Baisden related to the future distribution of video recordings of the Men Cry in the Dark and/or The Maintenance Man stage plays throughout the duration of the Image licensing agreement with IRP.[11]

The court concludes that the remaining declaration sought by the defendants is not supported by either the facts developed at trial or the terms of the contracts and/or oral agreements that the

---

[9] Verdict Form, Docket Entry No. 278, p. 25, Question 28(b).

[10] Id. at 21, Question 24.

[11] Although defendants seek a declaration that is not limited in duration, the evidence at trial related to IRP's distribution agreement with Image, and declaration 3 and 7 above limit the ability of Image and IRP to distribute videos of The Maintenance Man and Men Cry in the Dark stage plays to the duration of the Image licensing agreement with IRP.

jury found to be valid. Defendants seek a declaration that "[p]ursuant to the December 2002 Agreement, IRP will be entitled to a minimum of $300,000.00 if Baisden conveys motion picture rights to The Maintenance Man to any motion picture company."[12] But ¶ II.6 of the December 2002 The Maintenance Man Agreement provides only that "[t]here is a presumption that the compensation will be $300,000.00,"[13] not that IRP is entitled to a minimum payment of $300,000.00 in the event that Baisden coveys movie rights to a third party. Paragraph II.6 of the December 2002 The Maintenance Man Agreement also states that the compensation, if any, to which IRP will be entitled if Baisden conveys movie rights will be "[b]ased upon the benefit accruing to the motion picture company due to creative contribution of the Stageplay and the tie-in publicity generated by the tour."[14] Thus, the compensation to which IRP will be entitled if Baisden conveys movie rights to The Maintenance Man requires a fact based inquiry.

---

[12]Defendants' Motion for Entry of Final Judgment, Request for Declaratory Relief, and Request for Attorneys' Fees and Costs, Docket Entry No. 281, p. 3.

[13]Plaintiff's Trial Exhibit No. 41, p. 6.

[14]Id.

## II. **Defendants' Request for Attorney's Fees**

Defendants contend that they are entitled to their reasonable attorney's fees and expenses under Section 505 of the Copyright Act and under the court's inherent powers.

### A.  Section 505 of the Copyright Act

Section 505 of the Copyright Act provides that

> the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.  Asserting that they "successfully defended against Baisden's multi-million dollar copyright infringement claims,"[15] defendants argue that they "are thus prevailing parties entitled to attorneys' fees under section 505."[16]

In <u>Positive Black Talk, Inc. v. Cash Money Records, Inc.</u>, 394 F.3d 357, 380 (5th Cir. 2004), the Fifth Circuit stated that "[a]n award of attorney's fees to the prevailing party in a copyright action, although left to the trial court's discretion, is the rule rather than the exception and should be awarded routinely."  In <u>Fogerty v. Fantasy, Inc.</u>, 114 S.Ct. 1023, 1033 (1994), the Supreme Court held that plaintiffs and defendants are entitled to

---

[15]<u>Id.</u>

[16]<u>Id.</u>

evenhanded treatment when it comes to awarding attorney's fees in copyright cases. The Court noted that

> [s]ome courts following the evenhanded standard have suggested several nonexclusive factors to guide courts' discretion. For example, the Third Circuit has listed several nonexclusive factors that courts should consider in making awards of attorney's fees to any prevailing party. These factors include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Lieb v. Topstone Industries Inc., 788 F.2d 151, 156 (1986). We agree that such factors may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner.

Id. at n. 19. Applying these factors in light of the purposes of the Copyright Act, the court concludes that each party in this case should bear its own attorney's fees.

Defendants argue that they should be awarded attorney's fees because "Baisden's claims were frivolous and objectively unreasonable,"[17] because they "were forced to defend against a multi-million dollar claim for three years based on Baisden's groundless legal arguments and fraudulent factual claims,"[18] and because "Baisden's claims were clearly frivolous, objectively unreasonable, and lacking in credibility."[19] The court is not persuaded that the claims Baisden asserted in this action were

---

[17] Id. at 7.

[18] Id.

[19] Id. at 8.

either frivolous or objectively unreasonably as evidenced by the fact that the claims that were presented to the jury survived several pretrial motions, and they generated a nine-day jury trial on the merits that required the jury to answer many questions.

Citing General Universal Systems, Inc. v. Lee, 379 F.3d 131 (5th Cir. 2004)(per curiam), defendants argue that they are entitled to attorney's fees because Baisden's conduct bordered on the overzealous.[20] In Lee, 379 F.3d at 147-48, the Fifth Circuit affirmed an award of fees to the defendant in a copyright action because the plaintiff's "conduct during the course of the litigation [was] conduct which in some cases bordered on the overzealous." As evidence that Baisden's conduct bordered on the overzealous, defendants assert that during the course of the litigation Baisden rejected several offers of settlement that would not only have ended the litigation, but also left Baisden with a more favorable result than the result the jury rendered.[21] While in hindsight, Baisden's failure to accept the defendants' offers of settlement before trial may have been foolish, the court is not persuaded that Baisden's failure to accept the defendants' offers of settlement constitutes conduct that bordered on the overzealous. Baisden was entitled to his day in court; the fact that the jury rejected his claims does not mean that his insistence on a trial constitutes overzealous conduct.

---

[20]Id. at 8-9.

[21]Id. at 9-10.

Finally, defendants argue that

> [t]he purposes of the Copyright Act would be well served by awarding Defendants' fees in this case . . .[because] Baisden's 'overzealous' and unreasonable conduct throughout the litigation dramatically escalated the costs Defendants were forced to incur to defend against Baisden's copyright infringement claims.[22]

Defendants argue that the compensation factor recognized in Fogerty, 114 S.Ct. at 1033 n. 19, weighs in favor of an award of fees in this case because

> [i]f the Court grants Defendants' motion for fees, the fees will be paid directly to RSUI Group, Inc. ("RSUI"), the insurance carrier providing defense in this matter. Defendants will then have additional coverage to defend against an appeal by Baisden or another future claim, should one arise. Otherwise, the insurance coverage limits may be exhausted.[23]

Apart from Baisden's unwillingness to accept defendants' offers of settlement before trial, defendants point to no action of Baisden that unreasonably escalated the attorney's fees that the defendants were forced to incur. Accordingly, for the reasons already stated the court is not persuaded that Baisden engaged in any overzealous or unreasonable conduct that dramatically escalated the defendants' attorney's fees.

This action was hard fought on both sides over a number of years. The court concludes that Baisden's challenge to defendant's actions, although ultimately not successful, was neither frivolous nor objectively unreasonable in its factual allegations or its

---

[22]Id. at 10.

[23]Id. at 10-11.

legal undergirding. Likewise, though it is clear to this court that at least some personal animosity existed between the former business associates who became parties to this action, the court does not find that Baisden engaged in vexatious, overzealous conduct indicating inappropriate motivation for the bringing of this lawsuit. Nor does the court find in this case any particular need "to advance considerations of compensation and deterrence." The Court concludes that an award of attorney's fees under § 505 of the Copyright Act is not appropriate in this case.

**B. Inherent Power**

Defendants argue that they are entitled to attorney's fees pursuant to the court's inherent power because Baisden pursued this litigation in bad faith. Defendants assert that

> Baisden's conduct in this case — asserting time-barred and speculative claims, denying his own signature, and disclaiming authorization of a tour he promoted and for which he accepted substantial royalties — indicates that Baisden pursued this lawsuit vexatiously and in bad faith. Defendants are therefore entitled to an award of attorneys' fees on this basis, as well.[24]

The fact that the jury found against Baisden on his claims of copyright infringement does not necessarily mean that Baisden pursued those claims vexatiously or in bad faith. Although defendants assert that Baisden denied his own signature, and promoted and accepted royalties for a tour that he later denied

---

[24] Id. at 11.

authorizing, these are simply facts that were in dispute and that were ultimately resolved against Baisden. These factual disputes do not establish that Baisden's copyright claims were frivolous or unreasonable. Thus, the court is not persuaded that defendants are entitled to attorney's fees because Baisden pursued the claims asserted in this action vexatiously or in bad faith.

### III. Defendants' Request for Costs

The court concludes that defendants are entitled to recover costs pursuant to Fed. R. Civ. P. 54(d)(1) because defendants are the prevailing parties. Although IRP did not prevail on its breach of contract counterclaims, all defendants prevailed on plaintiff's claims against them. The jury also found that plaintiff and IRP executed a written agreement in December of 2002 concerning a stage play based on The Maintenance Man (Question No. 22), that plaintiff and IRP entered into an oral agreement in the summer or fall of 2005 to renew or extend the March 2001 Men Cry in the Dark Agreement (Question No. 23), that plaintiff and IRP agreed that each would keep its own revenues from merchandise sales in connection with the stage plays without accounting or paying royalties to the other (Question No. 24), and that IRP and Image entered into licensing agreements regarding the distribution of video recordings of both stage plays while the agreements between plaintiff and IRP were still in effect (Question Nos. 28(a) and 28(b)). As explained above, IRP will be awarded declaratory relief

based on the jury's answers and the terms of the agreements. Viewing the case as a whole, defendants were clearly the prevailing parties. See e.g., Studiengesellschaft Kohle mbH v. Eastman Kodak Co., 713 F.2d 128, 131 (5th Cir. 1983) ("The case must be viewed as a whole to determine who is the prevailing party.").

## IV. Conclusions and Order

For the reasons explained above the court concludes that a declaration of the parties' contractual rights is appropriate, and that an award of costs to defendants is appropriate, but that an award of attorney's fees to the defendants is not appropriate. Accordingly, Defendants' Motion for Entry of Final Judgment, Request for Declaratory Relief, and Request for Attorneys' Fees and Costs, Docket Entry No. 281, is **GRANTED IN PART AND DENIED IN PART**.

**SIGNED** at Houston, Texas, on this the 25th day of March, 2011.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE