IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MICHAEL BAISDEN,** § | |
| § | |
| **Plaintiff,** § | |
| v. § | CIVIL ACTION NO. 4:08-CV-00451 |
| § | |
| **I'M READY PRODUCTIONS, INC.** § | |
| **IMAGE ENTERTAINMENT, INC.,** § | |
| **A.L.W. ENTERTAINMENT, INC.,** § | |
| **JE'CARYOUS JOHNSON and** § | |
| **GARY GUIDRY** § | |
| § | |
| **Defendants.** § | |

PLAINTIFF'S OBJECTIONS
TO DEFENDANTS' REQUEST FOR BILL OF COSTS

Plaintiff Michael Baisden ("Plaintiff" and "Baisden") hereby objects to Defendants' Joint Bill of Costs ("Bill of Costs"). Defendants' Bill of Costs should be denied because they have failed to satisfy their burden to prove the necessity and reasonableness of the exorbitant costs.

I.
ARGUMENT AND AUTHORITIES

Under 28 U.S.C. § 1920, a federal court "may" tax only those court costs explicitly set forth in the statute. *Capital Metropolitan Transp. Authority v. Gillig Corp.*, 2005 WL 1241877, at *2 (W.D. Tex. 2005) (Sparks, J.). Section 1920 "is phrased permissively because [Fed. R. Civ. P. 54(d)] generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Id.* (citing *Crawford Fitting Co. V. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987)). Indeed, the party seeking recovery of its costs bears the burden of proving the amount and necessity of its costs. *Id.* (citing *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). To tax a requested cost, the Court must find that that cost to be a necessary litigation

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS** – Page 1

expense and that the amount requested is reasonable. *Soler v. Waite*, 989 F.2d 251, 255 (7th Cir. 1993). If there is no explicit allowance in 28 U.S.C. § 1920 for the costs requested, the cost will be disallowed. *Gillig*, 2005 WL 1241877, at *2; *Servidone Constr. Corp. v. United States*, 20 C1.Ct. 725, 732 (1990). Concerning the manner in which the prevailing party must meet its burden to substantiate the requested costs, Rule 54(d)(1)(A) provides:

> In any case where any costs other than the fee for filing the action are being requested, the bill of costs shall be supported by affidavit and accompanied by a memorandum setting forth the grounds and authorities supporting the request. Any vouchers, receipts or invoices supporting the cost being requested shall be attached as exhibits.

In this case, Defendants have failed to prove the necessity and/or reasonableness of their requested costs and/or have failed to produce supporting receipts. Defendants also blatantly ignored the Court's admonishment against submitting requests for reimbursement of costs for video deposition transcripts.

**A.      Defendants are not entitled to the amounts claimed for service of summons and subpoena.**

Defendants have requested the sum of $2,220.50 as fees for service of subpoenas by a private process service. However, the courts in this circuit generally do not allow recovery of costs by a private process server. *See, e.g. Cypress-Fairbanks Independent School District v. Michael*, 118 F.3d 245, 257 (5th Cir. 1997)(absent exceptional circumstances, the costs of a private process server are not recoverable under Section 1920). Additionally, where the minority rule has considered taxing private process fees, the court only permitted taxing of costs for service of process so much as they do not exceed the cost of service by the United States Marshal. *See, e.g. Denner v. Tex. Dept. of Criminal Justice*, No. SA-05-CA-184-XR, 2007 WL 294191, at *6 (W.D.Tex. Jan. 29, 2007). The cost of the Marshal service is $55.00. Therefore, if the Court chooses to allow this fee, Plaintiff asks that such costs be limited to $55.00 each for the seven (7) individuals served. See, 28 U.S.C. § 1920(2).

**B.  Defendants are not entitled to the exorbitant amounts claimed for stenographic and/or video deposition transcripts.**

Defendants claim the excessive sum of $41,776.00 in costs related to depositions and transcripts. However, most of these costs do not represent allowable fees. As the Court is aware, costs related to the taking of depositions are allowed under §1920(2) and (4) only "if the materials were necessarily obtained for use in the case." *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). In other words, at the time the deposition was taken, the deposition must reasonably have been "expected to be used for trial preparation, rather than merely for discovery." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991).

Here, Defendants claim costs for the depositions of Albert Wash[1] ("Wash") in the amount of $936.33; Gary Guidry ("Guidry") in the amount of $940.94; Je'Caryous Johnson ("Johnson") and Guidry[2] for $883.72; Cynthia Bero[3] ("Bero") in the amount of $2,865.20; Karl Weisheit[4] ("Weisheit") in the amount of $926.45; and Kathryn Arnold[5] ("Arnold") in the sum of $731.30. Notably, each of these witnesses is either a party or one of Defendants' experts. At the time of these depositions each witness was available for Defendants to call at trial and it was certainly expected that each witness in Defendants' control would be called to testify and could have given his or her testimony live. There was no need to obtain copies of the testimony already known by Defendants' counsel. Accordingly, Defendants cannot show that the $7,283.94 in costs for the depositions of Wash, Guidry, Johnson, Bero, Weisheit and Arnold were necessarily obtained for use in the case. The Court should not tax these costs.

---

[1] Al Wash is the owner of Defendant ALW Entertainment, Inc.
[2] Je'Caryous Johnson and Gary Guidry are individual Defendants and the principals of I'm Ready Productions, Inc. ("IRP").
[3] Cindy Bero was the corporate representative of Defendant Image Entertainment, Inc.
[4] Karl Weisheit was one of Defendants' damages experts.
[5] Kathryn Arnold was another one of Defendants' damages expert witnesses.

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS – Page 3**

Next, Defendants' itemization of costs shows that Defendants are seeking reimbursement for costs for video depositions of eleven witnesses. However, as the Court is aware, under Fifth Circuit precedence, since §1920 makes no provision for videotapes of depositions, recovery of such without prior authorization from the court is generally not allowed. *See Gaddis v. United States*, 381 F.3d 444, 476 (5th Cir. 2004) (citing *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 529–30 (5th Cir. 2001)). The cases cited by Defendants in footnote 3 of their Bill of Costs do not change this precedent.

More importantly, however, Defendants are attempting to recover costs for **both** the stenographic version **and** the video version of various depositions, as shown in this table:

**Costs sought for duplicative video and stenographic versions:**

| Deponent | Video Version | Stenographic Version |
|---|---|---|
| Gwenevere Richardson | $693.00 | $683.03 |
| Arthur Jones | 775.00 | 612.60 |
| Adrienne McWilliams | 845.00 | 1,425.50 |
| Ralph Farquhar | 568.00 | 1,501.30 |
| Pamela Exum | 2,972.00 | 2,150.60 |
| Doree Reno | 400.00 | 1,675.60 |
| Michael Helfand | 411.00 | (incl. in Reno cost) |
| Michael Baisden | 3,080.50 | 2,303.60 |
| Yvonne Gilliam | 1,058.00 | 1,264.50 |
| James Session | 260.00 | 238.60 |
| Scott Barnes | 1,572.50 | 6,196.90 |
| **TOTALS** | **$12,635.00** | **$18,052.23** |

As the Court is aware, precedent in this district demonstrates that costs are not allowed where the "extra" copy of the deposition is for convenience of counsel. *See HEI Res. E. OMG Joint Venture v. S. Lavon Evans*, No. 5:07-CV-62, 2010 WL 536997 (S.D.Tex. Feb. 10, 2010) ("The undersigned will not allow [Defendant] to recover nearly double the costs for a deposition transcript merely for the convenience of having the deposition record in both written and electronic format."). In this case, even if Defendants could prove these depositions were obtained for use in this case, the stenographic version of the transcript could have satisfied such use. Accordingly, at the very least, the Court should deny the **$12,635.00** in video transcripts or the **$18,052.23 in duplicative stenographic transcripts**. Finally, the total costs of the depositions of Michael Baisden (total of $5,384.10), Pamela Exum ($5,122.60) and Scott Barnes ($7,769.40) are excessive and should be disallowed since Defendants cannot show that the duplication and recording costs for these depositions are not excessive.

**C.     Defendants are not entitled to the exorbitant amounts claimed for Witness Fees.**

In their Bill of Costs, Defendants claim an excessive amount for fees allegedly related to Defendants' two expert witnesses and Image Entertainment Inc.'s corporate representative, Cindy Bero. Upon closer inspection of these expenses, it is clear they should be denied. As the Court is aware, a witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation "reasonably utilized" and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. See, e.g. 28 U.S.C. § 1821(c)(1). A receipt or other evidence of the actual cost shall be furnished. See, id. In this case, Kathryn Arnold has not

provided any receipts of the actual cost of her travel. Accordingly, all of her alleged travel costs ($2,074.80) should be disallowed.

Additionally, none of Defendants' witnesses has presented any evidence that the flights they took were provided by a common carrier at "the most economical rate reasonably available." *Id*. § 1821(c)(1). As such, this Court should not award any of the $3,825.80 in flight expenses for these party witnesses.

Furthermore, as it relates to the $3,045.24 for these witnesses' hotel, transportation, and meals expenses, the statute authorizes costs for lodging and subsistence "when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day." Id. § 1821(d)(1). Clearly, since Karl Weisheit resides in Dallas (a 45 minute plane ride from Houston), and his testimony was limited to less than 45 minutes, there was no need for him to have an overnight stay in Houston. Therefore, his lodging and subsistence should be disallowed.

With regard to witnesses Kathryn Arnold and Cindy Bero, the law is clear that costs for a witness's overnight lodging and expenses are limited to the "maximum per diem allowance prescribed by the Administrator of General Services ... for official travel in the area of attendance by employees of the federal government." *Id.* § 1821(d)(2). The maximum per diem rate in 2011 (the year of the trial) for Houston, Texas, is $180.00 with a per diem lodging rate of $109.00 per night.[6] Although Plaintiff contends that neither witness was required to stay overnight, the maximum the Court should award, under any circumstance, is $180.00 for Kathryn Arnold for a one night stay in Houston.

---

[6] See 41 C.F.R. § 301-11.6 (2009) (referring to the web site maintained by the General Services Administration at http:// www.gsa.gov/perdiem); Maximum Per Diem Rates for the Continental United States (CONUS), 74 Fed.Reg. 42,898 (Aug. 25, 2009); Gen. Servs. Admin., FTR Per Diem Bulletin 10-01, Federal Travel Regulation Fiscal Year 2010 Maximum Per Diem Rates for the Continental United States (CONUS) (Aug. 27, 2009); Gen. Servs. Admin , Per Diem Rates Texas-FY10, linked from http://www.gsa.gov/portal/category/100120.

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS** – Page 6

**D.     Defendants are not entitled to the exorbitant amounts claimed for exemplification and copies.**

In their Bill of Costs, of the $15,523.49 in costs sought in this category by Defendants, $4,825.25 of that amount is attributable to alleged internal copying charges, which Defendants assert falls under the Section 1920 category of "Fees for Exemplification and Copies of Papers necessarily obtained for use in the case." *See* Bill of Costs at Pages 6-7.   Defendants also seek approximately $7,311.84 in expenses for scanning and copying from the early stages of the case that began years before the trial was conducted.   But, Defendants provide absolutely no explanation as to why this inflated copying bill is necessary.  Nor do Defendants explain the contents of literally the thousands of copies that were made in a case that was decided on relatively few exhibits.  As this Court pointed out in *Gillig*, a prevailing party must explain how it arrived at the figure requested. *Capital Metropolitan Transp. Authority v. Gillig Corp.*, 2005 WL 1241877 at *3 (W.D.Tex. May 11, 2005).

Furthermore, "before the district court can tax costs for photocopies, it must find that the copies for which costs are sought were necessarily obtained for use in the litigation." *Holmes v. Cessna Aircraft Co*., 11 F.3d 63, 64 (5th Cir.1994).  "The phrase 'for use in the case' refers to materials actually prepared for use in presenting evidence to the court...." *E.E.O.C. v. Kenosha Unified School Dist. No. 1*, 620 F.2d 1220, 1227-28 (7th Cir.1980).   The party seeking reimbursement of the costs must demonstrate some connection between the costs incurred and the litigation. *Fogleman,* 920 F.2d at 286.  Charges for multiple copies of documents, attorney correspondence, and other such items are not recoverable. *Id.*  Additionally, *e*xtra copies for the convenience of counsel are not considered necessary for these purposes and therefore not taxed as costs.  *See Haroco, Inc. v. American Nat'l Bank & Trust*, 38 F.3d 1429, 1441 (7th Cir.1994). In fact, the Fifth Circuit has "indicated that multiple copies of relevant documents may not be

charged to an opponent." *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir.1999) (citing *Fogleman*, 920 F.2d at 286). "Additional charges incurred merely for the convenience of one party's counsel should not be taxed to the other." *Fogleman*, 920 F.2d at 286. Therefore, Plaintiff "should not be held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines." *Id.*

It is apparent from a cursory review of Defendants' documents that they also include several disallowed items. For instance, Invoice 1308 shows that Defendants' current request seeks reimbursement for demonstrative aids used in this case. This Court, and the Fifth Circuit, has held that such costs are not recoverable. *See id.* (citing *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993)); s*ee also, La. Pwr. & Light Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir. 1995) (per curiam)("absent pretrial approval of the exhibits . . . a party may not later request taxation of the production costs to its opponent."). Because Defendants did not obtain pretrial authorization for the costs of producing the exhibits at issue, the Court should sustain the objection.

In addition, Defendants seek recovery of $2,607.00 for "certified deposit copies" and "certified copyright registrations" related to Plaintiff's novels and/or I'm Ready Production's specious copyrights. These items were not necessarily obtained for use in the litigation and were clearly unnecessary. First, the validity and existence of Plaintiff's copyrights should never have been in dispute. Second, Defendants had access to Plaintiff's novels during discovery and had no reason to obtain costly deposit copies. Third, Plaintiff produced copies of his certified copyright registrations as trial exhibits; therefore, there was no reason for Defendants to obtain additional copies of the registrations for their convenience. Fourth, the existence or substance of

IRP's copyrights was never an issue in this case and Defendants had no legitimate reason to obtain copies of IRP's deposit copies or registrations. In fact, Plaintiff vehemently objected to the admission of IRP's copyrights and deposit copies into evidence as highly prejudicial and confusing to the jury.

Moreover, since Defendants have not provided the information on which the court can apply section 1920(4), the costs related to electronic scanning and imaging of documents should not be taxed. Finally, Defendants' Bill of Costs surreptitiously tries to obtain payment of an hourly billing rate of $165-$170 per hour for time allegedly spent scanning documents by Michelle Poole, Elsa Gil, Kenny Truong, and Dwayne Watson, all of whom are employees of Defendants' counsel. These billable hour costs are not permitted under Section 1920.

## II.
## CONCLUSION

As Defendants have not satisfied their burden to prove the necessity or reasonableness of the costs for which they seek payment, Plaintiff respectfully requests that the Court refrain from imposing these costs in this case.

Respectfully submitted,

/s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN
Federal Bar No. 14897
State Bar No. 16049750
KRISTIN KAY SCHROEDER
State Bar No. 24037452
**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax
pittman@thepittmanlawfirm.com
kristin@thepittmanlawfirm.com

/s/ Daryl K. Washington
DARYL K. WASHINGTON
Federal Bar No. 612861
State Bar No. 24013714
**LAW OFFICES OF DARYL K. WASHINGTON P.C.**
325 N. St. Paul St., Suite 1975
Dallas, Texas 75201
214-880-4883
469-718-0380 - fax
dwashington@dwashlawfirm.com

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS** – Page 9

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2011, the foregoing pleading was filed with the clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

    /s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN